1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11   FAMILIAS UNIDAS POR LA JUSTICIA,
     AFL-CIO, a labor organization

12                                 Plaintiff,

13          v.

14   UNITED STATES DEPARTMENT OF
     LABOR, and JULIE SU, in her official capacity
15   as Acting United States Secretary of Labor,

16                                 Defendants.

CASE NO.  C24-0637JHC

**ORDER**

17

18   This matter comes before the Court on Defendants' Motion to Dismiss for Failure to Join A

19   Party Under Rule 19.  Dkt. # 50.  Defendants essentially ask that the Washington Employment

20   Security Division (ESD) be joined as a necessary party under Federal Rule of Civil Procedure 19(a).

21   In considering whether to dismiss a claim for failure to join a party, courts conduct a three-

22   part analysis.  *E.E.O.C. v. Peabody W. Coal Co.* (*Peabody I*), 400 F.3d 774, 779 (9th Cir. 2005).

23   First, they determine whether the party is a "required party."  *Id.*  Second, they determine whether

24   joinder is feasible.  *Id.*  Third, if joinder is not feasible, they consider "whether, in equity and good

25   conscience, the action should proceed among the existing parties or should be dismissed."  Fed. R.

26   Civ. P. 19(b).  The parties have briefed only the first and second issues: whether ESD is a necessary

27   party and whether joinder is feasible.

28

ORDER - 1
(Case No. C24-0637JHC)

A.     Required Party

A party is a "required party" and must be joined if feasible, if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  If either provision of Rule 19(a)(1) applies, the party is a "required party." *Paiute-Shoshone Indians of Bishop Cmty. of Bishop Colony, Cal. v. City of Los Angeles*, 637 F.3d 993, 997 (9th Cir. 2011).  "There is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a). . . . The determination is heavily influenced by the facts and circumstances of each case." *E.E.O.C. v. Peabody W. Coal Co.* (*Peabody II*), 610 F.3d 1070, 1081 (9th Cir. 2010) (quoting *N. Alaska Envtl. Ctr. v. Hodel,* 803 F.2d 466, 468 (9th Cir.1986)).  If a court determines that a "required party" has not been joined, it "must order that the person be made a party."  Fed. R. Civ. P. 19(a)(2).

Defendants say that the Court cannot afford complete relief in ESD's absence because the Department of Labor (DOL) does not have complete authority over ESD's interpretation of the 25 % rule or over ESD's methodology for calculating its prevailing wage findings.  Dkt. # 50 at 10–11.  In the Complaint, Plaintiff challenges ESD's interpretation of DOL's 25 % Rule, 20 CFR § 655.120(c)(1)(ix).  Dkt. # 1 at 11.  Plaintiff alleges that "DOL has told ESD that ESD's interpretation of the '25% rule' is consistent with the regulation and acceptable to DOL." *Id.* Plaintiff also alleges that ESD uses a complex methodology called "capture-recapture" for estimating the number of workers in each crop category violates DOL regulations. *Id.* at 16 Plaintiff alleges that, because ESD uses the "capture-recapture" method instead of simpler population estimate methods approved by DOL, ESD often "refuses to make prevailing wage

findings when there is insufficient data necessary to carry out the capture-recapture analysis." *Id.*
Plaintiff alleges that DOL authorized ESD's methodology. *Id.*

In response to Defendants' argument, relying on *Alto v. Black*, 738 F.3d 1111 (9th Cir. 2013), Plaintiff says that "[w]here a federal agency has violated its own duty and its action is responsible for harm, and the absent party is bound to accept the authority of that federal agency, the absent party need not be joined," Dkt. # 54 at 8.  In *Alto*, former tribal members sued the Bureau of Indian Affairs (BIA) after being disenrolled from the tribe.  738 F.3d at 1116.  The Ninth Circuit held that the tribe was not a necessary party because the tribe's constitution gave the BIA authority over the tribe's membership.  *Id.* at 1127.  The court reasoned that because the tribe was bound by its own constitution to follow the enrollment decision of the BIA, it could afford the plaintiffs complete relief without the tribe being a party to the suit.  *Id.*  The court noted that in Ninth Circuit cases in which courts have determined that a tribe was a necessary party, the "the injury complained of was a result of the absent *tribe's* action."  *Id.* at 1126 (emphasis in original).  Thus, here, this issue turns on whether DOL has complete authority to direct ESD's challenged actions and whether the injury was the result of ESD's actions.

Plaintiff says that DOL has authority over ESD because "[a]s a grantee of DOL, ESD is required by a powerful combination of statutes, regulations, subregulatory guidance, and its grant-funding agreements with DOL to carry out its responsibilities under the H-2A program according to the direction of DOL."  Dkt. # 54 at 9.  Plaintiff asserts that "[w]hile ESD exercises some discretion when conducting the survey process, DOL ultimately retains oversight and control over compliance with federal statutory and regulatory mandates."  *Id.* at 9–10.  Thus, "an order enjoining DOL is all that is needed to afford relief because DOL can tell ESD what do to [sic]."  *Id.* at 11.

Defendants say that DOL does not have "legal authority to 'tell ESD what to do' in a legally binding sense" because ESD is a Washington State agency.  Dkt. # 57 at 4.  ESD receives federal grant funding from DOL to conduct the prevailing wage surveys.  *Id.*  Defendants say that DOL's

ORDER - 3
(Case No. C24-0637JHC)

1    authority to attach conditions to federal grants to states "is not unlimited"; "[w]hile Congress may

2    use its spending powers to encourage the states to act, it may not coerce the states into action."  *Id.*

3       Lindsey Baldwin, the Center Director of the National Prevailing Wage Center at the United

4    States Department of Labor's Employment and Training Administration's Office of Foreign Labor

5    Certification, declares that:

6
7    > The submission of H-2A prevailing wage surveys to the Department is entirely
> voluntary. The [State Workforce Agencies (SWAs)[1]] are responsible for submitting
> prevailing wage surveys to the Department, and SWAs and other state entities have
8    > broad discretion to determine whether to conduct a prevailing wage survey for a
> particular crop or agricultural activity and, if applicable, a distinct work task or tasks
9    > within that activity.

10
> The Department does not direct the methodology chosen by a Surveyor, such as a
11   > SWA, to conduct a prevailing wage survey. The H-2A prevailing wage regulations
> provide Surveyors with minimum standards for conducting a valid prevailing wage
12   > survey, but the Surveyors otherwise have broad discretion to determine the manner and
> method for conducting a prevailing wage survey that meets those minimum standards.
13

14   Dkt. # 52 at 2.  After DOL receives the prevailing wage surveys from SWAs, such as ESD, it

15   validates the data if the surveys comply with DOL's minimum regulatory standards.  *Id.*  DOL

16   publishes the data from the survey if it complies with the minimum standards; if the data does not

17   comply, DOL publishes a "No Finding" result.  *Id.*

18      Plaintiff does not dispute Baldwin's explanation of the way that ESD and DOL work

19   together.  Dkt. # 54 at 16.  Instead, Plaintiff says that DOL's statutory mandate "to protect U.S.

20   workers from the adverse effects of foreign H-2A workers," along with ESD's acceptance of DOL

21   funding through the grant, gives DOL ultimate authority over the entire prevailing wage survey

22   process.  Dkt. # 54 at 15.  In the grant, ESD "certifies that it will carry out all activities outlined in

23   the Fiscal Year 2023 Annual Plan to support the Secretary of Labor's responsibilities under the

24   Immigration and Nationality Act as well as all other standard certifications and assurances as a

25   condition of receiving the Federal grant funds."  Dkt. # 55-1 at 57.

26

27

28   --------

[1] ESD is a State Workforce Agency.

ORDER - 4
(Case No. C24-0637JHC)

1    Defendants say that the precise amount of control that DOL has over the SWAs implicates

2    the Tenth Amendment and the federal government's power under the spending clause.  Dkt. # 57 at

3    4 ("However, the Government's authority to attach such conditions is not unlimited.  While

4    Congress may use its spending powers to encourage the states to act, it may not coerce the states into

5    action.").  The Court agrees.  The exact contours of DOL's ultimate authority over SWAs is not a

6    simple question, and that question is not before the Court as Plaintiff does not allege that the current

7    regulatory structure violates DOL's statutory mandate.  Thus, the Court considers the way that the

8    regulatory structure functions, and not a hypothetical way that it could function.[2]  Further, in a prior

9    iteration of this case, *Torres Hernandez v. DOL*, No. 1-20-cv-03241-SMJ, another district court in

10   this state concluded that ESD was a necessary party, noting that the "failure to join ESD may create

11   inconsistent obligations for Defendants if ESD conducts the survey without making the changes

12   required by the preliminary injunction."  Dkt. # 51-1 at 3.  The Court concludes that ESD is a

13   necessary party for Plaintiff to obtain complete relief.[3]

14

15   B.    Feasibility of joinder

16

17        The Court must order a necessary party to be joined if feasible.  Fed. R. Civ. P. 19(a).  "Rule

18   19(a) sets forth three circumstances in which joinder is not feasible: when venue is improper, when

19   the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter

20   jurisdiction."  *Peabody* I, 400 F.3d at 779.  Plaintiff says that joinder is not feasible because ESD

21   "has sovereign immunity under the Eleventh Amendment."  Dkt. # 54 at 20.  Defendants counter

22

23

24        [2] Plaintiff also points to DOL's guidance documents and communications between DOL and ESD as
     to the ESD's methodology as proof that DOL has authority over the precise way that ESD conducts its
25   prevailing wage surveys.  Dkt. # 54 at 10 n.6.  Plaintiff says that ESD follows this guidance.  *Id.* at 13.  But
     Plaintiff challenges ESD's interpretation of DOL's guidance and regulations.  While Plaintiff alleges that
26   DOL approved of ESD's interpretations, it is ultimately ESD's actions with which Plaintiff takes issue.  *See*
     *Alto*, 738 F.3d at 1126 (noting that tribes were necessary parties were the "injury complained of was a result
27   of the absent *tribe's* action, not only or principally that of the named agency defendant" (emphasis in
     original)).
28        [3] Because the Court concludes that ESD is a necessary party under Rule 19(a)(1)(A), it need not
     consider whether ESD is a necessary party under Rule 19(a)(1)(B).

ORDER - 5
(Case No. C24-0637JHC)

1

2

that joinder was feasible in *Torres Hernandez*.  Dkt. # 50 at 13.  At this point, the Court has no

information regarding ESD's position on the sovereign immunity issue.  *See* Dkt. Without any

3

concrete information to the contrary, the Court determines that, at this junction, joinder is feasible.[4]

4

The Court ORDERS that ESD be made a party to this suit.[5]  The Court GRANTS Plaintiff

5

6

leave to amend its complaint to join the ESD as a party-defendant to this lawsuit within 45 days of

the date of this order.

7

8

DATED this 2nd day of October, 2024.

9

10

John H. Chun

JOHN H. CHUN
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4] "[O]nly if joinder is impossible must we determine whether, in 'equity and good conscience,' the suit should be dismissed."  *Alto,* 738 F.3d at 1126.

[5] To the extent that Defendants seek to dismiss the case under Rule 12(b)(7), the Court declines to do so because it determines that joinder is feasible.  If, at a later junction, the Court determines that joinder is not feasible, it will consider whether in "equity and good conscience" the case should be dismissed.  Fed. R. Civ. P. 19(b).

ORDER - 6
(Case No. C24-0637JHC)