The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO, a labor organization,<br><br>                                    Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF LABOR, and JULIE SU in her official capacity Acting United States Secretary of Labor,<br><br>                                    Defendants. | No. 2:24-cv-00637-JHC<br><br>PLAINTIFF'S MOTION FOR DISCOVERY<br><br>(Note on Motion Calendar for: November 8, 2024) |

## I.   INTRODUCTION

Familias Unidas has alleged that ESD's survey methodology fails to account for significant bias. Specifically, Familias alleges "non-response bias," a kind of bias that occurs when particular groups of survey respondents are under- or over-represented among those responding to the survey, skewing the results. The crux of the problem is twofold: first, that certain growers are likely overrepresented as survey respondents, particularly H-2A growers who tend to pay lower wages for harvest. Second, the particular methods used by ESD to estimate worker

PLAINTIFF'S MOTION
FOR DISCOVERY - 1

COLUMBIA LEGAL SERVICES
711 Capitol Way S., Suite 706
Olympia, WA 98501
(360) 943-6260

populations cause the answers of the growers who do respond to the survey to be amplified, exacerbating whatever over- or under-representation already exists in the survey responses. ESD's exact methodologies, however, are largely a mystery. Neither Familias nor DOL has the benefit of the raw data or precise calculations that form the basis of ESD's findings. Familias' expert has examined relevant publicly available records and concluded that it is almost certain that non-response bias is interfering with accurate determination of the prevailing wages but cannot make a definitive conclusion without the records Familias seeks discovery to obtain.

To allow the Court to properly adjudicate Familias's claim that ESD's survey methodology is both arbitrary and capricious and contrary to law because it leads to non-response bias, Familias seeks discovery of the disaggregated, complete survey response data that ESD used to do its calculations, in an analyzable electronic format (Excel spreadsheets), along with information about the essential components of the methodology, as outlined below.

## II.     ARGUMENT

**A. Courts Permit Limited Discovery to Supplement the Administrative Record When Necessary to Permit Meaningful Judicial Review**

An agency facing a challenge to an action as arbitrary and capricious must supply an administrative record that contains a reasoned explanation supporting that

PLAINTIFF'S MOTION
FOR DISCOVERY - 2

COLUMBIA LEGAL SERVICES
711 Capitol Way S., Suite 706
Olympia, WA 98501
(360) 943-6260

action. *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019). "The relevant inquiry is whether the agency considered the relevant factors and articulated a rational connection between the facts found and the choice made." *Pyramid Lake Paiute Tribe of Indians v. U.S. Dep't of Navy*, 898 F.2d 1410, 1414 (9th Cir. 1990) (citations omitted). "The reasoned explanation requirement of administrative law . . . is meant to ensure that agencies offer genuine justifications for important decisions, reasons that can be scrutinized by courts and the interested public." *Dep't of Commerce*, 139 S. Ct. at 2575-76. As the Ninth Circuit notes, "[t]his is precisely the way in which the APA promotes political accountability, which itself is the very premise of administrative discretion in all its forms." *Jajati v. United States Customs & Border Prot.*, 102 F.4th 1011, 1017 (9th Cir. 2024) (internal citations and quotations omitted).

"Judicial review of an agency decision typically focuses on the administrative record in existence at the time of the decision." *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996). However, courts evaluating "arbitrary and capricious" claims may order discovery or consider materials outside the administrative record "(1) if necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the record, or (3) when supplementing the record is necessary to explain technical terms or complex subject matter." *Midwater Trawlers*

PLAINTIFF'S MOTION
FOR DISCOVERY - 3

COLUMBIA LEGAL SERVICES
711 Capitol Way S., Suite 706
Olympia, WA 98501
(360) 943-6260

*Coop. v. Dep't of Commerce*, 393 F.3d 994, 1007 (9th Cir. 2004) (allowing supplementation of the administrative record); *see also Pub. Power Council v. Johnson*, 674 F.2d 791, 794 (9th Cir. 1982) (depositions and limited discovery permitted "when serious gaps would frustrate challenges to the agency's action."). Courts also permit discovery when the record appears incomplete "in order to provide a record of all documents and materials directly or indirectly considered by the agency decisionmakers." *Pub. Power Council*, 674 F.2d at 794.

**B. Discovery is Warranted to Permit Meaningful Judicial Review of Whether the Agency has Considered All Relevant Factors and Explained its Decision and Whether the Agency is Acting Contrary to Law**

The materials produced by DOL to Familias as a preview of the administrative record do not contain any of the raw (disaggregated and complete) data collected by ESD in the prevailing wage survey process. It is Plaintiff's understanding that DOL could not produce this information even if it wanted to because ESD, as a matter of policy, does not share its raw data with DOL. *See Zirkle Fruit Co. v. United States Dep't of Lab.*, No. 1:19-CV-03180-SMJ, 2020 WL 1917343, at *4 (E.D. Wash. Jan. 27, 2020).

Plaintiff has alleged that the survey methodology is both arbitrary and capricious and contrary to law because it fails to control for non-response bias. Dkt. No. 67 at ¶¶127-134; 183, 184, 186. As to the arbitrary and capricious claim, the discovery Plaintiff seeks is "necessary to determine whether the agency has

PLAINTIFF'S MOTION
FOR DISCOVERY - 4

COLUMBIA LEGAL SERVICES
711 Capitol Way S., Suite 706
Olympia, WA 98501
(360) 943-6260

considered all relevant factors and has explained its decision" with respect to the non-response-bias claim. *See Midwater Trawlers*, 393 F.3d at 1007. The data that will be available in the administrative record are summaries and subsets of the data,[1] and critically, none of them contain the information gathered by the survey[2] about whether the survey respondents are H-2A growers. These opaque summaries and incomplete datasets do not permit effective judicial review and fail to constitute a "reasoned explanation." *See Int'l Bhd. of Teamsters v. United States*, 735 F.2d 1525, 1532 (D.C. Cir. 1984) ("[A]n unsupported assertion states a result, not a reason.").

As to the "contrary to law" claim, Plaintiff contends that DOL is failing in its duty to prevent adverse effects on local wages, as required by 8 U.S.C. § 1188. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 318 (1979) (agency violation of a statute is cognizable as "not in accordance with law" under Section 706(2)(A) of the APA). The statute at issue here prohibits a specific "effect" (and not merely an action) by DOL, thus to determine whether DOL acting contrary to law, the Court must examine whether the wages allowed to be paid by DOL (in the form of published prevailing wages) are *actually reflective of market wages*, or are instead inaccurately low, therefore causing adverse effect on local wages.

---

[1] *See*, e.g., Dkt. No. 20-1 (2022 ESD Agricultural Peak Employment Survey Report); Dkt. No. 20-6 (2022 ETA 232 Forms and Attachments).

[2] *See* Schmitt Decl., Ex. 1 at Section 1.

PLAINTIFF'S MOTION
FOR DISCOVERY - 5

COLUMBIA LEGAL SERVICES
711 Capitol Way S., Suite 706
Olympia, WA 98501
(360) 943-6260

Familias has engaged an expert from Michigan State University, Dr. Zachariah Rutledge, an Assistant Professor in the Department of Agricultural, Food, and Resource Economics. Declaration of Zachariah Rutledge at ¶1. Professor Rutledge is an applied economist with extensive research experience related to the economics of farm labor markets in the United States. *Id.* Professor Rutledge has published many articles related to the economics of immigration and farm labor markets, has performed extensive analyses of H-2A visa program data, and designed and administered five agricultural employer labor surveys. *Id.* ¶4.

Professor Rutledge has reviewed publicly available sources regarding ESD's survey methodology, the 2022 Agricultural Peak Employment Wage and Practices Employer, and the 2022 Worker Survey Results. He preliminarily concluded that there are "significant flaws with [ESD's] methodology that raise serious concerns about non-response bias that may have led to incorrect prevailing wage determinations." *Id.* at ¶¶ 6-7. However, Professor Rutledge can make only a preliminary assessment because he does not have access to ESD's underlying data. *Id.* at ¶11. Given the serious concerns about non-response bias raised by Professor Rutledge, Familias should have access to the raw ESD data. This is the only way to conduct the thorough analysis required to determine if non-response bias has further

PLAINTIFF'S MOTION
FOR DISCOVERY - 6

COLUMBIA LEGAL SERVICES
711 Capitol Way S., Suite 706
Olympia, WA 98501
(360) 943-6260

exacerbated DOL's failure to find prevailing wages that protect local wages and working conditions, as required by statute.[3]

The primary impediment to Familias's ability to assess ESD's methodology is that the actual data is shielded from public review and scrutiny. And with ESD continuing to find fewer and fewer prevailing piece-rate wages, Dkt. No. 22 at 2-3, its methodology remains a focus for potential relief. As Professor Rutledge outlined in his declaration, he believes significant non-response bias is almost certainly occurring, but he does not have "access to ESD's complete data in a usable file format to adequately test whether the ESD employment estimates suffer from significant non-response bias." Rutledge Decl. at ¶¶ 10-11. Specifically, Professor Rutledge is stymied by ESD obscuring "critical information about its administrative data and the bin[4] widths it used to generate its non-response weights" making it impossible to determine the extent to which ESD's non-response weights may have produced incorrect prevailing wage determinations. *Id.* Thus, Familias seeks access

---

[3] Familias raised this very issue with DOL in a July 2023 letter advising that ESD was overcomplicating the survey process, leading to more responses from H-2A employers who were more likely to pay lower hourly rates, and thus exacerbating non-response bias. Schmitt Decl., Ex. 2 at 4.

[4] The "bins" referred to here are not fruit bins, but instead categories of responses, such as groupings by "small," "medium," and "large" growers.

to ESD's disaggregated 2022 employer survey response data in an analyzable electronic format, with a detailed data dictionary, and information about the essential components of the methodology, including but not limited to administrative codes (e.g., NAICS codes), bin widths, non-response weights ESD used in analyzing the data, employer estimates for each bin, and information about what software and code ESD uses in its analysis to allow Professor Rutledge to provide an independent review.[5] *See* Rutledge Decl., ¶ 11. Without that discovery, this Court would remain in the dark as to how ESD is making its prevailing wage determinations and would be unable to conclude that DOL is considering all relevant factors and upholding its duty to avoid adverse effect on local wages when certifying ESD's findings.

ESD will surely express concern that the data requested are confidential. Nevertheless, the Court can address these concerns by placing strict limitations on the use of the discovery and the people who have access to it and by ordering that employer names be replaced with unique identifier numbers.

**C. Other Courts Have Permitted Discovery in Similar Circumstances**

In an analogous APA case, *Public Power Council v. Johnson*, 674 F.2d 791 (9th Cir. 1982), the Ninth Circuit denied the agency's motion to quash subpoenas

---

[5] Familias proposes to accomplish the majority of the discovery through requests for production and interrogatories. Familias also requests leave to take a Rule 30(b)(6) deposition of ESD, to be used only if necessary to clarify answers to interrogatories.

PLAINTIFF'S MOTION
FOR DISCOVERY - 8

COLUMBIA LEGAL SERVICES
711 Capitol Way S., Suite 706
Olympia, WA 98501
(360) 943-6260

and directed discovery to proceed. *Id.* at 792. The panel noted the following:

> We have a short period to review the merits of petitioners' claims. We must avoid any delay arising from incomplete allegations or a subsequent need to remand to the agency or to expand the record. By permitting discovery, we facilitate expeditious review of the agency's contract offers, as the merits panel will be provided with fully-developed contentions and a complete record, should it deem resort to the supplemental material appropriate for its decision. The panel on the merits is free to strike any portion of the record, but we must at this stage insure there will be a full presentation of the issues to it.

*Johnson*, 674 F.2d at 795; *see also Overton Park*, 401 U.S. at 419–21 ("If the District Court decides that additional explanation is necessary, that court should consider which method will prove the most expeditious so that full review may be had as soon as possible.").

In a similar APA challenge to DOL's calculation of prevailing wage rates, Judge Mendoza—now of the Ninth Circuit—granted the plaintiff-employer's request for expedited discovery of relevant raw survey data and permitted the deposition of two agency staffers. *Zirkle Fruit Co. v. United States Dep't of Lab.*, No. 1:19-CV-03180-SMJ, 2020 WL 1917343, at *1 (E.D. Wash. Jan. 27, 2020). The written discovery consisted of employer wage survey responses and ETA-232 records. *Id.* at *4. The agency deponents were the ESD staffer who calculated the prevailing wage and a DOL analyst who reviewed and approved ESD's prevailing wage findings. *Id.*

PLAINTIFF'S MOTION
FOR DISCOVERY - 9

COLUMBIA LEGAL SERVICES
711 Capitol Way S., Suite 706
Olympia, WA 98501
(360) 943-6260

Judge Mendoza first found that the depositions were necessary to determine whether DOL had considered all relevant factors when setting piece-rates for blueberry harvest. *Id.* at *3. Turning to the request for the underlying survey data, Judge Mendoza ruled that the employer had met the threshold requirement for obtaining the records as that information could demonstrate that DOL failed to consider an important aspect of the problem related to how blueberries are grown and harvested based on prevailing wages. *Id.* at *5. The court acknowledged that the data was sensitive and included restrictions on the use of that information. *Id.*

Here, too, discovery is necessary to provide meaningful judicial review. The Court will ultimately decide what evidence should be considered when reviewing Familias' briefing on the merits, *cf. Johnson*, 674 F.2d at 795, but permitting discovery here will give the Court full access to the necessary information before doing so.

### III.   CONCLUSION

Non-response bias is a critical consideration when evaluating the reliability of survey results, and an experienced agricultural economist has determined that it is likely a significant issue in ESD's prevailing wage calculations. This Court should allow Familias to take the discovery requested above to facilitate full judicial review of DOL's approval of these prevailing wages.

PLAINTIFF'S MOTION
FOR DISCOVERY - 10

COLUMBIA LEGAL SERVICES
711 Capitol Way S., Suite 706
Olympia, WA 98501
(360) 943-6260

DATED this 18th day of October, 2024.

We certify that this memorandum contains 2199 words, in compliance with the Local Civil Rule 7(d)(3).

| COLUMBIA LEGAL SERVICES | BARNARD IGLITZIN & LAVITT LLP |
|---|---|
| s/ *Andrea Schmitt* <br> Andrea Schmitt, WSBA #39759 <br><br> s/ *Joachim Morrison* <br> Joachim Morrison, WSBA #23094 <br><br> s/ *Bonnie Linville* <br> Bonnie Linville, WSBA #49361 <br> 711 Capitol Way S., Ste. 706 <br> Olympia, WA 98501 <br> (360) 943-6260 <br> andrea.schmitt@columbialegal.org; <br> joe.morrison@columbialegal.org; <br> bonnie.linville@columbialegal.org | s/ *Kathleen Phair Barnard* <br> Kathleen Phair Barnard, WSBA #17896 <br> 18 West Mercer Street, Ste. 400 <br> Seattle, WA 98119-3971 <br> (206) 257-6002 <br> barnard@workerlaw.com |

FARMWORKER JUSTICE

| | |
|---|---|
| s/ *Lori Johnson* <br> Lori Johnson, North Carolina State Bar Association #24227 <br> 1126 16th St. NW, Suite LL101 <br> Washington, DC 20006 <br> ljohnson@farmworkerjustice.org <br> *Admitted Pro Hac Vice* | s/ *Edward Tuddenham* <br> Edward Tuddenham, Texas State Bar Association #20282300 <br> 228 W 137th St. <br> New York, NY 10030 <br> edwardtuddenham@gmail.com <br> *Admitted Pro Hac Vice* |

*Attorneys for Plaintiff Familias Unidas por la Justicia*