1

Judge Chun

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
                         AT SEATTLE
9

10   FAMILIAS UNIDAS POR LA JUSTICIA,          CASE NO.  C24-0637JHC
     AFL-CIO, a labor organization,
11                                             **ANSWER TO FIRST AMENDED
                             Plaintiff,        COMPLAINT**
12
             v.
13
     UNITED STATES DEPARTMENT OF
14   LABOR, and JULIE SU, in her official capacity
     as Acting United States Secretary of Labor,
15   WASHINGTON STATE EMPLOYMENT
     SECURITY DEPARTMENT, and CAMI
16   FEEK in her official capacity as Commissioner
     of Employment Security,
17
                             Defendants.
18

19          Defendants Julie Su, Acting Secretary of Labor, and the United States Department of Labor

20   (hereafter, collectively, "Federal Defendants"), by their attorneys, Tessa M. Gorman, United States

21   Attorney, and Brian C. Kipnis, Assistant United States Attorney, for the Western District of

22   Washington, answer the First Amended Complaint filed herein as follows:

23                                    **FIRST DEFENSE**

24          Federal Defendants, admit, deny, and affirmatively allege as follows:

25          1.       Answering the allegations contained in the first sentence of paragraph 1 of the

26   Amended Complaint, Federal Defendants admit that Plaintiff has filed a lawsuit against them based

27   upon the Administrative Procedure Act.  Answering the allegations contained in the third and fourth

28

ANSWER TO FIRST AMENDED COMPLAINT - 1
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

sentences of paragraph 1 of the Amended Complaint, Federal Defendants admit that Washington Employment Security Department (ESD) and Cami Feek, Washington Commissioner of Employment Security (hereafter "State Defendants") have been joined as party-defendants in the lawsuit.  Except as expressly admitted or denied, Federal Defendants deny each and every allegation contained in paragraph 1 of the Amended Complaint.

2.       Answering the allegations contained in paragraph 2 of the Amended Complaint, Federal Defendants admit that Plaintiff is seeking certain types of relief in their lawsuit against Federal Defendants and against State Defendants.  Except as expressly admitted or denied, Federal Defendants deny each and every allegation contained in paragraph 2 of the Amended Complaint.

3.       Answering the allegations contained in paragraph 3 of the Amended Complaint, paragraph 3 of the Amended Complaint states only legal conclusions as to the subject matter jurisdiction of this Court for which no response is required.  To the extent a response is required, Federal Defendants deny the allegations contained in paragraph 3 of the Amended Complaint.

4.       Answering the allegations contained in paragraph 4 of the Amended Complaint, paragraph 4 of the Amended Complaint contains only legal conclusions as to the forms of relief Plaintiff is seeking to obtain through its lawsuit, for which no response is required.  To the extent a response is required, Federal Defendants deny the allegations contained in paragraph 4 of the Amended Complaint.

5.       Federal Defendants admit that the Western District of Washington is a proper venue for this lawsuit.  Except as expressly admitted, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 5 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 5 of the Amended Complaint.

6.       Answering the allegations contained in paragraph 6 of the Amended Complaint, Federal Defendants admit that an organization calling itself "Familias Unidas por la Justicia" is the Plaintiff in this lawsuit.  Except as expressly admitted, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the other allegations contained in

ANSWER TO FIRST AMENDED COMPLAINT - 2
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

paragraph 6 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 6 of the Amended Complaint.

7.      Answering the allegations contained in paragraph 7 of the Amended Complaint, Federal Defendants admit that Defendant Julie Su is the Acting Secretary of Labor and further admit that Plaintiff has sued Defendant Julie Su in her official capacity.  Federal Defendants affirmatively allege that the Secretary of Labor is the head of the Department of Labor.  Except as expressly admitted, Federal Defendants deny each and every allegation contained in Paragraph 7 of the Amended Complaint.

8.      Answering the allegations contained in paragraph 8 of the Amended Complaint, Federal Defendants admit that the Department of Labor is an agency of the United States that has been delegated certain statutory responsibilities in connection with the H-2A Temporary Agricultural Workers program that include establishing minimum wage rates to be paid to workers by growers seeking to employ foreign workers possessing H-2A visas.  Except as expressly admitted, Federal Defendants deny each and every allegation contained in Paragraph 8 of the Amended Complaint.

9.      Answering the allegations in paragraph 9 of the Amended Complaint, Federal Defendants admit that Defendant ESD is an agency of the State of Washington.  Federal Defendants further admit that ESD serves as the State Workforce Agency (SWA) for Washington.  Federal Defendants affirmatively allege that as such, ESD receives funds under the Wagner-Peyser Act to, among other things, provide employment-related services to U.S. workers and employers.  Federal Defendants further affirmatively allege that as part of its role as an SWA, ESD voluntarily conducts prevailing wage surveys to ascertain a prevailing wage rate for a crop, or agricultural activity, or distinct work task within an activity, within an appropriate geographic area, and transmits its findings to Federal Defendants.  Except as expressly admitted or affirmatively alleged, Federal Defendants deny each and every allegation contained in paragraph 9 of the Amended Complaint.

10.      Answering the allegations contained in paragraph 10 of the Amended Complaint, Federal Defendants admit that Defendant Cami Feek is the Washington Commissioner of Employment Security and as such is the head of the Washington Employment Security Department

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

and is sued here in her official capacity.  Except as expressly admitted, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 10 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 10 of the Amended Complaint.

11.    Answering the allegations contained in paragraph 11 of the amended complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 11 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 11 of the Amended Complaint.

12.    Answering the allegations contained in paragraph 12 of the amended complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 12 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 12 of the Amended Complaint.

13.    Answering the allegations contained in paragraph 13 of the Amended Complaint, Federal Defendants admit the allegations to the extent they are consistent with 8 U.S.C. § 1101(a)(15)(H)(ii)(A) and deny the allegations to the extent they are inconsistent with 8 U.S.C. § 1101(a)(15)(H)(ii)(A).

14.    Answering the allegations contained in paragraph 14 of the Amended Complaint, Federal Defendants admit the allegations to the extent they are consistent with 8 U.S.C. § 1184(c) and deny the allegations to the extent they are inconsistent with 8 U.S.C. § 1184(c).

15.    Answering the allegations contained in paragraph 15 of the Amended Complaint, Federal Defendants admit the allegations to the extent they are consistent with 8 U.S.C. § 1188(a)(1) and deny the allegations to the extent they are inconsistent with 8 U.S.C. § 1188(a)(1).

16.    Answering the allegations contained in paragraph 16 of the Amended Complaint, Federal Defendants admit the allegations to the extent they are consistent with 20 C.F.R. § 655.120(a) and deny the allegations to the extent they are inconsistent with 20 C.F.R. § 655.120(a).[1]

---

[1] 20 C.F.R. § 655.120(a) was amended in 2024.  Because the allegations in Plaintiff's complaint appear to refer to the version of this section as it appeared prior to this amendment, the answers in this complaint correspond to the 2022 version of this regulation.

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

17.     Federal Defendants deny the allegations contained in paragraph 17 of the Amended Complaint.

18.     Answering the allegations contained in paragraph 18 of the Amended Complaint, Federal Defendants admit the allegations to the extent they are consistent with 75 Fed. Reg. 6884 (Feb. 12, 2010) and deny the allegations to the extent they are inconsistent with 75 Fed. Reg. 6884 (Feb. 12, 2010).

19.     Answering the allegations contained in paragraph 19 of the Amended Complaint, Federal Defendants admit the allegations to the extent they are consistent with 75 Fed. Reg. 6884 (Feb. 12, 2010) and deny the allegations to the extent they are inconsistent with 75 Fed. Reg. 6884 (Feb. 12, 2010).

20.     Answering the allegations contained in paragraph 20 of the Amended Complaint, Federal Defendants admit the allegations to the extent they are consistent with 88 Fed. Reg. 12760 (Feb. 28, 2023) and deny the allegations to the extent they are inconsistent with 88 Fed. Reg. 12760 (Feb. 28, 2023).

21.     Answering the allegations contained in paragraph 21 of the Amended Complaint, Federal Defendants admit the allegations to the extent they are consistent with 8 U.S.C. §1188(a)(1) and deny the allegations to the extent they are inconsistent with 8 U.S.C. §1188(a)(1).

22.     Answering the allegations contained in paragraph 22 of the Amended Complaint, Federal Defendants admit that prior to the enactment of new regulations in 2022, Federal Defendants relied on Handbook ETA 232 in carrying out their responsibilities relative to the setting of wage rates for use in the H-2A program.  Except as expressly admitted, Federal Defendants deny each and every allegation contained in paragraph 22 of the Amended Complaint.

23.     Answering the allegations contained in paragraph 23 of the Amended Complaint, Federal Defendants admit that, among other things, State Workforce Agencies voluntarily carry out prevailing wage surveys pursuant to grant agreements with the federal government.  Federal Defendants further admit that when State Workforce Agencies conduct such surveys, they report their wage rate findings to the U.S. Department of Labor.  Federal Defendants further admit that, in order for wage rate findings resulting from such surveys to be validated, the surveys must meet

minimum standards set forth in federal regulations promulgated by the Department of Labor.  Except as expressly admitted, Federal Defendants deny each and every allegation contained in paragraph 23 of the Amended Complaint.

24.    Federal Defendants admit the allegation contained in paragraph 24.

25.    Federal Defendants deny the allegation contained in paragraph 25 of the Amended Complaint.

26.    Answering the allegations contained in paragraph 26 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 26 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 26 of the Amended Complaint.

27.    Answering the allegations contained in paragraph 27 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 27 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 27 of the Amended Complaint.

28.    Answering the allegations contained in paragraph 28 of the Amended Complaint, Federal Defendants deny that either they or ESD committed any methodological missteps in regards to the 2019 ESD.  Except as expressly denied, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the remaining allegations contained in paragraph 28 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 28 of the Amended Complaint.

29.    Answering the allegations contained in paragraph 29 of the Amended Complaint, Federal Defendants admit that in 2021, the Plaintiffs in *Ramon Torres Hernandez, et al., v. Secretary of Labor*, *et al.*, Case No. 1:20-cv-03241, were able to obtain a preliminary injunction against the Department of Labor pertaining to prevailing wage rates in Washington based upon a prevailing wage rate survey conducted by ESD in 2018.  Except as expressly admitted, Federal Defendants deny each and every allegation contained in paragraph 29 of the Amended Complaint.

30.    Federal Defendants admit the allegation contained in paragraph 30 of the Amended Complaint.

31.     Federal Defendants deny the allegation contained in paragraph 31 of the Amended Complaint.

32.     Federal Defendants admit the allegation contained in paragraph 32 of the Amended Complaint.

33.     Federal Defendants admit the allegation contained in paragraph 33 of the Amended Complaint.

34.     Answering the allegations contained in paragraph 34 of the Amended Complaint, Federal Defendants admit the allegations to the extent they are consistent with 84 Fed. Reg. 36168 (July 26, 2019) and deny the allegations to the extent they are inconsistent with 84 Fed. Reg. 36168 (July 26, 2019).

35.     Answering the allegations contained in paragraph 35 of the Amended Complaint, Federal Defendants admit the allegations to the extent they are consistent with 84 Fed. Reg. 36168 (July 26, 2019) and deny the allegations to the extent they are inconsistent with 84 Fed. Reg. 36168 (July 26, 2019).

36.     Answering the allegations contained in paragraph 36 of the Amended Complaint, Federal Defendants admit the allegations to the extent they are consistent with 84 Fed. Reg. 36168 (July 26, 2019) and deny the allegations to the extent they are inconsistent with 84 Fed. Reg. 36168 (July 26, 2019).

37.     Answering the allegations contained in paragraph 37 of the Amended Complaint, Federal Defendants admit the allegations to the extent they are consistent with 84 Fed. Reg. 36168 (July 26, 2019) and deny the allegations to the extent they are inconsistent with 84 Fed. Reg. 36168 (July 26, 2019).

38.     Answering the allegations contained in paragraph 38 of the Amended Complaint, Federal Defendants admit the allegations to the extent they are consistent with 84 Fed. Reg. 36168 (July 26, 2019) and deny the allegations to the extent they are inconsistent with 84 Fed. Reg. 36168 (July 26, 2019).

39.     Answering the allegations contained in paragraph 39 of the Amended Complaint, Federal Defendants admit the allegations to the extent they are consistent with 84 Fed. Reg. 36168

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

(July 26, 2019) and deny the allegations to the extent they are inconsistent with 84 Fed. Reg. 36168 (July 26, 2019).

40.     Answering the allegations contained in paragraph 40 of the Amended Complaint, Federal Defendants admit the allegations to the extent they are consistent with 84 Fed. Reg. 36168 (July 26, 2019) and deny the allegations to the extent they are inconsistent with 84 Fed. Reg. 36168 (July 26, 2019).

41.     Answering the allegations contained in paragraph 41 of the Amended Complaint, Federal Defendants admit that although ESD submitted the results of its 2021 Survey to Federal Defendants in mid-2022, before Federal Defendants' promulgation of their new federal regulations in November 2022, ESD withdrew those survey results after the promulgation of the new federal regulations indicating that it would re-calculate prevailing wage rates under the new federal regulations.  Except as expressly admitted, Federal Defendants deny each and every allegation contained in paragraph 41 of the Amended Complaint.

42.     Federal Defendants deny the allegation contained in paragraph 42 of the Amended Complaint.

43.     Federal Defendants admit that pursuant to 20 C.F.R. § 655.120(c)(2), the prevailing wage rates established by Federal Defendants for the 2022 harvest season, based on 2020 survey results, expired as a matter of law, and were no longer valid in May 2023.  Except as expressly admitted, Federal Defendants deny each and every allegation contained in paragraph 43 of the Amended Complaint.

44.     Federal Defendants admit the allegation contained in paragraph 44 of the Amended Complaint.

45.     Answering the allegations contained in the first sentence of paragraph 45 of the Amended Complaint, Federal Defendants deny the allegation and affirmatively allege that the date of ESD's submission was August 11, 2024.  Federal Defendants admit the allegation contained in the second sentence of paragraph 45 of the Amended Complaint.

46.     Answering the allegations contained in paragraph 46 of the Amended Complaint, Federal Defendants admit the allegations to the extent the graph correctly represents what it is

ANSWER TO FIRST AMENDED COMPLAINT - 8
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1  purported to represent and denies the allegations to the extent the graph incorrectly represents what it

2  purports to represent.

3       47.    Federal Defendants admit that as of the day of the filing of Plaintiff's original

4  complaint on May 7, 2024, Federal Defendants had not yet validated the results of the survey ESD

5  conducted in 2022 for use in connection with the 2024 harvest season.  Federal Defendants

6  affirmatively allege that the preliminary injunction issued in this action on July 2, 2024, preempted

7  any final agency action by Federal Defendants on the survey results ESD submit to the Department

8  for the purpose of setting prevailing wage rates for the 2024 harvest season in Washington.  Except

9  as expressly admitted or affirmatively alleged, Federal Defendants deny each and every allegation

10  contained in paragraph 47 of the Amended Complaint.

11       48.    Federal Defendants deny each and every allegation contained in paragraph 48.

12       49.    Federal Defendants deny each and every allegation contained in paragraph 49.

13       50.    Federal Defendants deny each and every allegation contained in paragraph 50.

14       51.    Federal Defendants deny each and every allegation contained in paragraph 51.

15       52.    Answering the allegations contained in paragraph 52 of the Amended Complaint,

16  Federal Defendants admit that pursuant to their regulations, specifically, 20 C.F.R. § 655.120(c)(2),

17  prevailing wage rates established by Federal Defendants automatically expire after one year as a

18  matter of law.  Except as expressly admitted, Federal Defendants deny each and every allegation

19  contained in paragraph 52 of the Amended Complaint.

20       53.     Answering the allegation contained in the first sentence of paragraph 53 of the

21  Amended Complaint, Federal Defendants admit the allegation to the extent it is consistent with

22  87 Fed. Reg. 61660 (Oct. 12, 2022) and deny the allegation to the extent it is inconsistent with

23  87 Fed. Reg. 61660 (Oct. 12, 2022).  Answering the allegation contained in the second sentence of

24  paragraph 53 of the Amended Complaint, Federal Defendants deny the allegation.

25       54.    Federal Defendants deny each and every allegation contained in paragraph 54 and

26  affirmatively allege that they have no legal obligation to "set prevailing rates each year" under

27  applicable statutes or federal regulations.

28

ANSWER TO FIRST AMENDED COMPLAINT - 9
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

55.     Answering the allegations contained in paragraph 55 of the Amended Complaint, Federal Defendants admit that, pursuant to federal regulations, specifically, 20 C.F.R. § 655.120(c)(2), prevailing wage rates established by the Department for the H-2A program in Washington for the 2022 harvest season, based on results of the 2020 survey, expired as a matter of law.  Except as expressly admitted, Federal Defendants deny each and every allegation contained in paragraph 55 of the Amended Complaint.

56.     Answering the allegation contained in the first sentence of paragraph 56 of the Amended Complaint, Federal Defendants admit that prior to the promulgation of 20 C.F.R. § 655.120(c)(2), prevailing wage rates established by the Department for the H-2A program did not expire automatically as a matter of law and would sometimes remain in effect until a new prevailing wage rate was established by the Department.  Answering the allegation contained in the second sentence of paragraph 56 of the Amended Complaint, Federal Defendants admit the allegation to the extent it is consistent with "Handbook 385" and deny the allegation to the extent it is inconsistent with 87 Fed. Reg. 61660 (Oct. 12, 2022).

57.     Federal Defendants deny each and every allegation contained in paragraph 57 of the Amended Complaint.

58.     Federal Defendants admit the allegation contained in paragraph 58 of the Amended Complaint.

59.     Answering the allegations contained in paragraph 59 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 59 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 59 of the Amended Complaint.

60.     Answering the allegations contained in paragraph 60 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 60 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 60 of the Amended Complaint.

61.     Federal Defendants admit the allegation contained in paragraph 61 of the Amended Complaint.

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

62.    Federal Defendants admit the allegation contained in paragraph 62 of the Amended Complaint as to a crop activity or agricultural activity or distinct work task.

63.    Answering the allegations contained in paragraph 63 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 63 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 63 of the Amended Complaint.

64.    Answering the allegation contained in paragraph 64 of the Amended Complaint, Federal Defendants admit the allegation to the extent it is consistent with 87 Fed. Reg. 61660 (Oct. 12, 2022) and deny the allegation to the extent it is inconsistent with 87 Fed. Reg. 61660 (Oct. 12, 2022).

65.    Federal Defendants deny the allegation contained in paragraph 65 of the Amended Complaint.

66.    Answering the allegations contained in paragraph 66 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 66 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 66 of the Amended Complaint.

67.    Answering the allegations contained in paragraph 67 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 67 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 67 of the Amended Complaint.

68.    Federal Defendants deny each and every allegation contained in paragraph 68 of the Amended Complaint.

69.    Federal Defendants deny each and every allegation contained in paragraph 69 of the Amended Complaint.

70.    Answering the allegation contained in paragraph 70 of the Amended Complaint, Federal Defendants admit the allegation to the extent it is consistent with 20 C.F.R. 655.120(c)(1)(v) and deny the allegation to the extent it is inconsistent with 20 C.F.R. 655.120(c)(1)(v).

71.    Answering the allegations contained in paragraph 71 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 71 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 71 of the Amended Complaint.

72.    Answering the allegations contained in paragraph 72 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 72 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 72 of the Amended Complaint.

73.    Answering the allegations contained in paragraph 73 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 73 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 73 of the Amended Complaint.

74.    Federal Defendants deny each and every allegation contained in paragraph 74 of the Amended Complaint.

75.    Answering the allegation contained in paragraph 75 of the Amended Complaint, Federal Defendants admit the allegation to the extent it is consistent with 20 C.F.R. § 655.120(c)(1)(vii) and deny the allegation to the extent it is inconsistent with 20 C.F.R. § 655.120(c)(1)(vii).

76.    Answering the allegation contained in paragraph 76 of the Amended Complaint, Federal Defendants admit the allegation to the extent it is consistent with ESD's 2022 survey findings and deny the allegation to the extent it is inconsistent with ESD's 2022 survey findings.

77.    Answering the allegation contained in paragraph 77 of the Amended Complaint, Federal Defendants admit the allegation to the extent it is consistent with ESD's 2022 survey findings and deny the allegation to the extent it is inconsistent with ESD's 2022 survey findings.

78.    Answering the allegation contained in paragraph 78 of the Amended Complaint, Federal Defendants admit the allegation to the extent it is consistent with ESD's 2022 survey findings and deny the allegation to the extent it is inconsistent with ESD's 2022 survey findings.

ANSWER TO FIRST AMENDED COMPLAINT - 12
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

79.     Answering the allegation contained in paragraph 79 of the Amended Complaint, Federal Defendants admit the allegation to the extent it is consistent with ESD's 2022 survey findings and deny the allegation to the extent it is inconsistent with ESD's 2022 survey findings.

80.     Answering the allegation contained in paragraph 80 of the Amended Complaint, Federal Defendants admit the allegation to the extent it is consistent with ESD's 2022 survey findings and deny the allegation to the extent it is inconsistent with ESD's 2022 survey findings.

81.     Answering the allegations contained in paragraph 81 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 81 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 81 of the Amended Complaint.

82.     Answering the allegations contained in paragraph 82 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 82 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 82 of the Amended Complaint.

83.     Answering the allegations contained in paragraph 83 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 83 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 83 of the Amended Complaint.

84.     Federal Defendants deny each and every allegation contained in paragraph 84 of the Amended Complaint.

85.     Federal Defendants deny each and every allegation contained in paragraph 85 of the Amended Complaint.

86.     Federal Defendants deny each and every allegation contained in paragraph 86 of the Amended Complaint.

87.     Answering the allegation contained in paragraph 87 of the Amended Complaint, Federal Defendants admit the allegation to the extent it is consistent with federal regulations promulgated by Federal Defendants in 2022 establishing minimum standards for prevailing wage surveys conducted by SWAs for purposes of supporting Federal Defendants' role in establishing

ANSWER TO FIRST AMENDED COMPLAINT - 13
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

prevailing wage rates for use in the H-2A program, and deny the allegation to the extent it is inconsistent with federal regulations promulgated by Federal Defendants in 2022 establishing minimum standards for prevailing wage surveys conducted by SWAs for purposes of supporting Federal Defendants' role in establishing prevailing wage rates for use in the H-2A program.

88.    Federal Defendants deny each and every allegation contained in paragraph 88 of the Amended Complaint.

89.    Answering the allegations contained in paragraph 89 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 89 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 89 of the Amended Complaint.

90.    Answering the allegations contained in paragraph 90 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 90 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 90 of the Amended Complaint.

91.    Federal Defendants admit that in 2022, the Adverse Effect Wage Rate (AEWR) was $17.41.  Except as expressly admitted, Federal Defendants deny each and every allegation contained in paragraph 91 of the Amended Complaint.

92.    Answering the allegations contained in paragraph 92 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 92 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 92 of the Amended Complaint.

93.    Answering the allegations contained in paragraph 93 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 93 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 93 of the Amended Complaint.

94.    Answering the allegations contained in paragraph 94 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

respond to the allegations contained in paragraph 94 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 94 of the Amended Complaint.

95.    Answering the allegations contained in paragraph 95 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 95 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 95 of the Amended Complaint.

96.    Answering the allegations contained in paragraph 96 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 96 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 96 of the Amended Complaint.

97.    Answering the allegations contained in paragraph 97 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 97 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 97 of the Amended Complaint.

98.    Answering the allegation contained in paragraph 98 of the Amended Complaint, Federal Defendants admit the allegation to the extent it is consistent with ESD's 2022 survey findings and deny the allegation to the extent it is inconsistent with ESD's 2022 survey findings.

99.    Federal Defendants deny each and every allegation contained in paragraph 99 of the Amended Complaint.

100.    Answering the allegations contained in paragraph 100 of the Amended Complaint, Federal Defendants admit the allegations to the extent they are consistent with federal regulations promulgated by Federal Defendants in 2022 establishing minimum standards for prevailing wage surveys conducted by SWAs for purposes of supporting Federal Defendants' role in establishing prevailing wage rates for use in the H-2A program, and deny the allegations to the extent they are inconsistent with federal regulations promulgated by Federal Defendants in 2022 establishing minimum standards for prevailing wage surveys conducted by SWAs for purposes of supporting Federal Defendants' role in establishing prevailing wage rates for use in the H-2A program.

ANSWER TO FIRST AMENDED COMPLAINT - 15
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

101.    Answering the allegations contained in paragraph 101 of the Amended Complaint, Federal Defendants admit the allegations to the extent they are consistent with federal regulations promulgated by Federal Defendants in 2022 establishing minimum standards for prevailing wage surveys conducted by SWAs for purposes of supporting Federal Defendants' role in establishing prevailing wage rates for use in the H-2A program, and deny the allegations to the extent they are inconsistent with federal regulations promulgated by Federal Defendants in 2022 establishing minimum standards for prevailing wage surveys conducted by SWAs for purposes of supporting Federal Defendants' role in establishing prevailing wage rates for use in the H-2A program.

102.    Answering the allegations contained in paragraph 102 of the Amended Complaint, Federal Defendants admit the allegations to the extent they are consistent with federal regulations promulgated by Federal Defendants in 2022 establishing minimum standards for prevailing wage surveys conducted by SWAs for purposes of supporting Federal Defendants' role in establishing prevailing wage rates for use in the H-2A program, and deny the allegations to the extent they are inconsistent with federal regulations promulgated by Federal Defendants in 2022 establishing minimum standards for prevailing wage surveys conducted by SWAs for purposes of supporting Federal Defendants' role in establishing prevailing wage rates for use in the H-2A program.

103.    Answering the allegations contained in paragraph 103 of the Amended Complaint, paragraph 103 does not contain any allegation of fact but instead poses a hypothetical circumstance to which no response is required.  To the extent a response is required, Federal Defendants deny each and every allegation contained in paragraph 103 of the Amended Complaint.

104.    Answering the allegation contained in paragraph 104 of the Amended Complaint, Federal Defendants admit the allegation to the extent it is consistent with ESD's 2022 survey findings and deny the allegation to the extent it is inconsistent with ESD's 2022 survey findings

105.    Answering the allegations contained in paragraph 105 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 105 of the Amended Complaint with respect to the methodology used by ESD in its 2022 employer survey and, on that basis, deny the allegations contained in paragraph 105 of the Amended Complaint with respect to the methodology used by

ESD in its 2022 survey.  Except as otherwise expressly admitted or denied, Federal Defendants deny each and every allegation contained in paragraph 105 of the Amended Complaint.

106.    Federal Defendants deny the allegation contained in paragraph 106 of the Amended Complaint.

107.    Answering the allegations contained in paragraph 107 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 107 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 107 of the Amended Complaint.

108.    Answering the allegations contained in paragraph 108 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 108 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 108 of the Amended Complaint.

109.    Answering the allegations contained in paragraph 109 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 109 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 109 of the Amended Complaint.

110.    Answering the allegations contained in paragraph 110 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 110 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 110 of the Amended Complaint.

111.    Answering the allegations contained in the first sentence of paragraph 111 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in the first sentence of paragraph 111 of the Amended Complaint and, on that basis, deny the allegations contained in the first sentence of paragraph 111 of the Amended Complaint.  Answering the allegation contained in the second sentence of paragraph 111of the Amended Complaint, Federal Defendant deny the allegation contained in the second sentence of paragraph 111 of the Amended Complaint.

ANSWER TO FIRST AMENDED COMPLAINT - 17
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

112.    Federal Defendants deny each and every allegation contained in paragraph 112 of the Amended Complaint.

113.    Federal Defendants deny each and every allegation contained in paragraph 113 of the Amended Complaint.

114.    Answering the allegations contained in paragraph 114 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 114 of the Amended Complaint with respect to the methodology used by ESD in its 2022 employer survey and, on that basis, deny the allegations contained in paragraph 114 of the Amended Complaint with respect to the methodology used by ESD in its 2022 survey.  Except as otherwise expressly admitted or denied, Federal Defendants deny each and every allegation contained in paragraph 114 of the Amended Complaint.

115.    Federal Defendants deny each and every allegation contained in paragraph 115 of the Amended Complaint.

116.    Answering the allegations contained in paragraph 116 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 116 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 116 of the Amended Complaint.

117.    Federal Defendants deny each and every allegation contained in paragraph 117 of the Amended Complaint.

118.    Federal Defendants deny each and every allegation contained in paragraph 118 of the Amended Complaint.

119.    Answering the allegations contained in paragraph 119 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 119 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 119 of the Amended Complaint.

120.    Federal Defendants deny each and every allegation contained in paragraph 120 of the Amended Complaint.

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

121.    Federal Defendants deny each and every allegation contained in paragraph 121 of the Amended Complaint.

122.    Answering the allegations contained in paragraph 122 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 122 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 122 of the Amended Complaint.

123.    Answering the allegations contained in paragraph 123 of the Amended Complaint, Federal Defendants admit that they do not prescribe the precise manner in which SWAs conduct their prevailing wage surveys to include any specific verification requirements.  Federal Defendants affirmatively allege that SWAs are required to conduct their prevailing wage surveys in accordance with the minimum standards required by federal regulations in order to produce survey results that can be validated by the Department.  As to the remaining allegations contained in paragraph 123 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the remaining allegations contained in paragraph 123 of the Amended Complaint and, on that basis, deny the remaining allegations contained in paragraph 119 of the Amended Complaint.

124.    Federal Defendants deny each and every allegation contained in paragraph 124 of the Amended Complaint.

125.    Federal Defendants deny each and every allegation contained in paragraph 125 of the Amended Complaint.

126.    Federal Defendants deny each and every allegation contained in paragraph 126 of the Amended Complaint.

127.    Answering the allegations contained in paragraph 127 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 127 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 127 of the Amended Complaint.

128.    Answering the allegations contained in paragraph 128 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to

ANSWER TO FIRST AMENDED COMPLAINT - 19
(Case No. C24-0637JHC)

respond to the allegations contained in paragraph 128 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 128 of the Amended Complaint.

129.    Answering the allegations contained in paragraph 129 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 129 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 129 of the Amended Complaint.

130.    Answering the allegations contained in paragraph 130 of the Amended Complaint, Federal Defendants admit that they do not prescribe the precise manner in which SWAs conduct their prevailing wage surveys.  Federal Defendants affirmatively allege that SWAs are required to conduct their prevailing wage surveys in accordance with the minimum standards required by federal regulations in order to produce survey results that can be validated by the Department.

131.    Answering the allegations contained in paragraph 131 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 131 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 131 of the Amended Complaint.

132.    Federal Defendants deny each and every allegation contained in paragraph 132 of the Amended Complaint.

133.    Federal Defendants deny each and every allegation contained in paragraph 133 of the Amended Complaint.

134.    Federal Defendants deny each and every allegation contained in paragraph 134 of the Amended Complaint.

135.    Federal Defendants deny each and every allegation contained in paragraph 135 of the Amended Complaint.

136.    Answering the allegations contained in paragraph 136 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 136 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 136 of the Amended Complaint.

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

137.     Answering the allegations contained in paragraph 137 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 137 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 137 of the Amended Complaint.

138.     Answering the allegations contained in paragraph 138 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 138 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 138 of the Amended Complaint.

139.     Answering the allegations contained in paragraph 139 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 139 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 139 of the Amended Complaint.

140.     Federal Defendants deny each and every allegation contained in paragraph 140 of the Amended Complaint.

141.     Federal Defendants admit the allegation contained in paragraph 141 of the Amended Complaint.

142.     Federal Defendants deny the allegation contained in paragraph 142 of the Amended Complaint.

143.     Answering the allegations contained in paragraph 143 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 143 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 143 of the Amended Complaint.

144.     Federal Defendants admit the allegation contained in paragraph 144 of the Amended Complaint.

145.     Answering the allegations contained in paragraph 145 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 145 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 145 of the Amended Complaint.

ANSWER TO FIRST AMENDED COMPLAINT - 21
(Case No. C24-0637JHC)

146.    Answering the allegations contained in paragraph 146 of the Amended Complaint, Federal Defendants admit the allegation contained in paragraph 146 of the Amended Complaint as to Fiscal Year 2023 only.  Except as expressly admitted, Federal Defendants deny each and every allegation contained in paragraph 146 of the Amended Complaint.

147.    Answering the allegations contained in paragraph 147 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 147 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 147 of the Amended Complaint.

148.    Answering the allegations contained in paragraph 148 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 148 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 148 of the Amended Complaint.

149.    Answering the allegations contained in paragraph 149 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 149 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 149 of the Amended Complaint.

150.    Answering the allegations contained in paragraph 150 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 150 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 150 of the Amended Complaint.

151.    Answering the allegations contained in paragraph 151 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 151 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 151 of the Amended Complaint.

152.    Answering the allegations contained in paragraph 152 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 152 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 152 of the Amended Complaint.

153.    Answering the allegations contained in paragraph 153 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 153 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 153 of the Amended Complaint.

154.    Answering the allegations contained in paragraph 154 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 154 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 154 of the Amended Complaint.

155.    Federal Defendants admit the allegations to the extent that the chart is an accurate representation of the data it purports to depict and deny the allegations to the extent that the chart is an inaccurate representation of the data it purports to depict.

156.    Federal Defendants admit the allegation contained in paragraph 156 of the Amended Complaint.

157.    Answering the allegations contained in paragraph 157 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 157 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 157 of the Amended Complaint.

158.    Federal Defendants admit the allegation contained in paragraph 158 of the Amended Complaint.

159.    Answering the allegations contained in paragraph 159 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 159 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 159 of the Amended Complaint.

160.    Answering the allegations contained in paragraph 160 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 160 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 160 of the Amended Complaint.

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

161.    Answering the allegations contained in paragraph 161 of the Amended Complaint, Federal Defendants admit that the results of ESD's 2023 employer survey were not released at the time the original complaint in this action was filed.  Except as expressly admitted, Federal Defendants deny the allegations contained in paragraph 161 of the Amended Complaint.

162.    Answering the allegations contained in paragraph 162 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 162 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 162 of the Amended Complaint.

163.    Answering the allegations contained in paragraph 163 of the Amended Complaint, Federal Defendants admit that ESD submitted to DOL prevailing wage findings based on the 2022 employer survey for four Washington fruit harvests.  Federal Defendants affirmatively allege that ESD submitted a total of 35 ETA-232s, 9 with prevailing wage findings, and of those 9, four were for fruit harvesting activities.

164.    Answering the allegations contained in paragraph 164 of the Amended Complaint, Federal Defendants affirmatively allege that of the 35 ETA-232s submitted by ESD based on its 2022 survey, 18 were for fruit harvesting (four of which had prevailing wage findings, 14 of which had "no finding"); 15 were for fruit pruning; 2 were for fruit thinning.  Except as affirmatively alleged,  Federal Defendants deny  each and every allegation contained in paragraph 164 of the Amended Complaint.

165.    Answering the allegations contained in paragraph 165 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 165 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 165 of the Amended Complaint.

166.    Federal Defendants deny the allegation contained in paragraph 166 of the Amended Complaint.

167.    Answering the allegations contained in paragraph 167 of the Amended Complaint, Federal Defendants admit that in its result for its 2022 agricultural employer survey, ESD did not find a prevailing  wage for harvesting activities of any apple variety in Washington.  Except as

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1  expressly admitted, Federal Defendants deny each and every allegation contained n paragraph 167 of

2  the Amended Complaint.

3      168.    Answering the allegations contained in paragraph 168 of the Amended Complaint,

4  Federal Defendants admit that in its result for its 2022 agricultural employer survey, ESD did not

5  find a prevailing wage for harvesting activities of Red Delicious, Golden, Granny Smith, Gala, Fuji,

6  Cripps Pink, Honeycrisp, Ambrosia, and Cosmic Crisp apple varieties.  Except as expressly

7  admitted, Federal Defendants deny each and every allegation contained in paragraph 168 of the

8  Amended Complaint.

9      169.    Answering the allegations contained in paragraph 169 of the Amended Complaint,

10  Federal Defendants admit that in its result for its 2022 agricultural employer survey, ESD did not

11  find a prevailing wage for harvesting activities for four of five varieties of cherries it surveyed, or for

12  "general cherry" harvest.  Except as expressly admitted, Federal Defendants deny each and every

13  allegation contained in paragraph 169 of the Amended Complaint.

14      170.    Federal Defendants admit the allegation contained in paragraph 170 of the Amended

15  Complaint.

16      171.    Answering the allegations contained in paragraph 171 of the Amended Complaint,

17  Federal Defendants admit that where no prevailing wage is found for an activity, growers seeking to

18  employ foreign agricultural workers pursuant to the H-2A program must pay their employees at least

19  the highest of the Federal or State minimum wage, the wage rate established through collective

20  bargaining or the Adverse Effect Wage Rate (AEWR) for that activity.  Except as expressly

21  admitted, Federal Defendants deny each and every allegation contained in paragraph 171 of the

22  Amended Complaint.

23      172.    Answering the allegations contained in paragraph 172 of the Amended Complaint,

24  Federal Defendants admit the allegation contained in paragraph 172 of the Amended Complaint, and

25  affirmatively allege that they are enjoined by the preliminary injunction issued in this action to

26  reinstate wage rates effective for the 2022 harvest season for the duration of this lawsuit.

27      173.    Federal Defendants deny the allegation contained in paragraph 173 of the Amended

28  Complaint.

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

174.    Federal Defendants admit that at the time Plaintiff filed its original complaint, Federal Defendants had not yet taken any final agency action on the basis of ESD's 2022 survey results. Except as expressly admitted, Federal Defendants deny each and every allegation contained in paragraph 174 of the Amended Complaint.

175.    Federal Defendants deny the allegation contained in paragraph 175 of the Amended Complaint.

176.    Federal Defendants deny the allegation contained in paragraph 176 of the Amended Complaint.

177.    Federal Defendants deny the allegation contained in paragraph 177 of the Amended Complaint.

178.    Answering the allegations contained in paragraph 178 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 178 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 178 of the Amended Complaint.

179.    Federal Defendants deny the allegation contained in paragraph 179 of the Amended Complaint.

180.    Federal Defendants deny the allegation contained in paragraph 180 of the Amended Complaint.

181.    Answering the allegations contained in paragraph 181 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 181 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 181 of the Amended Complaint.

182.    Answering the allegations contained in paragraph 182 of the Amended Complaint, Federal Defendants affirmatively allege that they lack sufficient information or belief necessary to respond to the allegations contained in paragraph 182 of the Amended Complaint and, on that basis, deny the allegations contained in paragraph 182 of the Amended Complaint.

183.    Federal Defendants deny the allegation contained in paragraph 183 of the Amended Complaint.

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

184.     Federal Defendants deny the allegation contained in paragraph 184 of the Amended Complaint.

185.     Federal Defendants deny the allegation contained in paragraph 185 of the Amended Complaint.

186.     Federal Defendants deny the allegation contained in paragraph 186 of the Amended Complaint.

187.     Federal Defendants deny the allegation contained in paragraph 187 of the Amended Complaint.

## SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of claim preclusion.

## THIRD DEFENSE

Plaintiff has forfeited their claims because of their failure to exhaust administrative remedies.

## FOURTH DEFENSE

The Washington Employment Security Department and the Washington Commissioner of the Employment Security Department are necessary parties in whose absence this action cannot proceed in equity and good conscience.

///
///
///
///
///
///
///
///
///
///

ANSWER TO FIRST AMENDED COMPLAINT - 27
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

WHEREFORE defendants Julie Su, Acting Director, United States Department of Labor, and the United States Department of Labor, pray for judgment as follows:

1.    For an order dismissing Plaintiff's complaint in its entirety with prejudice;

2.    For an award of Federal Defendants' costs and disbursements incurred in this action;

3.    For such other and further relief as the Court may deem just and proper.

DATED this 1st day of November 2022.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

*/s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: (206) 553-7970
E-mail: brian.kipnis@usdoj.gov

Attorneys for Federal Defendants

ANSWER TO FIRST AMENDED COMPLAINT - 28
(Case No. C24-0637JHC)