The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO, A LABOR ORGANIZATION;<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR, AND JULIE SU IN HER OFFICIAL CAPACITY ACTING UNITED STATES SECRETARY OF LABOR,<br><br>AND WASHINGTON STATE EMPLOYMENT SECURITY DEPARTMENT, AND CAMI FEEK IN HER OFFICIAL CAPACITY AS COMMISSIONER OF EMPLOYMENT SECURITY,<br><br>Respondents. | NO.  2:24-cv-00637-JHC<br><br>STATE DEFENDANTS' CORRECTED MOTION TO DISMISS<br><br>**NOTE ON MOTION CALENDAR: December 6, 2024** |

## I.     INTRODUCTION AND RELIEF REQUESTED

Defendants Washington State Employment Security Department (ESD) and Cami Feek, in her official capacity as Commissioner of Employment Security, ("State Defendants"), respectfully move this Court to dismiss State Defendants from this case. Fed. R. Civ. Proc.

STATE DEFENDANTS' CORRECTED MOTION TO DISMISS  --  NO.  2:24-CV-00637-JHC

1

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7676

12(b). First, the Amended Complaint fails to state any claim upon which relief can be granted against State Defendants. This is a lawsuit under the federal Administrative Procedures Act, which is not applicable to state agencies and their employees. Second, this lawsuit is barred because the Department and its Commissioner, acting in her official capacity, have not waived their Eleventh Amendment immunity. Plaintiff's amended complaint against State Defendants should be dismissed with prejudice.

## II.  STATEMENT OF FACTS

Plaintiff Familias Unidas por la Justicia, AFL CIO (Familias), filed "this Administrative Procedure Act (APA) case against the United States Department of Labor (DOL) challenging the agency's 2022 prevailing wage rules related to the federal 'H-2A' temporary agricultural visa program as well as certain policies and practices implementing those prevailing wage regulations." Dkt. # 67 at p. 1, ¶ 1. Plaintiff named ESD and its Commissioner, Cami Feek in her official capacity, as Rule 19 defendants. *Id*. at 1-2, ¶¶ 1-2.

According to the amended complaint, Defendant DOL funds state workforce agencies (SWAs) to conduct prevailing wage surveys at least once a year using DOL's guidelines and to report the findings to DOL. *Id*. at p. 5, ¶ 23. Plaintiff alleges that ESD sent its findings based on the 2022 survey to DOL in July 2023 but since ESD provided DOL with its survey findings, DOL "has neither rejected nor validated and published those findings." *Id.* at p. 10, ¶ 47.

Plaintiff alleges that "DOL's prevailing wage methodology runs counter to DOL's express purposes for changing the regulations." *Id.* at p. 11. As it relates to ESD, Plaintiff contests DOL permitting ESD's use of the capture-recapture methodology to estimate whether there are at least five employers and thirty workers in a crop activity under 20 C.F.R. § 655.120(c)(1)(vii) and (viii). Dkt. # 67 at pp. 12-13, ¶¶ 58-69. They also assert that DOL's approval of the use of ESD's population estimate methodology in calculation of prevailing wages violates 20 C.F.R. § 655.120(c)(1)(v) because it results in "manipulation of the survey data." Dkt. # 67 at pp. 14-15. Plaintiff also argues that DOL allows wages that have been

STATE DEFENDANTS' CORRECTED MOTION TO DISMISS -- NO. 2:24-CV-00637-JHC

2

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7676

depressed by the H-2A system to taint prevailing wage findings, that DOL arbitrarily permits ESD to eliminate piece-rate survey data by creating "multiple piece-rate 'units of pay'", that the survey methodology fails to verify the accuracy of employer survey responses, that DOL fails to control for non-response bias, and that DOL should require ESD and other state workforce agencies to use a standard method of determining prevailing wages. *Id.* at pp. 17, 19, 22-24. Plaintiff also challenges several DOL rules—20 § C.F.R. 655.120(c)(1)(v); 20 § C.F.R. 655.120(c)(1)(vii); 20 § C.F.R. 655.120 (c)(2). Dkt. # 67 at pp. 11, 15.

The amended complaint then lists its causes of action as challenges to DOL's actions under the federal Administrative Procedure Act. With regard to ESD, Plaintiff brings a cause of action under the federal APA—5 U.S.C. §706(2)(A)—and asserts:

> DOL's policy of allowing ESD to determine the most common unit of pay based on 'estimated employment' rather than reported employment is contrary to law in that it violates the plain language of 20 C.F.R. 655.120(c)(1)(v) as well as resulting in a violation of 8 U.S.C. §§ 1101(a)(15)(H)(ii)(A) and 1188.

Dkt. # 67 at p. 31, ¶ 185. Plaintiff then asks this Court to "[d]eclare that ESD's and Commissioner Feek's actions, as described above, are in violation of 20 C.F.R. § 655.120(c)(1)(v), 8 U.S.C. § 1188, 8 U.S.C. § 1101(a)(15)(H)(ii)(A), and/or 20 C.F.R. § 501(c)(2)(i)." Dkt. # 67 at p. 33, ¶ 7. Plaintiff also asks this Court to "[o]rder ESD and Commissioner Feek to take all actions necessary for DOL to comply with any relief granted as to DOL." *Id.* at p. 33, ¶ 8.

STATE DEFENDANTS' CORRECTED MOTION TO DISMISS -- NO. 2:24-CV-00637-JHC

3

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7676

### III. ISSUES PRESENTED

1. Should this Court dismiss Plaintiff's claim because the Amended Complaint, which is a lawsuit under the federal Administrative Procedure Act, fails to allege the facts or elements necessary to establish claims against the State Defendants?

2. Should this Court dismiss Plaintiff's claims because the State Defendants have not waived their Eleventh Amendment immunity?

### IV. EVIDENCE RELIED UPON

State Defendants rely on Plaintiff's Amended Complaint For Declaratory and Injunctive Relief, Docket No. 67.

### V. AUTHORITY AND ARGUMENT

The Amended Complaint brings claims against State Defendants but fails to articulate a cause of action against State Defendants. Because this case is brought under the federal Administrative Procedure Act (APA), the State Defendants should be dismissed because the federal APA does not apply to state agencies and their employees. Moreover, ESD should be dismissed from this case because it is immune from suit under the Eleventh Amendment. And Commissioner Feek should also be dismissed from this lawsuit because the only relief Plaintiff can obtain against a state agency employee is prospective, injunctive relief, and Plaintiff has not properly alleged an ongoing violation of federal law by Commissioner Feek.

**A.    Standard for Motions to Dismiss under Federal Rule of Civil Procedure 12(b)**

Dismissal is proper when the complaint fails to state a claim upon which relief can be granted. Fed. Rule Civ. Proc 12(b)(6). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "[O]nly a claim that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct.1937, 173 L.Ed.2d 868 (2009).

STATE DEFENDANTS' CORRECTED MOTION TO DISMISS -- NO. 2:24-CV-00637-JHC

4

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7676

In addition, a motion to dismiss should be granted if an affirmative defense, such as a state's Eleventh Amendment immunity, is apparent from the face of a complaint. Indeed, "[a]n absolute immunity defeats a suit at the outset." *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

### B.   The Federal Administrative Procedure Act Does Not Apply to State Agencies and Their Employees

This case is brought under the federal Administrative Procedure Act (APA), which applies only to federal agency action, and is thus not applicable to ESD and its Commissioner. This Court should dismiss State Defendants from this case.

Plaintiff has brought this lawsuit under the federal APA. Dkt. # 67 at pp. 1–2, 31–32, ¶¶ 1, 3, 4, 183–87. Plaintiff's "Preliminary Statement" frames this case as an "Administrative Procedure Act (APA) case." *Id.* at p. 1, ¶ 1. And the four causes of action set forth in the complaint are all brought under only the APA. *Id.* at pp. 31–32, ¶¶ 183–87. In Plaintiff's amended complaint, the section titled "Causes of Action" references APA provisions that allow this Court to "compel agency action unlawfully withheld or unreasonably delayed" and "hold unlawful and set aside [certain] agency action." *Id.* (citing 5 U.S.C. § 706). The federal APA defines an "agency" as "each authority of the Government of the United States." *See* 5 U.S.C. § 701(b)(1).

The federal APA does not apply to state agencies and their employees because "[a]ctions under the APA may be brought only against federal agencies." *Shell Gulf of Mexico Inc. v. Center for Biological Diversity, Inc.*, 771 F.3d 632, 636 (9th Cir. 2014); *see also Town of Portsmouth v. Lewis*, 813 F.3d 54, 64 (1st Cir. 2016) (federal APA does not provide a right of action against a state agency); *Doe v. Bush*, 261 F.3d 1037, 1055 (11th Cir. 2001) (federal APA "clearly does not apply to state agencies"); *Sw. Williamson Cty. Cmty. Ass'n, Inc. v. Slater*, 173 F.3d 1033, 1035 (6th Cir. 1999) ("By its own terms, the APA does not apply to state agencies. This result is confirmed by case law."). "[A]s a state agency is not subject to

STATE DEFENDANTS' CORRECTED MOTION TO DISMISS -- NO. 2:24-CV-00637-JHC

5

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7676

review under the APA," a federal court "lacks subject-matter jurisdiction" under the APA to review its decisions. *Black Dog Outfitters, Inc. v. Idaho Outfitters and Guides Licensing Bd.*, 873 F. Supp.2d 1290, 1299 (D. Idaho 2012).

ESD is a state agency constituted pursuant to Title 50, chapter 50.08, Section .010 of the Revised Code of Washington. And the Department is administered by its Commissioner. Wash. Rev. Code § 50.08.010. The federal APA does not apply to State Defendants. Because the claims in this case are brought under only the APA, State Defendants should be dismissed from this case.

C.   **The Eleventh Amendment Bars This Suit Against State Defendants**

This Court should also dismiss all causes of action against the State Defendants because Eleventh Amendment immunity bars claims against ESD and its Commissioner.

The Eleventh Amendment to the United States Constitution provides, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI.

The Eleventh Amendment bars actions against states in federal court, absent the state's consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed. 2d 67 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Any consent by a state to a waiver of its immunity from suit must be "unequivocally expressed." *Id.* at 99. "This jurisdictional bar applies regardless of the nature of the relief sought." *Id.* at 100.

As stated above, ESD is a state agency. Wash. Rev. Code § 50.08.010. ESD has not consented to waive its Eleventh Amendment immunity. Plaintiff's amended complaint does not offer any allegations to the contrary, nor does it cite to any law that purports to waive the

STATE DEFENDANTS' CORRECTED MOTION TO DISMISS -- NO. 2:24-CV-00637-JHC

6

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7676

agency's sovereign immunity. This jurisdictional bar applies regardless of the relief sought, and ESD should be dismissed from this case.

"Eleventh Amendment immunity also shields state officials from official capacity suits." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010). This is because such suits are "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

A narrow exception exists if the suit seeks prospective relief to redress an ongoing violation of federal law. *Central Reserve Life of N. Am. Ins. Co. v. Struve*, 852 F.2d 1158, 1161 (9th Cir. 1988). But this exception—the doctrine of *Ex parte Young*—"is narrow: It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, . . . , and has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993).

In this federal APA case, Plaintiff asks this Court to "[d]eclare that ESD's and Commissioner Feek's actions are in violation of 20 C.F.R. § 655.120(c)(1)(v), 8 U.S.C. § 1188, 8 U.S.C. § 1101(a)(15)(H)(ii)(A), and/or 20 C.F.R. § 501(c)(2)(i)". Dkt. # 67 at p. 33. Plaintiff has also asked that this Court "order ESD and Commissioner Feek to take all actions necessary for DOL to comply with any relief granted as to DOL." *Id*. But the plain language of the laws cited by Plaintiff do not impose a duty on ESD. 20 C.F.R. § 655.120(c)(1)(v) states:

> The [Office of Foreign Labor Certification Administrator, an employee of DOL,] will issue a prevailing wage for a crop activity or agricultural activity and, if applicable, a distinct work task or tasks performed in that activity if all the following requirements are met: . . . The survey reports the average wage of U.S. workers in the crop activity or agricultural activity and distinct work task(s), if applicable, and geographic area using the unit of pay used to compensate the largest number of U.S. workers whose wages are reported in the survey.

STATE DEFENDANTS' CORRECTED MOTION TO DISMISS -- NO. 2:24-CV-00637-JHC

7

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7676

1  While ESD administers the survey, it is ultimately USDOL that is charged with issuing the
2  prevailing wage. 8 U.S.C. § 1188 addresses the admission of temporary H-2A workers but
3  does not mention state workforce agencies. 8 U.S.C. § 1101(a)(15)(H)(ii)(A) defines the term
4  "H-2A worker." *See also* 8 U.S.C. § 1188(i)(2). Plaintiff also cites 20 C.F.R. § 501(c)(2)(i), but
5  State Defendants have been unable to locate that regulation. And section 20 C.F.R. Part 501
6  addresses the rules of procedure before the Federal Employees' Compensation Appeals Board,
7  which plainly does not apply to ESD. 20 C.F.R. § 501.2(a). Because these laws do not impose
8  a duty on ESD, Plaintiff has not properly alleged that ESD's Commissioner is engaged in
9  ongoing violations of federal law, and there is no prospective relief that can be granted by this
10 Court against ESD's Commissioner.

11 Plaintiff has not, and cannot, allege that State Defendants would continue using the
12 challenged methodology if DOL directed them not to do so. Should DOL's understanding
13 change, ESD will comply with DOL's instructions. Plaintiff cannot state a claim for an
14 ongoing, prospective violation of federal law, and the claims against State Defendants should
15 be dismissed.

## VI.  CONCLUSION

For the foregoing reasons, State Defendants respectfully request that they be dismissed from this case.

//

//

//

//

STATE DEFENDANTS' CORRECTED MOTION TO DISMISS -- NO. 2:24-CV-00637-JHC

8

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7676

**CERTIFICATION**

I certify that this memorandum contains <u>2,362</u> words, in compliance with Local Civil Rules.

DATED this 8th day of November, 2024.

    ROBERT W. FERGUSON
    Washington State Attorney General

    */s/ Marya Colignon*

    MARYA COLIGNON, WSBA # 42225
    Assistant Attorney General
    *Attorney for State Defendants*
    E-mail: Marya.Colignon@atg.wa.gov
            LalSeaEF@atg.wa.gov

STATE DEFENDANTS' CORRECTED MOTION TO DISMISS -- NO. 2:24-CV-00637-JHC

9

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7676

## PROOF OF SERVICE

I, Maritza Sierra, hereby certify that on November 8, 2024, I caused to be electronically filed the foregoing document, **State Defendants' Corrected Motion to Dismiss**, with the Clerk of the Court and all parties of record using the CM/ECF system.

BONNIE A. LINVILLE
COLUMBIA LEGAL SERVICES
1301 FIFTH AVENUE, STE 1200
SEATTLE, WA 98101

JOACHIM MORRISON
COLUMBIA LEGAL SERVICES
300 OKANOGAN AVE, STE 2A
WENATCHEE, WA 98801

ANDREA L SCHMITT
COLUMBIA LEGAL SERVICES
711 CAPITOL WAY SOUTH #304
OLYMPIA, WA 98501

KATHLEEN PHAIR BARNARD
BARNARD IGLITZIN & LAVITT LLP
18 WEST MERCER STREET #400
SEATTLE, WA 98119

EDWARD TUDDENHAM
228 W 137TH STREET
NEW YORK, NY 10030

LORI JOHNSON
FARMWORKER JUSTICE FUND
1126 16TH STREET NW, STE 270
WASHINGTON, DC 20036

BRIAN C. KIPNIS
US ATTORNEY'S OFFICE
700 STEWART STREET, STE 5220
SEATTLE, WA 98101-1271

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 8th day of November 2024 at Seattle, WA.

_____
MARITZA SIERRA, Paralegal