The Honorable John H. Chun

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO, A LABOR ORGANIZATION;<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR, AND JULIE SU IN HER OFFICIAL CAPACITY ACTING UNITED STATES SECRETARY OF LABOR,<br><br>AND WASHINGTON STATE EMPLOYMENT SECURITY DEPARTMENT, AND CAMI FEEK IN HER OFFICIAL CAPACITY AS COMMISSIONER OF EMPLOYMENT SECURITY,<br><br>Respondents. | NO. 2:24-cv-00637-JHC<br><br>STATE DEFENDANTS' CORRECTED RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY<br><br>**NOTE ON MOTION CALENDAR: November 15, 2024** |

## I.    INTRODUCTION AND RELIEF REQUESTED

Plaintiff Familias Unidas por la Justicia seeks to expand the scope of review in this federal Administrative Procedure Act (APA) action beyond the Administrative Record. The discovery requested by Plaintiff goes beyond what is necessary for this Court's review. And

STATE DEFENDANTS' CORRECTED RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY -- NO. 2:24-CV-00637-JHC

1

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7676

Plaintiff has failed to establish it is necessary to determine whether Defendant United States Department of Labor (DOL) has considered all relevant factors and has explained its decision.

## II.    STATEMENT OF FACTS

On October 17, 2024, Plaintiff amended its complaint to include State Defendants Employment Security Department and its Commissioner, Cami Feek, in her official capacity. Dkt. # 67. The following day, Plaintiff filed Plaintiff's Motion for Discovery. Dkt. # 69. On October 31, DOL filed two administrative records—one addressing the challenge to DOL's rules and one addressing USDOL's policies and procedures implementing the 2022 H-2A Rule. Dkt. ## 75-76. DOL filed a supplemental non-rulemaking record on November 7. Dkt. #78.

## III.    ISSUE PRESENTED

Should this Court deny Plaintiff's motion to conduct discovery in this federal APA case?

## IV.    EVIDENCE RELIED UPON

State Defendants rely on Plaintiff's Amended Complaint For Declaratory and Injunctive Relief, Docket No. 67; Plaintiff's Motion for Discovery, Docket No. 69; and the Certified Administrative Records, Docket Nos. 75 and 76.

## V.    AUTHORITY AND ARGUMENT

**A.    State Defendants Do Not Waive Eleventh Amendment Immunity By Responding to This Motion**

State Defendants have filed a motion to dismiss the claims against them, arguing, in part, that they have Eleventh Amendment immunity. "[A] state does not waive Eleventh Amendment immunity merely by defending in federal court. Instead, waiver turns on the state's failure to raise immunity during the litigation." *Demshki v. Monteith*, 255 F.3d 986, 989

STATE DEFENDANTS' CORRECTED RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY -- NO. 2:24-CV-00637-JHC

2

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7676

(9th Cir. 2001). State Defendants are not waiving Eleventh Amendment immunity merely by filing a response to Plaintiff's pending motion.

### B. Discovery Outside the Administrative Record Is Generally Not Permitted

"Discovery is rarely proper in the judicial review of administrative action." *USA Grp. Loan Servs. v. Riley*, 82 F.3d 708, 715 (7th Cir. 1996). The Ninth Circuit allows expansion of the record in very limited circumstances: (1) when necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the record; (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs have made a showing of agency bad faith. *Southwest Center for Biological Diversity v. United States Forest Service*, 100 F.3d 1443, 1450 (9th Cir. 1996).

### C. Plaintiff Has Failed to Establish Their Requested Discovery Is Proper

Plaintiff requests permission to take the following extra-record discovery: (1) disaggregated, complete survey response data that ESD used to do its calculations, in an analyzable electronic format (Excel spreadsheet) and (2) information about the essential components of the methodology. Dkt. # 69 at 2. Plaintiff specifically asks for:

> ESD's disaggregated 2022 employer survey response data in an analyzable electronic format, with a detailed data dictionary, and information about the essential components of the methodology, including but not limited to administrative codes (e.g., NAICS codes), bin widths, non-response weights ESD used in analyzing the data, employer estimates for each bin, and information about what software and code ESD uses in its analysis to allow Professor Rutledge to provide an independent review.

*Id.* at 8. Plaintiff proposes to accomplish the discovery through requests for production and interrogatories and requests leave to take a Rule 30(b)(6) deposition of ESD, to be used only if necessary to clarify answers to interrogatories. Dkt. # 69 at 8. As discussed below, Plaintiff has failed to overcome the presumption against extra-record discovery.

STATE DEFENDANTS' CORRECTED
RESPONSE TO PLAINTIFF'S MOTION
FOR DISCOVERY -- NO. 2:24-CV-00637-JHC

3

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7676

**1.    Plaintiff is not entitled to production of ESD's employer survey responses**

Plaintiff is asking for detailed employer survey response data, which it asserts ESD does not provide to DOL. Dkt. 69, at 4. If ESD did not provide the information to DOL, then it cannot be the basis of DOL's decision. There is no basis for allowing Plaintiff to obtain it.

Importantly, multiple laws protect the survey responses from disclosure, even in the course of litigation. Under the Confidential Information Protection and Statistical Efficiency Act (CIPSEA), information provided for statistical purposes may not be disclosed in identifiable form "for any use other than an exclusively statistical purpose" without the informed consent of the respondent. 44 U.S.C. § 3572(c)(1). A "statistical purpose" is a "description, estimation, or analysis of the characteristics of groups, without identifying the individuals or organizations that comprise such groups. . . ." 44 U.S.C. § 3561(12). The confidentiality requirement applies both to federal agencies and their agents, such as ESD. 44 U.S.C. § 3572(b). ESD gathers prevailing wage data so that DOL can determine prevailing wages. Dkt. # 76-3, AR01161. This confidentiality is necessary to ensure (1) that proprietary information is protected from competitors; and (2) that industry participants cannot collude to affect the survey results. *See Forest Conservation Council v. U.S. Dep't of Labor*, 2003 WL 21687927 at *2-3 (D.N.M. 2003) (noting that provision of identifiable survey information would impair DOL's ability to collect reliable survey data in the future).

When ESD administers the prevailing wage survey, it assures respondents that employer responses will be kept confidential. Dkt. # 76-3, AR01231. Because the information gathered, under a pledge of confidentiality, is used to analyze prevailing wages for certain commodity activities, without identifying the organizations that comprise the group, the survey responses are private and confidential under federal law.

Similarly, state law also prohibits disclosure of this data. Under Wash. Rev. Code § 50.13.015(3), "The [Employment Security Department] may hold private and confidential information obtained for statistical analysis, research, or study purposes if the information was

STATE DEFENDANTS' CORRECTED
RESPONSE TO PLAINTIFF'S MOTION
FOR DISCOVERY -- NO. 2:24-CV-00637-
JHC

4

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7676

1 supplied voluntarily, conditioned upon maintaining confidentiality of the information."
2 Because employers provide this information with the understanding that their responses will be
3 kept confidential, it is confidential under state law.

4     Beyond these statutory requirements, there are important policy reasons for keeping
5 this information private and confidential. When responding to the prevailing wage survey,
6 employers provide detailed proprietary information which, if revealed, could be used by
7 competitors. Employers should be assured that if they submit information to a governmental
8 agency under a pledge of confidentiality that the information will, in fact, remain confidential.
9 If employers knew that information they had been assured would be kept confidential could be
10 revealed to third parties, they would likely not participate in an otherwise voluntary survey. An
11 absence of employer participation in the survey could affect its results. Redactions of the
12 employer names alone is not sufficient to maintain the confidentiality of the employer, as the
13 detailed data could be combined with public information to identify employers.

14     Moreover, Plaintiff filed their discovery motion prematurely—before the record was
15 filed—so they have failed to articulate how the data in the record is insufficient. While ESD's
16 position is that the data itself is private and confidential and should not be disclosed to
17 Plaintiff, the record submitted by DOL contains anonymized survey responses. And Plaintiff is
18 clearly not entitled to identifying information. It is unclear if Plaintiff is seeking additional data
19 beyond what is already in the record.

20     Plaintiff asserts that the "data that will be available in the administrative record are
21 summaries and subsets of the data, and critically, none of them contain the information
22 gathered by the survey about whether the survey respondents are H-2A growers." Dkt. # 69, at
23 5. But survey respondents are asked to report the "unique wage rate paid during the busiest
24 week to all domestic seasonal or migrant workers (non-H-2A) who are engaged in the
25 production of the listed crop." Dkt. # 76-3, AR 01220-AR01227. And employers are explicitly
26 asked to "answer for domestic seasonal or migrant workers only (non H-2A)." Dkt. # 76-3, AR

STATE DEFENDANTS' CORRECTED
RESPONSE TO PLAINTIFF'S MOTION
FOR DISCOVERY -- NO. 2:24-CV-00637-
JHC

5

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7676

01220-AR01227. Whether the survey respondents also employ H-2A workers does not change the fact that the survey gathers data of only wage rates paid to non-H-2A workers.

If the Court orders the production of extra-record evidence, it should be subject to a protective order. Further, to safeguard the important purposes behind confidentiality, information within those records that identifies particular employers should be redacted, even when produced pursuant to the protective order. There is no need for Plaintiff to view identifying employer information. In fact, Plaintiff agrees that this Court can place "strict limitations on the use of the discovery and the people who have access to it and by ordering that employer names be replaced with unique identifier numbers." Dkt. # 69 at 8.

## 2. Plaintiff is not entitled to a deposition of ESD

This Court should deny Plaintiff's request to have the option to conduct a deposition of ESD. Plaintiff asserts that the information is necessary to consider whether DOL has considered all relevant factors and explained its decision. Dkt. # 69 at 8. But a deposition of ESD would not illuminate whether DOL considered all necessary factors.

Moreover, Plaintiff has failed to articulate how they are in need of information beyond the descriptions of the methodology that are in the administrative record itself. This is because Plaintiff filed their discovery motion before the administrative record was filed. The record contains an Agricultural Peak Employment Wage and Practices Employer Survey New Prevailing Wage Finding Process briefing paper and the "2022 Agricultural peak employment wage and practices employer and worker survey results." Dkt. # 76-3, AR 01160-AR01182, AR01188-AR01191. This information was provided to DOL and provides descriptions of ESD's estimation process. Importantly, Plaintiff has stated that "[t]he primary impediment to Familias's ability to assess ESD's methodology is that the actual data is shielded from public review and scrutiny." Dkt. # 69, at 7. So it is unclear whether Plaintiff is asserting that a deposition is, in fact, necessary.

STATE DEFENDANTS' CORRECTED
RESPONSE TO PLAINTIFF'S MOTION
FOR DISCOVERY -- NO. 2:24-CV-00637-
JHC

6

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7676

Alternatively, if a deposition is to be allowed, it should be for the limited purpose of explaining the administrative record. More particularly, the Court should confine any additional testimony to subjects that will aid the parties and the Court in their understanding of technical or complex matters such as the capture-recapture methodology. Any such testimony allowed should not be only for discovery purposes, but considered in its whole as a supplement to the record. Questions pertaining to "extra-record" documents and issues should not be permitted.

### D. If This Court Grants Plaintiff's Motion, It Should Stay Discovery Pending Consideration of State Defendants' Dispositive Motion.

Courts have broad discretionary power to control discovery, which includes the power to stay it. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When considering whether to exercise this discretion pending a dispositive motion, courts evaluate whether a stay would save time and costs if the pending motion would obviate the need for discovery. *Travelers Property Casualty Co. of America v. H.D. Fowler Co.*, 2020 WL 832888 at *1 (W.D. Wash. Feb 20, 2020). Courts weigh "two factors in deciding whether to stay discovery when a potentially dispositive motion is pending: (1) whether the pending motion could dispose of the entire case, and (2) whether the motion can be decided without additional discovery." *Id.* (citing *Tradebay, LLC v. eBay, Inc.*, 289 F.R.D. 597, 601 (D. Nev. 2011)). "Assessing these factors requires a court to take a 'preliminary peek' at the pending motion." *Id.* (quoting *Tradebay*, 278 F.R.D. at 603).

State Defendants have asked to be dismissed entirely from this lawsuit. No discovery is needed to decide the motion that is pending before this Court, which is based entirely on the amended complaint. If this Court grants Plaintiff's motion, this Court should exercise its discretion to stay discovery so that it can first consider State Defendant's pending motion to dismiss.

STATE DEFENDANTS' CORRECTED RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY -- NO. 2:24-CV-00637-JHC

7

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7676

## VI. CONCLUSION

The Court should evaluate DOL's action based solely on the record DOL had before it, as the APA requires. Any supplementation of the record should be limited to testimony that helps explain technical or complex matters in the record as it currently exists.

## CERTIFICATION

I certify that this memorandum contains 2,065 words, in compliance with Local Civil Rules.

DATED this 8th day of November, 2024.

ROBERT W. FERGUSON
Washington State Attorney General

*[signature]*

MARYA COLIGNON, WSBA # 42225
Assistant Attorneys General
*Attorney for State Defendants*
E-mail: Marya.Colignon@atg.wa.gov
LalSeaEF@atg.wa.gov

STATE DEFENDANTS' CORRECTED RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY -- NO. 2:24-CV-00637-JHC

8

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7676

## PROOF OF SERVICE

I, Maritza Sierra, hereby certify that on November 8, 2024, I caused to be electronically filed the foregoing document, **State Defendants' Corrected Response to Plaintiff's Motion for Discovery**, with the Clerk of the Court and all parties of record using the CM/ECF system.

BONNIE A. LINVILLE
COLUMBIA LEGAL SERVICES
1301 FIFTH AVENUE, STE 1200
SEATTLE, WA 98101

JOACHIM MORRISON
COLUMBIA LEGAL SERVICES
300 OKANOGAN AVE, STE 2A
WENATCHEE, WA 98801

ANDREA L SCHMITT
COLUMBIA LEGAL SERVICES
711 CAPITOL WAY SOUTH #304
OLYMPIA, WA 98501

KATHLEEN PHAIR BARNARD
BARNARD IGLITZIN & LAVITT LLP
18 WEST MERCER STREET #400
SEATTLE, WA 98119

EDWARD TUDDENHAM
228 W 137TH STREET
NEW YORK, NY 10030

LORI JOHNSON
FARMWORKER JUSTICE FUND
1126 16TH STREET NW, STE 270
WASHINGTON, DC 20036

BRIAN C. KIPNIS
US ATTORNEY'S OFFICE
700 STEWART STREET, STE 5220
SEATTLE, WA 98101-1271

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 8th day of November, 2024 at Seattle, WA.

_____
MARITZA SIERRA, Paralegal

STATE DEFENDANTS' CORRECTED RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY -- NO. 2:24-CV-00637-JHC

9

ATTORNEY GENERAL OF WASHINGTON
Licensing & Administrative Law Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7676