UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO, a labor organization,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF LABOR, and JULIE SU in her official capacity Acting United States Secretary of Labor,<br><br>and<br><br>WASHINGTON STATE EMPLOYMENT SECURITY DEPARTMENT, and CAMI FEEK in her official capacity as Commissioner of Employment Security,<br><br>Defendants. | No. 2:24-cv-00637-JHC<br><br>ORDER ON PLAINTIFF'S MOTION FOR DISCOVERY |

# I

## INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Discovery. Dkt. # 69. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. For the reasons discussed below, the Court GRANTS the Plaintiff's discovery motion. The Court STAYS discovery pending the disposition of Washington's Employment Security Department's (ESD) motion to dismiss at Dkt. # 83.

ORDER ON PLAINTIFF'S
MOTION FOR DISCOVERY - 1

## II

### BACKGROUND

Plaintiff Familias Unidas por la Justicia, AFL-CIO is challenging, under the Administrative Procedures Act (APA), the Department of Labor's (DOL) 2022 prevailing wage regulations related to the H-2A program and the DOL's implementation of those regulations. Of pertinence here, Plaintiff alleges DOL fails to require ESD "to control for non-response bias in its employer survey data." Dkt. # 67 at 24. Plaintiff alleges that growers who employ agricultural workers through the H-2A program "are more likely to respond to the employer survey than non-H-2A employers" and "H-2A employers are likely to give statistically significantly different responses to the survey from the responses given by non-H-2A employers." *Id.* at 23. Plaintiff says that "DOL does not require ESD to control for this or any other form of non-response bias in its employer survey data." *Id.* Plaintiff claims that DOL's actions are "not in accordance with law" because it fails in its duty to prevent adverse effects on local wages, as required by 8 U.S.C. § 1188. *See id.* at 31.

To prove these claims, Plaintiff seeks discovery beyond the administrative record. Dkt. # 69. Specifically, it seeks the disaggregated, complete employer survey response data in an analyzable electronic format, along with information about the essential components of the methodology, in order to show that the data is skewed by the non-response bias and that the methodology approved by DOL does not control for this bias. *Id.* at 2. Plaintiff says that to determine whether DOL has acted contrary to law in approving these survey methods, the Court must evaluate whether prevailing wage surveys are accurate. *Id.* at 5. Plaintiff says that because the complete data set is not in the administrative record, the only way to know whether these surveys are biased it through additional discovery beyond the administrative record. *Id.* at 2.

# III

## DISCUSSION

Under the APA, a court must invalidate "agency action, findings, and conclusions" that are "arbitrary, capricious . . . or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The Ninth Circuit has said,

> Review under the arbitrary and capricious standard "is narrow, and [the Court does] not substitute [its] judgment for that of the agency." Rather, [the Court] will reverse a decision as arbitrary and capricious only if the agency relied on factors Congress did not intend it to consider, "entirely failed to consider an important aspect of the problem," or offered an explanation that "runs counter to the evidence before the agency or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."

*Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc) (quoting *Earth Island Inst. v. U.S. Forest Serv.*, 442 F.3d 1147, 1156–57 (9th Cir. 2006)). Review under the APA is generally limited to the administrative record. *Lands Council v. Powell*, 395 F.3d 1019, 1029 (9th Cir. 2005). But the Court may permit discovery and consider "extra-record" evidence when doing so is "necessary to explain agency decisions." *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996). In this Circuit, extra-record discovery may be permitted:

> (1) [I]f necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) "when the agency has relied on documents not in the record," or (3) "when supplementing the record is necessary to explain technical terms or complex subject matter."

*Id.* (quoting *Inland Empire Pub. Lands Council v. Glickman*, 88 F.3d 697, 703–04 (9th Cir. 1996)). These exceptions are "narrowly construed" and the party seeking to engage in extra-record discovery bears the burden of establishing that one or more such exception applies. *Powell*, 395 F.3d at 1030. Further, "[a]lthough the relevant factors exception permits a district

ORDER ON PLAINTIFF'S
MOTION FOR DISCOVERY - 3

# III

## DISCUSSION

Under the APA, a court must invalidate "agency action, findings, and conclusions" that are "arbitrary, capricious . . . or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The Ninth Circuit has said,

> Review under the arbitrary and capricious standard "is narrow, and [the Court does] not substitute [its] judgment for that of the agency." Rather, [the Court] will reverse a decision as arbitrary and capricious only if the agency relied on factors Congress did not intend it to consider, "entirely failed to consider an important aspect of the problem," or offered an explanation that "runs counter to the evidence before the agency or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."

*Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc) (quoting *Earth Island Inst. v. U.S. Forest Serv.*, 442 F.3d 1147, 1156–57 (9th Cir. 2006)). Review under the APA is generally limited to the administrative record. *Lands Council v. Powell*, 395 F.3d 1019, 1029 (9th Cir. 2005). But the Court may permit discovery and consider "extra-record" evidence when doing so is "necessary to explain agency decisions." *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996). In this Circuit, extra-record discovery may be permitted:

> (1) [I]f necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) "when the agency has relied on documents not in the record," or (3) "when supplementing the record is necessary to explain technical terms or complex subject matter."

*Id.* (quoting *Inland Empire Pub. Lands Council v. Glickman*, 88 F.3d 697, 703–04 (9th Cir. 1996)). These exceptions are "narrowly construed" and the party seeking to engage in extra-record discovery bears the burden of establishing that one or more such exception applies. *Powell*, 395 F.3d at 1030. Further, "[a]lthough the relevant factors exception permits a district

ORDER ON PLAINTIFF'S
MOTION FOR DISCOVERY - 3

court to consider extra-record evidence to develop a background against which it can evaluate the integrity of the agency's analysis, the exception does not permit district courts to use extra-record evidence to judge the wisdom of the agency's action. *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 993 (9th Cir. 2014).

Plaintiff says that the Court should permit this extra-record discovery to allow the Court to evaluate whether the survey methodology was skewed by non-response bias. Dkt. # 69 at 2. It says that this information about bias in the survey methodology will allow the Court to evaluate whether DOL considered all relevant factors and explained its decision when determining whether DOL's approval of the survey methodology was arbitrary and capricious and contrary to law. *Id.*

DOL and ESD oppose this motion. Dkt. ## 80, 84. DOL says that there is no final agency action based on ESD's 2022 survey.[1] *Id.* Plaintiff responds that DOL took final agency actions when Lindsey Baldwin, the Director of DOL's Prevailing Wage Program, issued an official memorandum to the Director of the H-2A Program on July 9, 2024, which validated "ESD's prevailing wage determinations based on the 2022 survey results." Dkt. # 87 at 6. If DOL believes this claim is meritless as a matter of law, it should move to dismiss, so the Court has the benefit of full briefing on this issue. The limited discussion presented thus far does not suffice for the Court to determine whether there is final agency action.

---

[1] DOL also says that the Court should deny this motion because the APA does not apply to ESD. Dkt. # 81 at 2. In its pending motion to dismiss, ESD advances the same argument, and also claims immunity under the Eleventh Amendment. Dkt. # 83 at 4. ESD's motion to dismiss is not yet fully briefed; the motion will note on December 6, 2024. *Id.* at 1. As discussed below, the Court stays discovery pending the outcome of the motion to dismiss.

ORDER ON PLAINTIFF'S
MOTION FOR DISCOVERY - 4

1   ESD says that Plaintiff has not shown that any of the exceptions apply to this extra-record
2   discovery because "[i]f ESD did not provide the information to DOL, then it cannot be the basis
3   of DOL's decision."[2] Dkt. # 84 at 4. Plaintiff responds that discovery is necessary to its claim
4   that DOL failed to consider whether non-response bias was present in the data and failed to
5   account for bias in its decision. Dkt. # 87 at 8. The Court agrees with Plaintiff. The data
6   Plaintiff seeks appears to be necessary "to develop a background against which [the Court] can
7   evaluate the integrity of the agency's analysis." *Locke*, 776 F.3d at 993.
8   In *Zirkle Fruit Co. v. United States Dep't of Lab.*, the court allowed extra-record
9   discovery of the data and methodology behind DOL's piece wage rate calculation. No. 1:19-CV-
10  03180-SMJ, 2020 WL 1917343, at *1 (E.D. Wash. Jan. 27, 2020). Similarly, here, the Court
11  cannot determine whether the agency complied with its statutory duty and considered all relevant
12  factors when a portion of the data that led to the agency decision is not in the administrative
13  record. Plaintiffs have met their burden of showing that this data is necessary to determine
14  "whether the agency have considered all relevant factors." *Sw. Ctr. for Biological Diversity*, 100
15  F.3d at 1450.[3]
16  The Court determines that limited extra-record discovery is "necessary to determine"
17  whether DOL "considered all relevant factors" and accounted for non-response bias in its
18  prevailing wage finding. *Id.* The Court also determines that it will be necessary to evaluate
19  whether prevailing wage determinations are accurate to determine whether DOL is violating the

---

[2] ESD also says that the data is confidential and expresses concerns about maintaining confidentiality of the data. *Id.* at 5. ESD may then seek a protective order for this data.
[3] But the Court notes that its "decision to permit limited extra-record discovery does not mean that all evidence gathered from that discovery will be admissible when evaluating the merits of Plaintiff's claims." *Zirkle Fruit Co.*, 2020 WL 1917343, at *4.

prohibition on "adverse effect" on local wages in 8 U.S.C. § 1188. Accordingly, the Court will permit limited discovery of the information at issue in order to make an informed and reasoned judgment as to whether non-response bias is affecting prevailing wage determinations in the State of Washington.[4]

ESD requests that the Court stay discovery pending the motion to dismiss. Dkt. # 84 at 7. The Court has broad discretion to stay discovery pending the outcome of a motion to dismiss. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The Court considers "two factors in deciding whether to stay discovery when a potentially dispositive motion is pending: (1) whether the pending motion could dispose of the entire case, and (2) whether the motion can be decided without additional discovery." *Travelers Prop. Cas. Co. of Am. v. H.D. Fowler Co.*, No. C19-1050-JCC, 2020 WL 832888, at *1 (W.D. Wash. Feb. 20, 2020).

Here, the pending motion to dismiss could dispose of the case against ESD. Dkt. # 83. If the Court determines that joinder of ESD is not feasible because of immunity under the Eleventh Amendment, then the Court would dismiss ESD from the case. *See* Fed. R. Civ. P. 19(b). In such an event, Plaintiff would need to conduct discovery with respect to ESD as a third party. Further, the motion to dismiss can be resolved without additional discovery. Thus, the Court stays discovery pending resolution of the motion to dismiss at Dkt. # 83.

---

[4] ESD says that Plaintiff is not entitled to take depositions because "a deposition of ESD would not illuminate whether DOL considered all necessary factors." Dkt. # 84 at 6. Plaintiff "requests leave to take a Rule 30(b)(6) deposition of ESD, to be used only if necessary to clarify answers to interrogatories." Dkt. # 69 at 8 n.5. This limited purpose is consistent with Plaintiff's request to seek the data from ESD's survey. Thus, to the extent that Plaintiff seeks to depose ESD to understand the data set provided, the Court will allow it.

ORDER ON PLAINTIFF'S
MOTION FOR DISCOVERY - 6

# IV

## CONCLUSION

For the above stated reasons, the Court GRANTS Plaintiff's Motion for Discovery. ESD shall provide access to the Plaintiff to the following information:

ESD's disaggregated 2022 employer survey response data in an analyzable electronic format (Excel spreadsheets), with a detailed data dictionary, and information about the essential components of the methodology, including but not limited to administrative codes (e.g., NAICS codes), bin widths, non-response weights ESD used in analyzing the data, employer estimates for each bin, and information about what software and code ESD uses consistent with the preceding.

The Court STAYS discovery pending resolution of the motion to dismiss at Dkt. # 83.

Dated this 21st day of November, 2024.

John H. Chun
United States District Judge