Judge Chun

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO, a labor organization

                       Plaintiff,

     v.

UNITED STATES DEPARTMENT OF LABOR, JULIE SU, in her official capacity as Acting United States Secretary of Labor, WASHINGTON STATE EMPLOYMENT SECURITY DEPARTMENT, and CAMI FEEK in her official capacity as Commissioner of Employment Security,

                       Defendants.

CASE NO.  C24-0637JHC

**FEDERAL DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT**

## STATEMENT OF FACTS

On November 25, 2024, the United States District Court for the Eastern District of Kentucky in *Richard Barton v. United States Department of Labor*, Case No. 5: 24-249-DCR, 2024 WL 4886048 (E.D. Ky. Nov. 25, 2024), issued a preliminary injunction enjoining and restraining Federal Defendants from, among other things, "implementing, enacting, enforcing, or taking any action in any manner to enforce" certain provisions of the Final Rule, "Improving Protections for Workers in Temporary Agricultural Employment in the United States," 89 Fed. Reg. 33,898 (Apr. 29, 2024), in certain states and with respect to certain entities.  Among the provisions encompassed by this injunction are what the Court described as Federal Defendants' "new minimum pay requirements

FEDERAL DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT - 1
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

including but not limited to 20 C.F.R. § 655.120(a) and 655.122(l)).” *Id.* at *19.

Among the regulations that the Federal Defendants are enjoined from enforcing against beneficiaries of the *Barton* preliminary injunction is 20 C.F.R. § 655.120(a)(2), which provides:

> Where the wage rates set forth in paragraph (a)(1) of this section are expressed in different units of pay (including piece rates or other pay structures), the employer must list the highest applicable wage rate for each unit of pay in its job order and must offer and advertise all of these wage rates in its recruitment. The employer's obligation to pay the highest of these wage rates is set forth at § 655.122(l)(2).

As Federal Defendants explained in the Final Rule and in their opposition to the *Barton* motion for preliminary injunction, this language was necessary, in light of adverse administrative decisions interpreting the prior version of the rule, to require H-2A employers to list applicable prevailing piece rates on job orders, along with the highest hourly wage rate (typically, the Adverse Effect Wage Rate ("AEWR")). *Barton* Opp. Mot. PI at 36-39[1]; 89 Fed. Reg. at 33956-60. The Final Rule also clarified that H-2A employers are required to pay the highest of these wage rates, including any applicable prevailing piece rates, after the work is performed, though Federal Defendants explained that this was also required under the prior version of the regulations. *Barton* Opp. Mot. PI at 36-39; 89 Fed. Reg. at 33956-60.

However, the Court in *Barton* interpreted the prior version of the regulations as allowing employers to choose whether to pay an hourly wage or a piece rate-based wage according to the method that "best suits their business interest." *Barton*, 2024 WL 4886048, at *13. It viewed the 2024 amendments to this requirement as representing a change from longstanding and historical practice. *Id.* at *3 (describing the 2024 changes to 20 C.F.R. § 655.122(1) as introducing "new, yet retroactive, requirements for H-2A employers"). In the *Barton* Court's view "[t]he Final Rule dictates employers can no longer choose the method by which they calculate their employees' pay in many circumstances." *Id*. at *13. The Court concluded that the Department's Final Rule inadequately explained this change from its "historical" practice of "allow[ing] employers to determine their employees' pay rate because there are reasons why some employers may choose to

---

[1] A true and correct copy of the memorandum filed by Federal Defendants in opposition to the preliminary injunction motion in the *Barton* case is attached to the Sixth Declaration of Brian C. Kipnis and marked as "Exhibit A."

FEDERAL DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT - 2
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

pay on a piece rate as opposed to an hourly rate and *vice versa*." *Id.*  The Court also concluded that there was insufficient justification provided for what it considered to the Department's deviation from its "longstanding practice." *Id.*

Although the geographic scope of the preliminary injunction is limited to several states, it also runs to the benefit of organizational plaintiffs and their members wherever they are located, including the Workers and Farmer Labor Association ("WAFLA") and its members. *Id.* at *20.

In the wake of the *Barton* preliminary injunction, Plaintiff's counsel e-mailed Federal Defendants' counsel on December 9, 2024, and December 12, 2024, to assert that Federal Defendants' approval of four clearance orders submitted by WAFLA and three other entities violated the July 2, 2024 preliminary injunction issued in this case enjoining the Department from enforcing the "One-Year rule" at 20 C.F.R. § 655.120(c)(2) as to prevailing wages in Washington and requiring the reinstatement and enforcement of the 2022 prevailing wage rates in the State during the pendency of this litigation.  Plaintiff's chief concern was that all four clearance orders contained what it viewed as an "AEWR-only" offer, *i.e.,* the clearance orders did not include an express "unequivocal offer" to pay the piece rate wage.  *See e.g.*, Dkt. #104-5, pp. 2-3 (possible eligibility for incentive pay "not an unequivocal offer to pay the piece rates required by the injunction;" "[p]iece rates are mentioned but not unequivocally offered . . ."; "[t]his language violates the order in this case because it is not an unequivocal offer to pay the posted piece rate."). Plaintiff asked the Department to respond to its allegations.

Federal Defendants, through their counsel of record, offered a comprehensive response to Plaintiff's charges in a letter dated December 13, 2024.  Dkt. #104-6.  As Federal Defendants noted in their letter, "[t]he Department takes very seriously its obligation to comply with all court orders to which it is subject." *Id.*  However, as Federal Defendants informed Plaintiff, after careful consideration, the Department concluded that its approval of the four clearance orders did not violate the preliminary injunction issued in this case.  *Id.*

As set forth in its December 13 letter responding to Plaintiff's two messages, the issue raised by Plaintiff concerned the legality of the form of the clearance orders submitted to the Department.

FEDERAL DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT - 3
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

Specifically, Plaintiff's complaint was that the job orders did not make an "unequivocal commitment" to pay a piece rate wage such that they therefore constituted "AEWR-only offers." *Id.* Federal Defendants' letter explained that clearance order requirements, such as the Final Rule's requirement in 20 C.F.R. § 655.120(a)(2) that an employer list the highest applicable wage rate for each unit of pay in its job order and offer and advertise all of these wage rates in its recruitment, are not at issue in the present lawsuit and were not the basis for the preliminary injunction issued in this case. Rather, the Court here issued its preliminary injunction based on Plaintiff's showing of a sufficient likelihood of success on the merits that Federal Defendants' regulation at 20 C.F.R. § 655.120(c)(2) regarding the validity period of prevailing wage rates, *i.e.,* the "One-Year rule," was arbitrary and capricious. Dkt. #40, p. 16, *ll.* 7-8. To correct for this, the Court enjoined Federal Defendants "from enforcing 20 C.F.R. § 655.120(c)(2), the One-Year rule, as to prevailing wages for Washington State." *Id.* at p. 21, *ll.* 15-19. Further, Federal Defendants were ordered to "REINSTATE and enforce the 2020-Survey prevailing wage rates, published in January 2022, until judgment is entered in this case." *Id.* Shortly thereafter, Federal Defendants complied with this injunction, as Plaintiff's motion acknowledges. *See* Dkt. #103, p. 3, *l.* 10 – p. 4, *l.* 13.

Federal Defendants' letter also explained that, because the *Barton* preliminary injunction enjoined the Department from denying job orders that did not meet the requirements of its 2024 regulations, including the new Final Rule requirement that employers include and offer *both* hourly wage rates and piece rates in job orders under the *Barton* order, the Department could not reject them on the basis that they did not include a commitment to pay piece-rate wages. Dkt. #104-6.[2]

Contrary to representations made in Plaintiff's motion, at no point did Federal Defendants espouse the position that "the Kentucky district court's ruling superseded and annulled this Court's

---

[2] According to Plaintiff's "Statement of Facts," Federal Defendants' lawyers in the Justice Department "misled" the Eastern District of Kentucky by failing to mention the unpublished opinion in *Torres Hernandez* and this Court's interlocutory preliminary injunction in their opposing arguments. Dkt. #103, p. 11, *ll.* 9-20. According to Plaintiff's motion, this was the but for cause of the *Barton* Court's "erroneous conclusion." *Id.* In reality, Federal Defendants' lawyers vigorously opposed the preliminary injunction motion in *Barton. See generally* Exhibit A to Sixth Declaration of Kipnis. In any event, Plaintiff's rash allegations and speculation aside, it is not grounds for contempt in this jurisdiction that Federal Defendants did not make all of the arguments that Plaintiff believes should have been made by them in another jurisdiction.

FEDERAL DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT - 4
(Case No. C24-0637JHC)

July 2, 2024, injunction." *See* Dkt. #103, p. 10, *ll.* 9-17.[3]  To the contrary, the letter indicates

unequivocally that "it is of the utmost importance to the Department to remain in compliance with

*both* the preliminary injunction in this case and the preliminary injunction in *Barton*."  Dkt. #104-6

(emphasis in original).  Further, the letter requested of Plaintiff's counsel that "[i]f you believe the

Department has misunderstood any of the operative facts, I would appreciate a further

communication indicating where you believe the Department is incorrect in its understanding."  *Id.*

No further communication was received from Plaintiff or its counsel.  Instead, Plaintiff filed

the instant motion on December 16, 2024.

## ARGUMENT

### I.    LEGAL STANDARDS APPLICABLE TO CIVIL CONTEMPT

A party moving for civil contempt must prove that the non-moving party has violated a court

order by clear and convincing evidence.  *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse

Union, Locs. 21 & 4*, 721 F.3d 1122, 1129 (9th Cir. 2013).  A bare preponderance of the evidence

will not suffice.  *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945

(9th Cir. 2014).

Secondly, the court must find that the order violated is "clear and unambiguous." *Next Invs.,

LLC v. Bank of China*, 12 F.4th 119, 131 (2d Cir. 2021).  A party can only be held in contempt for

behavior clearly prohibited by a court order "'within its four corners.'" *United States v. ITT

Continental Baking Co.*, 420 U.S. 223, 237 (1975) (*quoting United States v. Armour & Co.*, 402 U.S.

---

3  Plaintiff misleadingly quotes Federal Defendants' letter out of context.  Federal Defendants' letter never asserts, as Plaintiff implies, that an action compelled by the *Barton* preliminary injunction cannot be, for that reason alone, a violation of the preliminary injunction in this case.  *See* Dkt. #103, p. 9, *l.* 22 – p. 10, *l.* 5.  That is not the Department's position and has never been the Department's position.  Rather, as Federal Defendants' letter explains, the AEWR-only issue was raised in *Torres Hernandez*, not in this lawsuit, and no order emerged from either *Torres Hernandez* or this case barring the Department from approving AEWR-only clearance orders.  Thus, as Federal Defendants' letter accurately states:

> [B]ecause the legality of AEWR-only wage rate offers is not an issue in this lawsuit, the approval of a clearance order containing an AEWR-only wage rate, as compelled by the preliminary injunction in *Barton*, does not violate Judge Chun's preliminary injunction.

Dkt. #104-6.  Also, contrary to another assertion in Plaintiff's motion, *see* Dkt. #103, p. 10, *ll.* 5-9, Federal Defendants' letter does not assert a refusal to "enforce" 2022 prevailing wage rates in Washington.

FEDERAL DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT - 5
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

673, 682 (1971)).  "If an injunction does not clearly describe prohibited or required conduct, it is not enforceable by contempt."  *Gates v. Shinn*, 98 F.3d 463, 468 (9th Cir. 1996).  Thus, "[t]o hold a party in contempt, the district court must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated."  *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989) (internal citations omitted).

Finally, the Court must find that the party has not diligently attempted to comply in a reasonable manner.  *In re Markus*, 78 F.4th 554, 566 (2d Cir. 2023).  "The failure to meet the strict requirements of an order does not necessarily subject a party to a holding of contempt."  *Dunn v. New York State Dep't of Lab.*, 47 F.3d 485, 490 (2d Cir. 1995).  And "[c]onduct that evinces substantial, but not complete, compliance with the court order may be excused if it was made as part of a good faith effort at compliance."  *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990) (citations omitted); *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982) (party acting based on a good faith and reasonable interpretation of the court's order should not be held in contempt).

Where a party is called upon to comply with overlapping court orders from different jurisdictions, "[a] mere refusal to acknowledge that one court decree is superior to another is not a violation of the letter and spirit of either."  *Loyning v. Loyning*, 171 F.2d 565, 567 (9th Cir. 1949).

II.    THE LEGALITY OF AEWR-ONLY CLEARANCE ORDERS HAS NOT BEEN RAISED AS AN ISSUE IN THIS LAWSUIT NOR WAS THE APPROVAL OF SUCH ORDERS CLEARLY AND UNEQUIVOCALLY PROSCRIBED

In neither the original nor the amended complaint filed in this action did Plaintiff seek relief based upon an allegation that the Department is acting illegally by approving clearance orders that contain AEWR-only wage offers.  *See generally,* Dkts. #1 and 67.  Further, Plaintiff's preliminary injunction motion did not seek relief based on the alleged unlawfulness of Federal Defendants' approval of such orders.  Instead, Plaintiff argued that the "One-Year rule," embodied in 20 C.F.R. §655.120(c)(2), whereby published prevailing wage rates automatically expire after one year (subject to certain conditions), was arbitrary and capricious. Dkt. #9, pp. 10-11.  Plaintiff also argued that the way in which ESD interpreted the "25% rule" in the course of conducting its 2022

FEDERAL DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT - 6 (Case No. C24-0637JHC)

UNITED STATES ATTORNEY 5220 UNITED STATES COURTHOUSE 700 Stewart Street Seattle, Washington 98101-1271 (206)-553-7970

prevailing wage survey would be shown to be arbitrary and capricious. *Id.*, pp. 11-12. Lastly, Plaintiff argued that the population estimate methodology used by ESD in conducting its 2022 prevailing wage survey was arbitrary and capricious. *Id.*, pp. 12-14. In other words, two of Plaintiff's arguments in support of its motion for a preliminary injunction concerned the methodology used by ESD in conducting its 2022 survey to find prevailing wage rates and one, which was the basis for the Court's injunction, concerned the automatic expiration of prevailing wage rates. None of the issues raised by Plaintiff in its preliminary injunction motion challenged the Department's regulations concerning the approval of clearance orders. Only one of these grounds, the alleged arbitrariness of the "One-Year rule," was held by this Court to have sufficient merit to warrant relief *pendente lite.* Dkt. #40, p. 2, *ll.* 4-7.

Plaintiff is bound by the claims that it pled and placed in issue before the Court. Issues that were never raised nor adjudicated by this Court may not be read into this action in order to obtain an order of contempt against Federal Defendants.

Plaintiff's assertion that this Court's preliminary injunction "clearly enjoined DOL to require H-2A employers to offer and pay any 2020 prevailing piece rate applicable to their crop activities," Dkt. #103, p. 3, *ll.* 7-10, does not make it so. The Court simply ordered Federal Defendants to "REINSTATE and enforce the 2020-Survey prevailing wage rates." The purpose of that relief was to rectify the consequences of what the Court believed to be an arbitrary regulation that caused prevailing wage rates to automatically expire after one year. DOL has complied with this requirement by reinstating the 2022 prevailing wage rates for Washington State, which consisted of both prevailing piece rates and hourly wages, and reviewing H-2A applications and job orders from Washington to ensure employers listing piece rates and hourly wages are listing the applicable 2022 prevailing piece rates and hourly wages, as these wages are no longer expired rates due to the One-Year rule.

Federal Defendants' approval of AEWR-only clearance orders, consistent with the *Barton* preliminary injunction, does not violate any requirement of the preliminary injunction issued in this case. Accordingly, the motion to hold Federal Defendants in contempt should be denied.

FEDERAL DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT - 7
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

III.    NO ORDER ISSUED IN *TORRES HERNANDEZ* REQUIRES FEDERAL DEFENDANTS TO DISAPPROVE CLEARANCE ORDERS CONTAINING AEWR-ONLY OFFERS

Plaintiff erroneously relies on the Ninth Circuit's unpublished memorandum in *Torres Hernandez* as the basis for its argument that Federal Defendants should be held in contempt of this Court's July 2, 2024 preliminary injunction order. The *Torres Hernandez* litigation involved a direct challenge to Federal Defendants' approval of AEWR-only clearance orders. In June 2023, the plaintiffs in that litigation sought an emergency injunction in the Eastern District of Washington that would have prohibited the Department from approving AEWR-only clearance orders under the version of 20 C.F.R. § 655.120(a) that was in effect at that time. The district court denied the motion, concluding that nothing in 20 C.F.R. § 655.120(a) prohibited the Department from approving AEWR-only clearance orders. After stipulating to entry of a final judgment, the plaintiffs appealed the denial of injunctive relief to the Ninth Circuit.

While the case was on appeal, the Department adopted the Final Rule referenced above, "Improving Protections for Workers in Temporary Agricultural Employment in the United States," 89 Fed. Reg. 33,898 (Apr. 29, 2024). As relevant here, the Final Rule amended 20 C.F.R. § 655.120(a) to require H-2A employers to offer any "piece rate" wage that DOL has found to be the "prevailing wage" for work covered by the employer's foreign labor certification, in addition to the AEWR. *See supra* at p. 2. This revision brought 20 C.F.R. § 655.120(a) in line with the plaintiffs' interpretation of the prior version of the regulation—namely to prohibit AEWR-only clearance orders.

The Ninth Circuit agreed with Federal Defendants' argument that the plaintiffs' request to enjoin the Department from approving AEWR-only clearance orders was moot. *Torres Hernandez v. Su*, No. 23-35582, 2024 WL 2559562, at *1 (9th Cir. May 24, 2024). The court nonetheless proceeded to interpret the *prior* version of the regulation to resolve a collateral issue relating to how DOL would determine prevailing wage rates from wage survey data that had been collected while the prior version of the regulation was in effect. The court noted that the prior version of 20 C.F.R. § 655.120(a) already required employers to offer a prevailing wage if that wage is a piece rate. *Id.*

FEDERAL DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT - 8
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

That was because, according to that court, "although how much a given piece-rate worker will earn is unknown in advance, it will never be less than he or she would earn if paid an hourly rate a piece rate." *Id*.

Although the Ninth Circuit decision concluded "[t]here is no reason to think that the [pre-2024 Final Rule] regulations contemplate calculating piece rate prevailing wages under [20 C.F.R.] § 655.120(c) but exclude such wages from consideration under [20 C.F.R.] § 655.120(a)," the Ninth Circuit did not order the Department to reject job orders listing only an AEWR.  *See Torres Hernandez* at *12, *n*.4.  The Ninth Circuit order issued a much "narrow[er] form of relief:" it requires only "vacatur of improperly approved AEWR-only job orders for the 2023 harvest season and exclusion of wages paid under those orders from future prevailing wage surveys."

While Federal Defendants' approval of AEWR-only job orders in the wake of the *Barton* preliminary injunction may not resolve the Ninth Circuit's concern as expressed in its unpublished memorandum in *Torres Hernandez* that orders should expressly offer the piece rate prevailing wage, Federal Defendants' actions are not contrary to the relief ordered in *Torres Hernandez*.  On September 23, 2024, pursuant to the mandate of the Court of Appeals, the District Court entered the following permanent injunction:

> Plaintiffs' Motion for Entry of Permanent Injunction Order on AEWR Only Claim, ECF No. 246, is GRANTED.  Accordingly:
>
> *ESD* shall exclude from future prevailing wage survey results any reported wages that (1) exactly match the AEWR; (2) were paid by an employer that had received an AEWR-only job order for the 2023 harvest season; and (3) were paid during the 2023 harvest season for work in an agricultural activity with a piece-rate prevailing wage during that season.

*Torres Hernandez v. United States Dep't of Lab.*, No. 1:20-CV-3241-TOR, ECF No. 252 (E.D. Wash. Sept. 23, 2024). (Emphasis added).[4]  Thus, the permanent injunction issued by the Eastern District of Washington in *Torres Hernandez* does not compel Federal Defendants to categorically reject clearance orders containing AEWR-only wage rate offers.  Indeed, the injunction does not require Federal Defendants to take any action or refrain from taking any action.  The only party

---

4  The Court is requested to take judicial notice of this order.  A true and correct is marked as Exhibit B to the Sixth Declaration of Kipnis.

FEDERAL DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT - 9
(Case No. C24-0637JHC)

compelled to take any action by the *Torres Hernandez* permanent injunction is ESD.  Thus, Plaintiff's reliance on the Ninth Circuit's unpublished memorandum to support its argument that the Department should be held in contempt of the preliminary injunction here because it is somehow acting in violation of any order issued by the Eastern District of Washington in *Torres Hernandez* is incorrect.

In contrast, the *Barton* Court, which enjoined Defendants from enforcing the 2024 rule's offered wage provision, held that the 2024 version of this provision "deviates from the [Department's] longstanding practice recognizing employers may choose to pay their employees in the manner that best serves their business interest."  *Barton*, 2024 WL 4886048, at *13.  The *Barton* Court's basis for holding that the offered wage provision was arbitrary and capricious was that the Department failed to display awareness of this change and failed to adequately explain it.  *Id.*  In other words, it viewed the prior regime as allowing employers to comply with the offered wage provision without necessarily offering and paying a piece rate—a conclusion that conflicts with the Ninth Circuit panel's reading of the requirements of the prior offered wage provision in its unpublished memorandum.

Federal Defendants acknowledge that the Ninth Circuit panel in *Torres Hernandez* and the *Barton* Court read the prior version of the offered wage provision differently.  However, to avoid the risk of failing to comply with the *Barton* preliminary injunction, Federal Defendants have not rejected the four job orders at issue.

Plaintiff advances the technical argument that by enjoining only the operation of the 2024 regulations, the *Barton* Court failed to accomplish its evident objective.  According to Plaintiff, because only the 2024 version of the regulations was enjoined in *Barton*, the prior version, interpreted in *Torres Hernandez,* apply in circumstances where the *Barton* preliminary injunction prohibits application of the 2024 version.  Yet, as Plaintiff concedes, the *Barton* Court's rationale would apply to both versions of the regulations.  Dkt. #103, p. 18, *ll.* 10-14 ("The reasoning of the Kentucky injunction—that employers should not be required to pay by a particular method of payment—would apply to the prior regulations as well").  Even if the Court were to adopt Plaintiff's

FEDERAL DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT - 10 (Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

position that the language it relies on in the Ninth Circuit's unpublished order is somehow binding

on the Department, an issue that has not been briefed before this Court, the Department is equally

bound in a contradictory manner by the *Barton* preliminary injunction. As noted above, the

Department amended 20 C.F.R. § 655.120(a) to explicitly require H-2A employers to offer and

advertise any prevailing wage rate, if applicable, in addition to the AEWR, to change its

longstanding practice of only requiring them to list a wage offer that is at least equal to the highest

applicable hourly wage—usually the AEWR—on job orders at the certification stage, which was

adopted as a result of adverse administrative decisions. *See* 89 Fed. Reg. at 33957. While Plaintiff

places considerable weight on the Ninth Circuit's unpublished memorandum, the *Barton* Court, in

the order issuing its preliminary injunction, shows that it has a far different understanding of the pre-

2024 regulation. In light of the *Barton* injunction, the Department reasonably returned to its pre-

2024 regulation policy, mandated by administrative rulings, of not denying AEWR-only orders lest

it open itself to an allegation that it was willfully violating the *Barton* preliminary injunction. As

discussed above, this approach does not violate the permanent injunction issued in *Torres Hernandez*

and is an entirely reasonable course in light of the *Barton* Court's preliminary injunction order. A

case for contempt is not made out in these circumstances. *See Loyning v. Loyning*, 171 F.2d 565,

567 (9th Cir. 1949).

Also, the last word has not been spoken in *Barton* as, presumably, the issues will be

presented to the Court for a ruling on the merits in the context of a summary judgment motion. For

now, however, Federal Defendants have determined that the best course for them is to act in

accordance with the evident purpose and language of the *Barton* injunction. As set forth above,

doing so does not put them in violation of any order issued in *Torres Hernandez*.[5]

---

5 If Plaintiff believes that Federal Defendants have violated any order in *Torres Hernandez*, the appropriate remedy is for them to move for contempt in the Eastern District of Washington, not here. It is a longstanding principle that "[c]ontempt proceedings, whether civil or criminal, must be brought in the court that was allegedly defied by a contumacious act." *Bruce v. Citigroup Inc.*, 75 F.4th 297, 303 (2d Cir. 2023), *cert. denied*, ___ U.S. ___, 144 S. Ct. 565, 217 L. Ed. 2d 300 (2024) (citation omitted).

FEDERAL DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT - 11
(Case No. C24-0637JHC)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to hold Federal Defendants in contempt for violating this Court's July 2, 2024 preliminary injunction should be denied.

**CERTIFICATION**

I certify that this memorandum contains 4,180 words, in compliance with Local Civil Rule LCR 7(e)(2).

DATED this 31st day of December 2024.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

*/s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206 553 7970
E-mail: brian.kipnis@usdoj.gov

Attorneys for Federal Defendants

FEDERAL DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT - 12
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970