UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF LABOR; JULIE A SU, in her official capacity, Acting United States Secretary of Labor; WASHINGTON STATE EMPLOYMENT SECURITY DEPARTMENT; CAMI FEEK, in her official capacity, Commissioner of Employment Security, <br><br> Defendants. | CASE NO. 2:24-cv-00637-JHC <br><br> ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS |

# I
## INTRODUCTION

This matter comes before the Court on State Defendants' Corrected Motion to Dismiss, Dkt. # 83, filed by Washington State Employment Security Department (ESD) and Cami Feek in her official capacity as Commissioner of Employment Security (collectively, State Defendants). State Defendants contend that they should be dismissed from this case for failure to state a claim

ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS - 1

under Federal Rule of Civil Procedure 12(b). The Court has reviewed the materials filed in support of and in opposition to the motion, the record, and the governing law. Being fully advised, the Court GRANTS State Defendants' motion.

## II
### DISCUSSION

A.   Washington State Employment Security Department

The Court ordered Familias to join ESD as a necessary party because it had "no information regarding ESD's position on the sovereign immunity issue." Dkt. # 63 at 6. ESD now asserts sovereign immunity. Dkt. # 83 at 6. Familias consents to dismissal of ESD. Dkt. # 93 at 2. The United States Department of Labor (DOL) and Julie Su, in her official capacity as Acting United States Secretary of Labor (collectively, Federal Defendants) neither support nor oppose dismissal of ESD. Dkt. # 98.

Thus, the Court dismisses ESD from this case without prejudice.[1]

B.   Commissioner of Employment Security Cami Feek

Sovereign immunity also bars suit against Commissioner Feek. Familias concedes that it does not directly assert a claim against Commissioner Feek. Dkt. # 93 at 3. But because ESD is implicated in the challenged regulatory scheme,[2] Familias asks the Court to declare that

---

[1] Dismissals based on state sovereign immunity are generally "without prejudice so that a plaintiff may reassert his claims in a competent court." *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (quoting *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988)). Familias does not directly assert a claim against State Defendants in its amended complaint, but generally contends that State Defendants are not properly cooperating with DOL. *See infra*, Section II.B. Because neither party addresses why State Defendants should be dismissed with or without prejudice, the Court dismisses State Defendants without prejudice because there is a possibility that Familias may try to seek relief in another court.

[2] Familias' initial complaint challenged DOL's "2022 prevailing wage rules related to the federal 'H-2A' temporary agricultural visa program *as well as certain policies and practices*" implemented by ESD. Dkt. # 1 at 1 (emphasis added). Federal Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(7) for failure to join ESD as a required party. Dkt. # 50. The parties have briefed at length the extent to which ESD participates in DOL's regulatory scheme. Dkt. ## 50, 54, and 57.

ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS - 2

Commissioner Feek's actions violate several federal laws. Dkt. # 67 at 33, ¶ 7. Familias contends that Commissioner Feek should not be dismissed because: (1) Commissioner Feek is subject to suit under *Ex parte Young*, 209 U.S. 123 (1908), which creates an exception to state sovereign immunity; and (2) Federal Rule of Civil Procedure 19 allows joinder even when no claim is asserted against a defendant if the party is necessary to afford complete relief. Dkt. # 93 at 3–4.

        1.        State Sovereign Immunity

Commissioner Feek is not subject to suit under *Ex parte Young* because Familias does not allege that she violates federal law. The Eleventh Amendment not only prohibits suits against a state and its agencies, but "also shields state officials from official capacity suits." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010). But under *Ex parte Young*, sovereign immunity "does not bar claims seeking prospective injunctive relief against state officials to remedy a state's ongoing violation of federal law." *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016). While *Ex parte Young* rests on a fiction that a state officer violating federal law "is not the State for sovereign-immunity purposes," the Supreme Court has cautioned courts to apply the exception in a manner that "reflect[s] a proper understanding of its role in our federal system and respect for state courts instead of a reflexive reliance on an obvious fiction." *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997). The broad purpose of *Ex parte Young* is "to vindicate the supremacy of federal law." *In re Ellett*, 254 F.3d 1135, 1138 (9th Cir. 2001) (en banc).

Familias does not show that the *Ex parte Young* fiction applies, much less show that joining Commissioner Feek is necessary for federalism purposes. "For a suit to proceed under *Ex parte Young*, the plaintiff must allege—not prove—an ongoing violation of federal law."

ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS - 3

*R. W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1221 (9th Cir. 2023).  Familias asks the Court to "[d]eclare that ESD's and Commissioner Feek's actions . . . are in violation of 20 C.F.R. § 655.120(c)(1)(v), 8 U.S.C. § 1188, 8 U.S.C. §[] 1101(a)(15)(H)(ii)(A), and/or 20 C.F.R. § [653.]501(c)(2)(i)" and to "[o]rder ESD and Commissioner Feek to take all actions necessary for [ESD] to comply with any relief granted as to DOL."  Dkt. ## 67 at 33, ¶¶ 7–8; 93 at 4–5 n.1–2 (clarifying typographical errors).  But Familias does not adequately allege that Commissioner Feek violates any of these federal laws.

First, 20 C.F.R. § 655.120(c)(1)(v) provides that the Office of Foreign Labor Certification (OFLC) Administrator will issue a prevailing wage if, among other requirements, ESD submits a survey that "reports the average wage of U.S. workers in the crop activity or agricultural activity and distinct work task(s), if applicable, and geographic area using the unit of pay used to compensate the largest number of U.S. workers whose wages are reported in the survey."  Familias alleges that:

> In direct violation of this regulation, ESD uses its complex capture/recapture methodology to weight the data in employer responses before calculating the prevailing wage from the weighted data. That is, rather than determine the prevailing wage based on the workers represented by each survey response as § 655.120(c)(1)(v) requires, ESD mathematically manipulates the data to determine the estimated number of workers in the entire population represented by each employer's response and then determines the prevailing wage based on that manipulated data.

Dkt. # 67 at 14–15, ¶ 71.

But Familias does not explain how Commissioner Feek can violate 20 C.F.R. § 655.120(c)(1)(v) when it does not appear to impose a duty on ESD.  Under a plain reading, the regulation only imposes a duty on DOL to issue a prevailing wage if ESD's survey satisfies certain requirements; the regulation does not impose a duty on ESD to use a particular method in conducting its surveys (even if some methods may not be approved by DOL).  Indeed, Familias'

amended complaint alleges that it is DOL—not Commissioner Feek—that violates this regulation by "instruct[ing] ESD that its manipulation of the survey responses and calculation of the prevailing wage based on the manipulated data rather than the actual survey data is a valid method of calculation under the regulations." Dkt. # 67 at 15, 31 ¶¶ 74, 185.  Familias does not specifically respond to State Defendants' contention that this regulation does not impose a duty on ESD.  Dkt. # 83 at 7–8.  Because Familias has not shown that there is a reason to depart from the plain meaning of the regulation, the Court concludes that Familias fails to state a claim against Commissioner Feek under 20 C.F.R. § 655.120(c)(1)(v).

Second, 8 U.S.C. § 1188 provides the regulatory structure of the H-2A program.  In general, the statute requires that before the Attorney General can approve petitions for noncitizens to work under the H-2A program, the Secretary of Labor must certify that there is a need for workers and that new workers will not adversely affect the wages of existing workers. 8 U.S.C. § 1188(a)(1).  Familias does not allege that Commissioner Feek violates a specific subsection of 8 U.S.C. § 1188 and does not respond to State Defendants' observation that the statute "does not mention state workforce agencies."[3]  Dkt. # 83 at 8.  Thus, Familias fails to state a claim against Commissioner Feek under 8 U.S.C. § 1188.

Third, 8 U.S.C. § 1101(a)(15)(H)(ii)(A) defines "immigrant" to mean any "alien" except one meeting certain criteria.  Familias alleges that this subsection prohibits employers from hiring noncitizens to fill temporary agricultural jobs unless, in the words of the subsection: "unemployed persons capable of performing such service or labor cannot be found in this country." Dkt. # 67 at 4, ¶ 13.  Familias does not respond to State Defendants' statement that

---

[3] Familias alleges that "DOL funds state workforce agencies (SWAs) to conduct prevailing wage surveys at least once a year using DOL's guidelines and to report the findings to DOL for approval," and that the SWA in Washington is ESD. Dkt. # 67 at 5, ¶¶ 23–24.

ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS - 5

this subsection merely "defines the term 'H-2A worker.'" Dkt. # 83 at 8. Because it is unclear how Commissioner Feek's conduct violates this subsection, the Court concludes that Familias fails to state a claim against Commissioner Feek under 8 U.S.C. § 1101(a)(15)(H)(ii)(A).

Finally, 20 C.F.R. § 653.501(c)(2)(i) concerns the responsibilities of SWAs like ESD in processing clearance orders. The subsection provides in part that SWAs must ensure, "[t]he wages offered are not less than the applicable prevailing wages, as defined in § 655.103(b) of this chapter, or the applicable Federal or State minimum wage, whichever is higher." But Familias does not point to specific paragraphs in its amended complaint alleging that Commissioner Feek violates this provision. Instead, Familias says that "ESD is required to conduct prevailing wage surveys using the sub-regulatory guidance set forth by DOL in Handbook 385," which cites 20 C.F.R. § 653.501. Dkt. # 93 at 6. Without referring to SWAs specifically, Handbook 385 provides a general statement that "[a]ccurate farm wage data are essential" to the effective operation of the regulatory scheme. Dkt. # 76-1 at 6.

Even assuming that this guidance document is a federal law for applying *Ex parte Young*, Familias has not sufficiently alleged that Commissioner Feek has violated it. As discussed above regarding 20 C.F.R. § 655.120(c)(1)(v), it appears that it is DOL, not Commissioner Feek, that ensures the accuracy of wage data used to set prevailing wages. Handbook 385's general statement that "[a]ccurate farm wage data are essential" is not enough for the Court to draw a contrary inference. The Court concludes that Familias does not state a claim against Commissioner Feek under 20 C.F.R. § 653.501(c)(2)(i) or Handbook 385.[4]

---

[4] Familias relies on two more laws not mentioned in its request for declaratory relief: (1) 29 U.S.C. § 49g; and (2) RCW 50.12.180. Dkt. # 93 at 6–7. Under 29 U.S.C. § 49g, states receiving federal benefits must submit state plans to the Secretary of Labor. Familias says that by submitting a state plan on behalf of ESD, Commissioner Feek agreed to carry out all activities "to support the Secretary of Labor's responsibilities under the Immigration and Nationality Act as well as all other standard certifications and assurances as a condition of receiving the Federal grant funds." *Id.* (quoting Dkt. # 55-1 at 57). But Familias does not specifically allege how Commissioner Feek violates this general agreement

ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS - 6

### 2. Federal Rule of Civil Procedure 19

Familias says that even though it does not assert a claim against Commissioner Feek, she can still be joined under Fed. R. Civ. P. 19 because she is a necessary party to afford Familias complete relief. Dkt. # 93 at 3. But Familias relies only on cases in which courts have allowed such joinder of non-state parties. *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 356 & n.43 (1977) (allowing joinder of a union); *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1344–45 (9th Cir. 1995) (allowing joinder of private parties). Familias cites no authority holding that, apart from *Ex parte Young*, there is another exception to state sovereign immunity when a state official is a necessary party to afford a plaintiff complete relief.

Thus, the Court concludes that state sovereign immunity bars suit against Commissioner Feek and dismisses her from this case without prejudice.

### C. The Case Proceeds Against Federal Defendants

Because the Court concludes that joinder of State Defendants is not feasible, the Court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The Court must generally consider: (1) whether proceeding with the suit would prejudice the absent or existing parties; (2) whether a judgment rendered without the absent parties would be adequate; and (3) whether the plaintiff would have an adequate remedy if the action were dismissed. *Id.*

State Defendants do not raise any prejudice they would suffer if the case proceeds against Federal Defendants. Dkt. # 102 at 6 ("ESD takes no position on whether this case should proceed among Plaintiff and USDOL Defendants."). Familias and Federal Defendants do not

---

to support DOL. And because RCW 50.12.180 is a state law, Familias cannot rely on it to invoke *Ex parte Young*. *Doe v. Regents of the Univ. of California*, 891 F.3d 1147, 1153 (9th Cir. 2018) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984)).

dispute that a judgment rendered without State Defendants would be adequate. Dkt. ## 93 at 8–9; 98 ("Federal Defendants neither support nor oppose the motion to dismiss."). ESD also reaffirms that "[s]hould USDOL direct ESD to use a different methodology, ESD will comply with USDOL's instructions." Dkt. # 102 at 6. And Familias says that it would lack an adequate remedy if the case were dismissed because it would be unable to hold DOL accountable under the APA. Dkt. # 93 at 9–10. No party objects to the case proceeding against Federal Defendants and the Court does not otherwise conclude that it is necessary to dismiss the case.

The case will proceed against Federal Defendants.

### III
### CONCLUSION

For these reasons, the Court GRANTS State Defendants' motion to dismiss. The Court DISMISSES State Defendants from this case without prejudice. The Court declines to grant Familias leave to amend as to the foregoing because the Court does not see how amendment can overcome State Defendants' sovereign immunity. *See Tron-Haukebo v. Washington State Dep't of Transportation*, 2023 WL 7183573, at *2 (W.D. Wash. Nov. 1, 2023). The case will proceed against Federal Defendants.

Dated this 6th day of January, 2025.

*[signature]*

John H. Chun
United States District Judge