1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO,

                              Plaintiff,

         v.

UNITED STATES DEPARTMENT OF LABOR; JULIE A SU, in her official capacity, Acting United States Secretary of Labor,

                              Defendants.

CASE NO. 2:24-cv-00637-JHC

ORDER

**I**
**INTRODUCTION**

This matter comes before the Court on Plaintiff Familias Unidas por la Justicia, AFL-CIO's Motion to Complete and Supplement the Administrative Record, Dkt. # 85, Federal Defendants' Cross-Motion to Supplement the Administrative Record and for Partial Summary Judgment, Dkt. # 89, and Familias's Motion for Leave to File Second Amended Complaint, Dkt. # 111. The Court has reviewed the materials filed in support of and in opposition to the motions, the record, and the governing law.

Being fully advised, the Court GRANTS Federal Defendants' cross-motion for partial summary judgment. The Court DENIES both Familias's motion to complete the record and Federal Defendants' cross-motion to supplement the record as moot. The Court GRANTS in part Familias's motion to supplement the record as to the Besso and Baldwin Declarations. The Court DENIES in part Familias's motion to supplement the record as to all other proposed documents. The Court DENIES Familias's motion for leave to file a second amended complaint as moot.

## II
### BACKGROUND

Under the H-2A program, employers may bring temporary foreign workers into the United States. 8 U.S.C. § 1188. Before an employer can obtain a visa for a foreign worker, the employer must apply for a certification from the United States Department of Labor (DOL) that there are not enough workers at the time and place to fulfill the employer's need, and that employment of a foreign worker "will not adversely affect the wages and working conditions of workers in the United States similarly employed." *Id.* (a)(1)(A)–(B). DOL regulations require H-2A employers in agriculture to pay a wage that is either the Adverse Effect Wage Rate (AEWR) (a state-specific hourly minimum wage) or a prevailing wage rate.[1]

Because prevailing wages can include piece-rate wages (i.e., pay based on the amount of a crop harvested instead of the number of hours worked) and hourly rates of pay higher than the AEWR, DOL recognizes that prevailing wages "serve as an important protection for workers." 88 Fed. Reg. 12760, 12775 (Feb. 28, 2023). Although DOL determines the AEWR, 20 C.F.R.

---

[1] Under 20 C.F.R. § 655.120(a), H-2A employers are required to pay the wage that is at least the highest of: (1) the AEWR; (2) a prevailing wage rate; (3) the agreed-upon collective bargaining wage; (4) the Federal minimum wage; or (5) the State minimum wage. But in agriculture, the AEWR and the prevailing wage are the only relevant wages because federal and state minimum wages are lower and collective bargaining agreements are not common in the industry. Dkt. # 40 at 2–3.

§ 655.1300, it delegates to state workforce agencies (SWAs) the task of collecting data to calculate prevailing wage rates. *See* 20 C.F.R. § 655.1300(c). SWAs follow DOL guidelines for this task and then submit the prevailing wage rates and the survey methods used to DOL for validation. *See* 20 C.F.R. § 655.120(c); 87 Fed. Reg. 61660, 61679, 61689 (Oct. 12, 2022).

In 2022, DOL issued regulations that changed the way that prevailing wages are calculated, 87 Fed. Reg. 61660, and a rule that prevailing wages expire after one year, 20 C.F.R. § 655.120(c)(2), (One-Year rule). Relying on these new regulations, Washington's SWA, the Employment Security Department (ESD), conducted and submitted a survey to DOL for review. Dkt. # 34 at 2. But while DOL was reviewing the submission, the prior prevailing wage rates expired under the One-Year rule. Without a prevailing wage in effect, there was uncertainty as to the wages that workers would be paid. *See* Dkt. # 40 at 17–20.

A.    Preliminary Injunction

Before DOL published new prevailing wage rates for Washington, Familias sued DOL and Julie Su, in her official capacity as Acting United States Secretary of Labor to "challeng[e] the agency's 2022 prevailing wage rules related to the federal 'H-2A' temporary agricultural visa program as well as certain policies and practices implementing those prevailing wage regulations." Dkt. # 67 at 1, ¶ 1. Familias filed a Motion for Preliminary Injunction, Dkt. # 9, to (i) enjoin the One-Year rule; (ii) enjoin the 25% rule, 20 C.F.R. § 655.120(c)(1)(ix),[2] a rule that Familias alleges contributed to ESD's 2022 survey finding of almost no prevailing piece-rate

---

[2] The 25% rule requires the Office of Foreign Labor Certification (OFLC) administrator to issue a prevailing wage if, in addition to other requirements, "the estimated universe of employers is at least 4" and "the wages paid by a single employer represent no more than 25 percent of the sampled wages in the unit of pay used to compensate the largest number of U.S. workers whose wages are reported in the survey."

wages, Dkt. # 67 at 11, ¶ 50; and (iii) rescind DOL's approval of ESD's population estimate survey method and direct ESD to conduct its survey with a different method.

On July 2, 2024, the Court enjoined the One-Year rule and ordered DOL to reinstate the prevailing wage rates based on a 2020 survey, which were published in January 2022.  Dkt. # 40 at 21–22.  The Court denied Familias's motion as to the 25% rule and DOL's approval of ESD's population estimate survey method because Familias did not provide enough information about DOL's decision-making process.  *Id.* at 16.

B.    Joinder and Dismissal of ESD

The parties disputed whether ESD was a necessary party because Familias challenged ESD's implementation of DOL's regulations.  Federal Defendants filed a Motion to Dismiss for Failure to Join a Party Under Rule 19.  Dkt. # 50.  The Court ordered ESD to be made a party to this suit because it was unclear whether ESD would invoke state sovereign immunity.  Dkt. # 63 at 5–6.  Familias amended its complaint to join ESD and its Commissioner in her official capacity (State Defendants).  Dkt. # 67.

Once joined, State Defendants filed a Motion to Dismiss on state sovereign immunity grounds.  Dkt. # 79.  Familias consented to dismissal of ESD and the Court concluded that Familias did not sufficiently allege that ESD's Commissioner was violating federal law.  Dkt. # 117 at 2–3.

Thus, the Court dismissed State Defendants from this case.  *Id.* at 8.  But while State Defendants were still joined, the parties filed additional motions.

C.    Familias's Motion for Discovery and Final Agency Action Issue

After amending its complaint to join State Defendants but before the Court dismissed them from this case, Familias filed a Motion for Discovery.  Dkt. # 69.  Based on its allegations that ESD's survey method is flawed, Familias sought "discovery of the disaggregated complete

survey response data that ESD used to do its calculations . . . along with information about the essential components of the methodology." *Id.* at 1–2. DOL responded that there is no final agency action based on ESD's 2022 survey. Dkt. # 88 at 4. Familias replied that DOL took final agency action when Lindsey Baldwin, the Director of DOL's Prevailing Wage Program, issued an official memorandum to the Director of the H-2A Program on July 9, 2024, which validated "ESD's prevailing wage determinations based on the 2022 survey results." *Id.* (quoting Dkt. # 87 at 6); Dkt. # 76-3 at 619–21 (memorandum). Because the discussion on whether there was final agency action was limited, the Court suggested that DOL could file a separate motion to raise the issue. Dkt. # 88 at 4.

The Court granted Familias's motion for discovery because limited extra-record discovery was required to determine whether DOL had considered all relevant factors and accounted for non-response bias in its prevailing wage finding. Dkt. # 88 at 5. But the Court stayed discovery pending resolution of State Defendants' motion to dismiss. *Id.* at 6–7.

D.    Both Parties' Motions to Add Documents to the Record and Federal Defendants' Motion for Partial Summary Judgment

While State Defendants' motion to be dismissed from this case was pending, Familias also filed a Motion to Complete and Supplement the Administrative Record. Dkt. # 85. In this motion, Familias asks the Court to "complete" the record with a July 13, 2023, letter from Columbia Legal Services (CLS) (Familias's counsel) to senior DOL administrators including Brian Pasternak, asking DOL to consider flaws in ESD's application of DOL's new prevailing wage regulations before approving ESD's 2022 survey findings. *Id.* at 1–4; Dkt. # 86, Exhibit 1, Part 1 at 2 (CLS's letter). Familias also asks the Court to "supplement" the record with documents necessary for the Court to determine whether DOL's actions are arbitrary and capricious or contrary to law. Dkt. # 85 at 2, 9.

In response, Federal Defendants cross-moved for partial summary judgment and to supplement the record.  Dkt. # 89.  Federal Defendants moved to dismiss all claims requiring judicial review of DOL's actions "relating to ESD's 2022 prevailing wage survey findings," because DOL "did not take final agency action on ESD's 2022 prevailing wage survey findings." *Id.* at 3–4.  In support of its partial summary judgment motion, Federal Defendants ask the Court to supplement the record with: (i) the Second Declaration of Brian Pasternak, Dkt. # 90, in which Pasternak explains why the record does not contain the July 13, 2023, email from CLS; and (ii) the Third Declaration of Lindsey Baldwin, Dkt. # 91, in which Baldwin explains that the July 9, 2024, memorandum Familias identifies as a final agency action of approving ESD's 2022 survey findings overall is a staff recommendation that she did not act on and could not act on because of the Court's preliminary injunction.  Dkt. # 89 at 3.

E.    Familias's Motion for Leave to File Second Amended Complaint

After briefing was completed for both parties' motions to add documents to the record and Federal Defendants' partial summary judgment motion but before the Court dismissed State Defendants, Familias filed a Motion for Leave to File Second Amended Complaint.  Dkt. # 111. Familias seeks leave to file a second amended complaint to:

(1) Add a substantive section of its original complaint that was inadvertently omitted from the first amended complaint;

(2) Add Administrative Procedure Act (APA) claims based on Federal Defendants' assertion that the Court's preliminary injunction precludes DOL from issuing new prevailing wage rates;

(3) Add an APA claim based on DOL's misinterpretation of 20 C.F.R. § 655.120(c)(1) as requiring SWAs "to estimate the total universe of workers and employers in each crop activity"; and

(4) Make "a number of changes to conform the complaint to the present time and [Familias's] current knowledge of the facts, and to clarify, in light of DOL's motion for summary judgment, Dkt. # 89, that [Familias] does not rely (and has

1  not relied) on DOL['s] final approval of [ESD's] 2022 survey to make out its
2  claims."

*Id.* at 2–3.

**III**

**DISCUSSION**

A.    Final Agency Action

DOL has not taken final agency action by approving ESD's 2022 survey method.

Federal Defendants move for partial summary judgment on all claims "relating to ESD's 2022

prevailing wage survey findings." Dkt. # 89 at 3–4.  Familias asserts that Federal Defendants'

partial summary judgment motion does not comply with Federal Rule of Civil Procedure 56(a),

which requires parties to "identify[] each claim or defense — or the part of each claim or defense

— on which summary judgment is sought." Dkt. # 106 at 5.  Alternatively, Familias contends

that Federal Defendants' motion should be denied on the merits.  Familias challenges dismissal

of claims about: (i) "DOL's failure to require verification of employer survey responses"; and

(ii) DOL's approval of ESD's population-estimate survey method.  *Id.* at 8.

1.    Federal Defendants' partial summary judgment motion identifies "the part
of each claim" as required under Rule 56(a).

Federal Defendants divide Familias's claims into two categories: (i) challenges to DOL's

2022 regulations; and (ii) challenges to the way that ESD conducted its 2022 prevailing wage

survey.  Dkt. # 89 at 4–5.  Federal Defendants seek to dismiss the latter category of claims.  *Id.* at

5, 8.  In their reply, Federal Defendants specify APA claims based on facts alleged under these

headings:

(1) "DOL Permits ESD to Use an Unnecessary and Overly Complex Methodology to
Estimate Whether There Are At Least 5 Employers and 30 Workers in a Crop
Activity."  Dkt. # 67 at 12–14, ¶¶ 58–69.

(2) "DOL's Approval of the Use of ESD's Population Estimate Methodology in the Calculation of Prevailing Wages Violates the Controlling Regulation." *Id.* at 14–15, ¶¶ 70–74.

(3) "20 CFR § 655.120(c)(1)(viii)—the '5 Employer Rule'—Arbitrarily Eliminates Prevailing Wage Determinations." *Id.* at 15–17, ¶¶ 75–86.

(4) "DOL Allows Wages that Have Been Depressed by the H-2A System to Taint Prevailing Wage Findings." *Id.* at 17–18, ¶¶ 87–99.

(5) "DOL Arbitrarily Permits ESD to Eliminate Piece-rate Survey Data by Creating Multiple Piece-rate 'Units of Pay.'" *Id.* at 19–22, ¶¶ 100–20.

(6) "DOL's Methodology Arbitrarily Fails to Verify the Accuracy of Employer Survey Responses." *Id.* at 22–23, ¶¶ 121–26.

(7) "DOL's Methodology Fails to Control for Non-Response Bias." *Id.* at 23–24, ¶¶ 127–34.

(8) "University of Washington Worker Wage Surveys Find Domestic Farmworkers Are Paid Piece-rate Wages to Harvest Washington's Fruit Crops" and "Washington Agricultural Employers Regularly Report They Pay Piece-rate Wages to Harvest Washington's Fruit Crops." *Id.* at 25–30, ¶¶ 140–82.

Dkt. # 109 at 6–7.  The Court provides an overview of the claims under these headings:

Under heading (1), Familias alleges that DOL approved ESD's use of a "capture/recapture population estimate methodology" that "has resulted in harvest of dozens of crops having no prevailing wage finding from the 2022 survey."  Dkt. # 67 at 14, ¶¶ 67–68.

Under heading (2), Familias alleges that ESD violates a regulation by using its capture/recapture method, and that "DOL has instructed ESD that its manipulation of the survey responses . . . is a valid method of calculation under the regulations."  *Id.* at 14–15, ¶¶ 71, 74.

Under heading (3), Familias alleges that because ESD applied DOL's "5 Employer Rule" in its 2022 survey, it eliminated prevailing wage findings for three fruits.  *Id.* at 15–16, ¶¶ 75–76. Familias alleges that "[t]he application of the '5 Employer Rule' in 20 C.F.R. § 655.120(c)(1)(viii) causes DOL to arbitrarily disregard statistically valid data and to

unnecessarily fail to make prevailing wage findings." *Id.* at 16–17, ¶ 84.  It is unclear whether Familias challenges ESD's application of the 5 Employer Rule or the 5 Employer Rule itself.

Under heading (4), Familias alleges that ESD violated DOL's policy that wage surveys should not include H-2A wages (rather than wages of U.S. workers) by including in its survey responses from employers "who likely use the H-2A visa program and hired hundreds of foreign agricultural workers in 2022." *Id.* at 17, ¶¶ 87–89.  Familias suggests that DOL tacitly approved ESD's inclusion of H-2A wages in its survey.  *Id.* at 18, ¶ 95.

Under heading (5), Familias alleges that DOL requires SWAs to categorize different types of wages in a manner that undercounts piece-rates and inflates the number of hourly rates. *Id.* at 19, ¶¶ 100–03.  Familias alleges that "[i]n the past, DOL has regularly certified" prevailing wage findings based on ESD's application of this policy and that "ESD applied this methodology, with DOL's approval, in analyzing the entire 2022 employer survey, resulting in the loss of numerous piece-rate wage findings." *Id.* at 19, 21, ¶¶ 104–05, 114.  It is unclear if Familias challenges ESD's application of DOL's policy as to how SWAs categorize different types of wages, or if Familias directly challenges such a policy.  *See id.* at 20, ¶ 112–13 ("DOL's policy of segregating piece rates from piece rates with hourly guarantees results in a failure to protect prevailing piece-rate wages.").

Under heading (6), Familias alleges that ESD did not verify the results of its 2022 survey, and that DOL does not require such verification.  *Id.* at 22, ¶¶ 121–23.  Familias alleges that "DOL's failure to use the worker surveys or other means of verifying the employer survey data allows employers reporting hourly wages as the prevailing practice to go unchallenged and unverified." *Id.* at 22, ¶ 124.

Under heading (7), Familias alleges that H-2A employers are more likely to respond to employer surveys than non-H-2A employers, but that DOL does not require ESD to control for non-response bias in its employer survey data.  *Id.* at 23, ¶¶ 128–31.

Under heading (8), Familias alleges that there is a discrepancy between "the overwhelming majority of the 2022 agricultural employer survey results indicating piece-rate wages were the norm," and the fact that "ESD did not find a single prevailing harvest wage for any apple variety in Washington state, piece-rate or otherwise."  *Id.* at 28, ¶ 167.  Familias alleges that ESD discarded prevailing wage survey data for various fruits by "[f]ollowing DOL rules and guidance in its analysis of the 2022 employer survey data."  *Id.* at 28–29, ¶ 168–69.  Familias also alleges that "DOL has not published any of the four fruit-harvest prevailing wage findings ESD submitted to DOL based on ESD's 2022 employer survey," and that DOL has offered no explanation of its failure to publish these prevailing wages.  *Id.* at 29, ¶¶ 172–75.

Most—but not all—of the claims under these headings are within the scope of Federal Defendants' partial summary judgment motion.  The thrust of Federal Defendants' motion is that DOL has not approved ESD's "actions or inactions" in conducting its survey.  Dkt. # 109 at 6.  Federal Defendants expressly seek dismissal of all claims based on DOL's "actions."  Dkt. # 89 at 2–3.  They do not seek dismissal of claims based on DOL's *inaction* or direct challenges to DOL's regulations.  Thus, the claim under heading (8) that DOL has not published prevailing wage findings is not within the scope of Federal Defendants' partial summary judgment motion.  Nor are the claims under headings (6) and (7) insofar as they are based on DOL's failure to require ESD to take actions.  But the Court considers these claims to the extent that they are based on allegations that DOL has affirmative policies endorsing ESD's inactions.  And claims under headings (3) and (5) are not the subject of Federal Defendants' motion insofar as they directly challenge DOL's regulations.

1      Familias says that Federal Defendants' motion only seeks dismissal of claims that "*rely*

2  *exclusively* on the fact that DOL approved ESD's 2022 findings" overall to publish prevailing

3  wages and not claims based on DOL's approval of the steps that ESD took in preparing its

4  survey findings.  Dkt. # 106 at 8.  Familias misunderstands Federal Defendants' motion.  To

5  obtain APA review, Familias must identify an "agency action."  *Whitewater Draw Nat. Res.*

6  *Conservation Dist. v. Mayorkas*, 5 F.4th 997, 1010 (9th Cir. 2021).  Federal Defendants move to

7  dismiss all claims based on DOL's approval of ESD's 2022 survey method because there is no

8  final agency action.  In doing so, Federal Defendants carried their initial burden of production by

9  showing that Familias "does not have enough evidence of an essential element to carry its

10  ultimate burden of persuasion."  *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210

11  F.3d 1099, 1102 (9th Cir. 2000).  In response, Familias "must produce evidence to support its

12  claim[s]."  *Id.* at 1103.

13      Familias—not Federal Defendants—must identify a final agency action.  Familias's

14  suggestion that Federal Defendants' motion is limited to the final agency action(s) that Federal

15  Defendants identify improperly reverses the burden.  In their motion, Federal Defendants address

16  whether DOL's approval of ESD's 2022 survey findings overall is a final agency action because

17  it is the only alleged final agency action that Familias had identified.  In its reply in support of its

18  motion for discovery, Familias said that DOL took final agency action when Baldwin issued a

19  memorandum validating ESD's 2022 survey findings.  Dkt. # 87 at 6.  And in its motion to

20  complete and supplement the record, Familias seeks to add documents relating to DOL's

21  validation of ESD's 2022 survey findings through Baldwin's memo.  Dkt. # 85 at 3–4, 6.

22  Federal Defendants' partial summary judgment motion is not limited to claims based on the only

23  alleged final agency action that Familias had identified.  In moving for partial summary

24

judgment for lack of final agency action, Federal Defendants are not required to speculate as to all possible forms of final agency action and rebut them in the first instance.

That Familias misunderstands the scope of Federal Defendants' motion does not mean that the motion violates Rule 56(a).  The motion identifies "the part of each claim" on which summary judgment is sought: claims based on DOL's approval of ESD's 2022 survey method. Familias cites no authority requiring a party moving for summary judgment to identify claims by paragraph number.  Even if there were such authority, it would not apply because Familias's amended complaint does not readily separate claims by paragraph numbers.  The amended complaint sets forth facts grouped under headings like those discussed above and ends with one and a half pages listing broad APA causes of action.  Dkt. # 67.

Thus, Federal Defendants' partial summary judgment motion complies with Rule 56(a).

2.    There is no final agency action based on DOL's approval of ESD's 2022 survey method.

Familias seeks review of DOL's actions under the APA, which requires "final agency action."  5 U.S.C. § 704.  Under the APA, "'agency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act."[3] 5 U.S.C. § 551(13); *id.* § 701(b)(2).  Agency action is final when: (i) the action marks the "consummation of the agency's decisionmaking process"; and (ii) the action is "one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (quotation marks and citation omitted).

---

[3] Although "failure to act" is a form of "agency action," the Court, for reasons discussed above in Section III.A.1, concludes that Federal Defendants' motion for partial summary judgment does not seek dismissal of claims based on DOL's inaction.

In response to Federal Defendants' partial summary judgment motion, Familias now acknowledges that DOL did not approve ESD's 2022 survey findings overall.[4]  Dkt. # 106 at 2; *see also* Dkt. # 122 at 5.  This position tracks with Familias's amended complaint, which alleges that "[i]n the 10 months since ESD provided DOL with its 2022 survey findings, DOL has neither rejected nor validated and published those findings."  Dkt. # 67 at 10, ¶ 47.  But Familias does not concede that there is no final agency action.  Familias contends that DOL took final agency action by: (i) having "a clear policy" of not requiring SWAs to verify employer survey responses; and (ii) emailing ESD to approve its use of its population-estimate method.  Dkt. # 106 at 8–9.  These two alleged final agency actions support claims brought under heading (6), which addresses DOL's failure to verify employer survey responses, and heading (1), which addresses DOL's approval of ESD's use of a capture/recapture population estimate method.[5]  Because Familias identifies no other final agency action, the Court dismisses all claims under the remaining headings discussed above in Section III.A.1 insofar as they allege that DOL approved ESD's 2022 survey method.

> a.    DOL does not have an affirmative policy of not requiring SWAs to verify employer survey responses.

To obtain review under the APA, Familias must identify a specific agency action such as a rule or order.  *Whitewater Draw Nat. Res. Conservation Dist.*, 5 F.4th at 1010.  This requirement "precludes broad programmatic attacks, whether couched as a challenge to an agency's action or failure to act."  *Id.* at 1010–11 (cleaned up).  Familias says that DOL has a

---

[4] Familias asks the Court to clarify that its preliminary injunction does not preclude DOL from approving a new prevailing wage survey and to order DOL to decide whether it approves ESD's interpretations of its regulations.  Dkt. # 106 at 18–19.  The Court does not address these requests because they are improperly raised in a response to a summary judgment motion.  Fed. R. Civ. P. 7(b)(1).

[5] Although heading (2) also includes allegations about ESD's use of a capture/recapture method, Familias specifically cites heading (1).  Dkt. # 106 at 10 (citing Dkt. # 67 at 12–14, ¶¶ 58–69).

"clear policy" of not requiring SWAs to verify employer survey responses but does not point to a discrete agency action or cite supporting authority.  Dkt. # 106 at 9–10.

Thus, the Court dismisses Familias's claims based on an affirmative DOL policy that authorizes SWAs to conduct surveys without verifying employer survey responses.  The Court does not address any claims based on DOL's inaction because they are, as discussed above in Section III.A.1, not within the scope of Federal Defendants' partial summary judgment motion.

> b.    DOL's emails about ESD's use of a population-estimate method

DOL's emails about ESD's use of a population-estimate method are not final agency actions.  On February 2, 2023, ESD emailed DOL asking two questions: (i) "Is statistical estimation of the number of employers and employment universes required under USDOL's new rules?"; and (ii) "If statistical estimation of the number of employers and employment universes is not required, but is merely permitted, what are other ways in which a state workforce agency can estimate the number of employers and estimated employment?"  Dkt. # 76-3 at 163.  As to the first question, DOL responded:

> We are unclear on the meaning of the terms 'statistical estimation' and 'employment universes' as indicated in your question. However, the 2022 H-2A final rule requires estimation of (a) the universe of employers employing workers in the crop activity or agricultural activity and distinct work task(s), if applicable, and geographic area surveyed; and (b) the universe of U.S. workers employed by those employers. The rule does not specify the means or methods the surveyor may use to estimate the universe of employers or U.S. workers. . . .

*Id.* at 162.  And as to the second question, DOL responded:

> The 2022 H-2A final rule does not specify the means or methods the surveyor must use to estimate the universe of employers or U.S. workers. In the preamble to the 2022 H-2A final rule, the Department notes that surveyors may estimate the universe of relevant employers from the information obtained from sources such as UI databases, open and closed job orders, State labor market information, and information provided by State agricultural extension offices. . . .

*Id.*

On March 23, 2023, ESD emailed DOL again, asking to confirm: (i) "that the majority pay unit used to calculate a prevailing wage rate is determined using estimated [rather than reported] worker values"; and (ii) "that the average wage calculation used to determine the prevailing wage rate for a crop activity or agricultural activity is generated using estimated [rather than reported] worker values." *Id.* at 175–76. DOL responded, "[T]he 2022 H-2A final rule does not preclude the use of estimated worker values to determine the unit of pay used to compensate the largest number of U.S. workers," nor does it "preclude the use of estimated worker values in the average wage calculation used to determine the prevailing wage rate for a crop activity or agricultural activity." *Id.* at 172–73. But DOL clarified that if ESD relies on an estimated number of workers to determine the prevailing unit of pay (e.g., piece-rate vs. hourly), it must calculate the average wage based on that prevailing unit of pay, and not a prevailing unit of pay determined based on a reported number of workers. *Id.*

Familias does not show that DOL's emails created "legal consequences." *Bennett*, 520 U.S. at 177–78. To be sure, ESD's choice of survey method can affect workers' wages. But even if effects on wages can be construed as legal consequences, "an agency action is not final when subsequent agency decision making is necessary to create any practical consequences." *S. California All. of Publicly Owned Treatment Works v. U.S. Env't Prot. Agency*, 8 F.4th 831, 837 (9th Cir. 2021) (citing *City of San Diego v. Whitman*, 242 F.3d 1097, 1102 (9th Cir. 2001)). The emails allow—but do not require—ESD to use a population-estimate method. And if ESD uses such a method, the emails have no effect on workers' wages until DOL approves (or fails to approve)[6] a prevailing wage. Familias also does not show that these emails have any direct legal consequences for ESD. *See Advanced Integrative Med. Sci. Inst., PLLC v. Garland*, 24 F.4th

---

[6] As discussed above in Section III.A.1, claims based on DOL's inaction are not within the scope of Federal Defendants' partial summary judgment motion.

1249, 1259–60 (9th Cir. 2022) (an agency letter that does not compel anyone to do anything is not final agency action).

Relying on *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590 (2016), Familias says that the emails can be final agency actions even if their consequences have not manifested. Dkt. # 106 at 14. But that case is not on point. Familias relies on a passage observing that an order providing notice to regulated entities of how an agency will enforce a policy is final agency action even if the agency has not yet enforced the policy. *U.S. Army Corps of Eng'rs*, 578 U.S. at 599. This observation does not apply here because DOL's emails are more attenuated from any legal consequences. In *S. California All. of Publicly Owned Treatment Works*, the Ninth Circuit held that an EPA guidance suggesting—but not requiring—permitting authorities to use a toxicity testing procedure was not final agency action because a permitting authority would have to adopt the test before entities requiring permits would be subject to enforcement actions. 8 F.4th at 837. The Ninth Circuit recognized that "the 'if'" of whether the permitting authorities would adopt the test was "key." *Id.* DOL's emails are even more attenuated from any legal consequences because two steps are required: ESD must choose to use the population-estimate method and DOL would have to approve (or fail to approve) ESD's survey findings. Familias has not shown that DOL's emails are anything more than "the type of workaday advice letter that agencies prepare countless times per year in dealing with the regulated community." *Advanced Integrative Med. Sci. Inst., PLLC*, 24 F.4th at 1260 (citation omitted).

Thus, the Court dismisses Familias's claims based on DOL's emails about ESD's use of a population-estimate method.

1

2

B.      Familias's Motion to Complete the Record and Federal Defendants' Motion to Supplement the Record

Familias contends that CLS's July 13, 2023, letter is necessary to complete the administrative record because the final agency action at issue is DOL's approval of ESD's 2022 survey findings overall.  Dkt. # 85 at 6–8.  But because Familias now acknowledges that DOL did not approve ESD's 2022 survey findings overall, the Court need not consider this letter.  Dkt. # 106 at 2; *see also* Dkt. # 122 at 5.  Similarly, the Court need not need consider the Second Declaration of Brian Pasternak or the Third Declaration of Lindsey Baldwin, which are offered in response to CLS's July 13, 2023, letter.

Thus, the Court denies both Familias's motion to complete the record and Federal Defendants' motion to supplement the record as moot.

C.      Familias's Motion to Supplement the Record

The Court grants in part and denies in part Familias's motion to supplement the record. Although APA review is generally limited to the administrative record, the Court may permit extra-record evidence to supplement the administrative record when doing so is "necessary to explain agency decisions." *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996).  Familias asks the Court to supplement the record with documents based on an exception that allows extra-record evidence when it is "necessary to determine whether the agency has considered all relevant factors and has explained its decision." *Id.* (quotation marks and citation omitted).  This exception is "narrowly construed" and Familias bears the initial burden of showing that it applies.  *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992–93 (9th Cir. 2014).

Familias attaches a chart grouping its proposed documents by the claim to which the documents are relevant.  Dkt. # 85 at 11 (citing Dkt. # 86-4).  For the reasons discussed above in

Section III.A.2, the Court dismisses three of these claims: (1) that DOL's decision to validate ESD's 2022 survey findings is contrary to law under the APA because it depressed farmworkers' wages in violation of 8 U.S.C. § 1188,[7] Dkt. # 85 at 9–12; (2) that DOL permits ESD to use a population estimate method, *id.* at 16–17 (citing Dkt. # 67 at 12–14, ¶¶ 58–69); and (3) that DOL has a policy of not requiring SWAs to verify employer survey responses, *id.* at 17–19 (citing Dkt. # 67 at 22–23, ¶¶ 121–26).

Thus, the Court denies in part Familias's motion to supplement the record with respect to documents supporting these claims.

Because Federal Defendants do not seek to dismiss claims about the One-Year or 25% rules, the Court separately assesses whether to supplement the record with three documents supporting these claims: (i) the Declaration of Michele Besso, Dkt. # 25; (ii) the Declaration of Lindsey Baldwin, Dkt. # 20-27; and (iii) the Declaration of Marshall Steinbaum, Dkt. # 17.

1.      Besso and Baldwin Declarations

Familias may supplement the record with the Besso and Baldwin Declarations. Besso is the Managing Attorney of the Farm Worker Unit of the Northwest Justice Project. Dkt. # 25 at 1. Besso declares that based on her experience "reviewing H-2A Clearance Orders and representing H-2A workers," DOL did not, prior to 2023, remove prevailing wage findings from its website after one year. *Id.* at 2. The Court considered the Besso Declaration under the "relevant factors" exception in enjoining the One-Year rule. Dkt. # 40 at 14–15 & n.2.

Baldwin is a Center Director at DOL's National Prevailing Wage Center (NPWC). Dkt. # 20-27 at 2. Baldwin declares that the "NPWC removed prevailing wage rates that had expired

---

[7] Familias says that this claim is based on its allegation that "DOL's decision to validate ESD's prevailing wage rates derived from its 2022 Survey Results has depressed the wages of Washington farm workers . . ." Dkt. # 85 at 11–12. But as Federal Defendants point out, this quoted language does not appear in the amended complaint. Dkt. # 89 at 9 n.5.

from the [Agricultural Online Wage Library] for all states on or about May 12, 2023" and that "[t]he decision to archive prevailing wage rates for all states was an administrative task related to implementation of the 2022 Final Rule." *Id.* at 4–5. The Baldwin Declaration was filed in a prior case between Familias and DOL about prevailing wage rates. *Torres-Hernandez v. U.S. Dep't of Lab.*, No. 1:20-cv-3241-TOR, at Dkt. # 179 (E.D. Wash. June 14, 2023).

Familias moves to supplement the record with the Besso and Baldwin Declarations because they show that DOL's justification for the One-Year rule—that "[t]he 1-year validity period for prevailing wage rates is generally consistent with OFLC's current practice," 84 Fed. Reg. 36168, 36188 (July 26, 2019)—is false. Dkt. # 85 at 14. Because Federal Defendants oppose adding these declarations for the same reasons, the Court considers them together.

The Besso and Baldwin Declarations satisfy the "relevant factors" exception. Under this exception, the Court may consider evidence that will help it review whether an agency's decision is arbitrary or capricious. *San Luis & Delta-Mendota Water Auth.*, 776 F.3d at 993. These declarations can be relevant to such review because they suggest that DOL's justification for the One-Year rule was based on a misrepresentation of its prior practices. *See Innova Sols., Inc. v. Baran*, 983 F.3d 428, 434 (9th Cir. 2020) (an agency's decision is arbitrary and capricious if the explanation for its decision is based on a misrepresentation of the evidence before the agency). That DOL may have omitted information about its prior practices from the administrative record rather than misrepresented documents included in it is immaterial because courts may consider extra-record information showing that an agency's current practices depart from its prior ones. *See Humane Soc. of U.S. v. Locke*, 626 F.3d 1040, 1058 (9th Cir. 2010) (considering an agency's prior fishery-related environmental assessments not included in the administrative record because they had findings inconsistent with those included in the record).

Federal Defendants' conclusory assertions to the contrary are unpersuasive.  Relying on *Asarco, Inc. v. U.S. Env't Prot. Agency*, 616 F.2d 1153 (9th Cir. 1980), Federal Defendants say that the declarations should not be considered because they challenge the "correctness or wisdom of the agency's decision."  Dkt. # 89 at 18.  But in *Asarco, Inc.*, the Ninth Circuit distinguishes between evidence that questions "the wisdom of the agency's decision" and evidence needed to assess "whether the process employed by the agency to reach its decision took into consideration all the relevant factors."  616 F.2d at 1159.  Although there is a fine line between these categories, *see San Luis & Delta-Mendota Water Auth.*, 776 F.3d at 993, the Besso and Baldwin Declarations fall into the latter.  These declarations do not second-guess whether the One-Year rule was the best policy decision but bring into question whether DOL properly considered the relevant factors in explaining its issuance of the One-Year rule.  Federal Defendants cite no authority to support its contention that Familias has not carried its initial burden of showing that the "relevant factors" exception applies.  Dkt. # 89 at 17.  And Federal Defendants say that the record "[c]learly" shows consideration of the discrepancy raised by the declarations but do not cite the administrative record.  *Id.*  Consistent with the principles of arbitrary and capricious review, the Court declines to "take the agency's word that it considered all relevant matters."  *Asarco, Inc.*, 616 F.2d at 1160.

Thus, the Court grants in part Familias's motion to supplement the record with respect to the Besso and Baldwin Declarations.

2.      Steinbaum Declaration

Familias may not supplement the record with the Steinbaum Declaration.  Dr. Steinbaum is an Assistant Professor of Economics who specializes in "wage-setting, regulation, and market structure in imperfectly-competitive labor markets."  Dkt. # 17 at 1.  The Steinbaum Declaration includes an expert report assessing the 25% rule.  *Id.* at 2.  Familias moves to supplement the

record with the Steinbaum Declaration because it shows that the 25% Rule is used in an inapplicable context and can help show how the 25% rule affects prevailing piece-rate wage findings.[8]  Dkt. ## 85 at 15–16; 106 at 27.  Dr. Steinbaum concludes that the 25% rule, which is based on a now rescinded Federal Trade Commission rule "is not an appropriate tool to accomplish DOL's goal of obtaining 'reliable' prevailing wages."  Dkt. # 17-1 at 2.  He also concludes that "the 25% rule acts to deregulate the labor markets most in need of regulating." *Id.*

As presented, the Steinbaum Declaration is precisely the kind of evidence that does not satisfy the "relevant factors" exception.  The Court cannot use this exception to admit evidence that questions "the agency's scientific analyses or conclusions." *San Luis & Delta-Mendota Water Auth.*, 776 F.3d at 993.  Familias does not show how the Steinbaum Declaration would not create an improper "battle of the experts" debating the merits of the 25% rule. *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 603–04 (9th Cir. 2014).  Nor does Familias show that DOL needed to consider the effect of the 25% rule in imperfectly competitive labor markets and that it failed to do so. *See Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. Zinke*, 889 F.3d 584, 593, 600 (9th Cir. 2018) (no abuse of discretion in declining to admit a declaration presented by the plaintiff to support the contention that a proposed casino would have a devastating economic impact).

To be sure, an extra-record expert report can be considered when it provides background information about highly technical material. *See Asarco, Inc.*, 616 F.2d at 1160–61.  But

---

[8] Familias says that the Steinbaum Declaration "also analyzes data relevant to Plaintiffs' [*sic*] claim that DOL's decision to accept ESD's practice of fracturing the category of piece-rate wages, making erroneous hourly prevailing wage findings more likely, is arbitrary and capricious and contrary to law."  Dkt. ## 85 at 15–16 (citing Dkt. # 67 at 19–22, ¶¶ 100–20); 106 at 27 (same).  But the Court dismisses this claim for lack of final agency action as discussed above in Section III.A.2.

1    Familias's one-sentence suggestion that the Steinbaum Declaration would be "useful" for

2    understanding the effects of the 25% rule is too vague to make a proper showing under the

3    "relevant factors" exception.  Dkt. # 106 at 27.

4        Thus, the Court denies in part Familias's motion to supplement the record with respect to

5    the Steinbaum Declaration.

6    D.    Familias's Motion for Leave to File Second Amended Complaint

7        Familias's suggestion that the Court should rule on its motion for leave to file a second

8    amended complaint before adjudicating Federal Defendants' motion for partial summary

9    judgment is meritless.  Familias says that the Court should deny Federal Defendants' motion for

10    partial summary judgment without prejudice "for failure to comply with Rule 56(a)."  Dkt. # 111

11    at 4 & n.1.  The Court rejects this contention for reasons discussed above in Section III.A.1.

12    Familias has had ample opportunity to identify final agency action(s) as to claims based on

13    DOL's approval of ESD's 2022 survey method.  Familias's motion for leave to amend does not

14    make any showing to the contrary.  *See Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443

15    (9th Cir. 1991), *overruled on other grounds*, *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683,

16    692–93 (9th Cir. 2001) (en banc) ("A motion for leave to amend is not a vehicle to circumvent

17    summary judgment.").

18        Because the Court dismisses several claims included in Familias's proposed second

19    amended complaint, *see, e.g.*, Dkt. # 111-1 at 16–17 (alleging in paragraph 81 that "DOL's

20    approval of ESD's use of the capture-recapture methodology was final agency action on that

21    matter"), the Court denies Familias's motion for leave to file a second amended complaint as

22    moot.  If it wishes, Familias may timely move to file another second amended complaint.

23

24

IV

CONCLUSION

For these reasons:

- The Court GRANTS Federal Defendants' cross-motion for partial summary judgment (Dkt. # 89) on all claims alleged under headings (1) through (8) as summarized above in Section III.A.1 insofar as they allege that DOL approved ESD's 2022 survey method. The Court does not dismiss any claims about DOL's inaction.

- The Court DENIES Familias's motion to complete the record (Dkt. # 85) with CLS's July 13, 2023, letter as moot.

- The Court DENIES Federal Defendants' cross-motion to supplement the record (Dkt. # 89) with the Second Declaration of Brian Pasternak and the Third Declaration of Lindsey Baldwin as moot.

- The Court GRANTS in part Familias's motion to supplement the record (Dkt. # 85) as to the Besso and Baldwin Declarations. The Court DENIES in part Familias's motion to supplement the record (Dkt. # 85) as to all other proposed documents with respect to the claims addressed in the motion.

- The Court DENIES Familias's motion for leave to file a second amended complaint (Dkt. # 111) as moot.

Dated this 4th day of February, 2025.


*John H. Chun*

John H. Chun
United States District Judge