1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF LABOR; JULIE A SU, in her official capacity, Acting United States Secretary of Labor,

Defendants.

CASE NO. 2:24-cv-00637-JHC

ORDER DENYING PLAINTIFF'S MOTION FOR ORDER OF CIVIL CONTEMPT

**I**
**INTRODUCTION**

This matter comes before the Court on Plaintiff Familias Unidas por la Justicia, AFL-CIO's Motion for Order of Civil Contempt.  Dkt. # 103.  The Court has reviewed the materials filed in support of and in opposition to the motion, the record, and the governing law.  Being fully advised, the Court DENIES the motion.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## II
### BACKGROUND

Familias contends that the United States Department of Labor (DOL) is violating this Court's July 2, 2024 preliminary injunction, Dkt. # 40, by approving H-2A contracts that only list the AEWR and do not unequivocally offer prevailing piece-rate wages (AEWR-only offer).[1] DOL responds that the injunction does not prohibit its approvals of such contracts, and that it needs to issue the approvals to comply with a preliminary injunction in *Barton v. U.S. Dep't of Lab.*, 2024 WL 4886048 (E.D. Ky. Nov. 25, 2024). Because this Court cited the Ninth Circuit's decision in *Torres Hernandez v. Su*, 2024 WL 2559562 (9th Cir. May 24, 2024), in issuing its injunction, Dkt. # 40 at 3, the parties discuss: (1) that opinion; (2) this Court's injunction; and (3) the *Barton* court's injunction. The Court provides an overview of these cases before turning to DOL's challenged conduct.

A.    The Ninth Circuit's *Torres Hernandez* Decision

In *Torres Hernandez v. U.S. Dep't of Lab.*, Familias (with another plaintiff) claimed that before DOL could certify an employer offering the AEWR, DOL must determine whether the AEWR is higher than an applicable prevailing piece-rate wage. 2023 WL 5662560, at *1 (E.D. Wash. Aug. 31, 2023), *rev'd and remanded sub nom. Torres Hernandez*, 2024 WL 2559562. The district court denied the plaintiffs' motion for a preliminary injunction because "[n]othing in 20 C.F.R. § 655.120 nor § 122(1) requires DOL to check the AEWR against the prevailing wage rate before certification." *Id.* The plaintiffs appealed.

On May 24, 2024, the Ninth Circuit reversed and remanded for entry of a preliminary injunction. *Torres Hernandez*, 2024 WL 2559562, at *1. Although DOL amended 20 C.F.R.

---

[1] The Adverse Effect Wage Rate (AEWR) is a state-specific hourly minimum wage. The prevailing wage can include piece-rate wages (i.e., pay based on the amount of a crop harvested instead of the number of hours worked). Dkt. # 127 at 2.

§ 655.120(a) in its Final Rule[2] while the appeal was pending, the Ninth Circuit considered the

previous version of that subsection, which provided:

> (a) Employer obligation. Except for occupations covered by §§ 655.200 through 655.235, to comply with its obligation under § 655.122(l), an employer must offer, advertise in its recruitment, and pay a wage that is at least the highest of:
>
>> (1) The AEWR;
>>
>> (2) A prevailing wage rate [subject to certain criteria].[3]

*See also* Dkt. # 104-10 at 64 (comparing the previous and amended versions of § 655.120(a)).

The Ninth Circuit held that when the prevailing wage is a piece-rate, the previous version

of § 655.120(a) required an H-2A employer to offer it. *Torres Hernandez*, 2024 WL 2559562, at

* 1. Because regulations require employers to supplement the wages of piece-rate workers if

their earnings fall below the amount that they would have earned under an hourly wage, a

prevailing piece-rate wage "is always 'at least the highest of' the listed wages." *Id.* The Ninth

Circuit observed that its interpretation of the previous version of § 655.120(a) is consistent with

the amended version in the Final Rule, *id.* at *1 n.2, which added subsection (a)(2):

> (a) Employer obligation.
>
>> (1) Except for occupations covered by §§ 655.200 through 655.235, to comply with its obligation under § 655.122(l), an employer must offer, advertise in its recruitment, and pay a wage that is at least the highest of:
>>
>>> (i) The AEWR;
>>>
>>> (ii) A prevailing wage rate [subject to certain criteria];
>>>
>>> . . .
>>
>> (2) Where the wage rates set forth in paragraph (a)(1) of this section are expressed in different units of pay (including piece rates or other pay

---

[2] *Improving Protections for Workers in Temporary Agricultural Employment in the United States*, 89 Fed. Reg. 33,898 (Apr. 29, 2024).

[3] 20 C.F.R. § 655.120(a) lists additional wages not at issue here. *See* Dkt. # 127 at 2 n.1.

structures), the employer must list the highest applicable wage rate for each unit of pay in its job order and must offer and advertise all of these wage rates in its recruitment. The employer's obligation to pay the highest of these wage rates is set forth at § 655.122(l)(2).

The Ninth Circuit concluded that the amendment to § 655.120(a) did not moot the case because the plaintiffs could still seek "vacatur of improperly approved AEWR-only job orders from the 2023 harvest season and exclusion of wages paid under those orders from future prevailing wage surveys." *Torres Hernandez*, 2024 WL 2559562, at *2. Although the Ninth Circuit mentioned vacatur of improperly approved AEWR-only job orders, it only directed entry of an injunction requiring DOL to exclude from future prevailing wage surveys certain reported wages. *Id.* On remand, the district court issued a permanent injunction:

ESD shall exclude from future prevailing wage survey results any reported wages that (1) exactly match the AEWR; (2) were paid by an employer that had received an AEWR-only job order for the 2023 harvest season; and (3) were paid during the 2023 harvest season for work in an agricultural activity with a piece-rate prevailing wage during that season.

Dkt. # 113-2 at 7. This injunction enjoins only ESD, the Washington State Employment Security Department, which has been dismissed from the case before this Court. Dkt. # 117.

B.    This Court's Preliminary Injunction

Before the Ninth Circuit decided the appeal in *Torres Hernandez*, Familias filed the suit before this Court based on different regulations that DOL issued in 2022. Dkt. # 1. Familias challenged another part of 20 C.F.R. § 655.120, subsection (c)(2), which provided that prevailing wages expire after one year (One-Year rule). Dkt. # 40 at 1. Because DOL did not determine new prevailing wage rates for Washington before the One-Year rule eliminated the existing prevailing wage rates, there was uncertainty as to the wages that workers would be paid. *See id.* at 17–20. On July 2, 2024, the Court granted in part Familias's motion for a preliminary injunction and enjoined DOL from enforcing the One-Year rule in Washington. Dkt. # 40 at 21.

C.      The *Barton* Preliminary Injunction

Familias is not the only plaintiff that has challenged DOL's H-2A program regulations. In *Barton*, seven Kentucky farmers and five association entities sued DOL in the Eastern District of Kentucky.  2024 WL 4886048, at *2.  West Virginia, Alabama, Ohio, and Kentucky intervened as plaintiffs, and the plaintiffs moved for a preliminary injunction.  *Id.*

On November 25, 2024, the court held that DOL's decision to implement new minimum pay requirements in the amended version of § 655.120(a) is likely arbitrary and capricious.  *Id.* at *13.  Unlike the Ninth Circuit in *Torres Hernandez*, the court held that the previous version of § 655.120(a) allowed an employer to choose whether to pay an hourly or piece-rate wage "in the manner that best serves their business interest."  *Id.*  The court held that DOL failed to explain the change between the previous version of § 655.120(a) and the amended version, which imposed new minimum pay requirements.  *Id.*  The court did not discuss the Ninth Circuit's *Torres Hernandez* decision or this Court's injunction.

The court enjoined DOL from "implementing, enacting, enforcing, or taking any action in any manner to enforce . . . new minimum pay requirements including but not limited to 20 C.F.R. § 655.120(a)."  *Id.* at *19.  The court's injunction is effective within Kentucky, Alabama, Ohio, and West Virginia, and DOL is enjoined from enforcing the Final Rule against the *Barton* plaintiffs.  *Id.* at *20.

D.      DOL's approval of new clearance orders after the *Barton* injunction

After the *Barton* court issued its injunction, DOL approved clearance orders with AEWR-only offers for Washington farmworker jobs submitted by the Washington Farm Labor Association (WAFLA), Brandon Lewis Orchards, Gebbers Orchards, and ArgiMACS, Inc.  Dkt. # 104-6 at 2.  On December 9 and 12, 2024, Familias emailed DOL asserting that approval of these clearance orders violated this Court's injunction.  Dkt. # 104-5 at 2–3.  Also on December

12, 2024, Familias moved to intervene in *Barton*, seeking dissolution of the court's injunction as to § 655.120(a) and either dismissal of a challenge to that subsection or transfer of venue of that claim to this Court.  Dkt. # 103 at 12.

On December 13, 2024, DOL responded to Familias's concerns.  Dkt. # 104-6 at 2.  DOL replied that this Court has not addressed whether DOL's approval of H-2A contracts with AEWR-only offers violates 20 C.F.R. § 655.120(a).  *Id.* at 2–3.  Thus, DOL reasoned that this Court's injunction does not prohibit approvals of the challenged clearance orders.  *Id.*  DOL also noted that the *Barton* injunction compelled approvals of these clearance orders because the injunction encompasses DOL's actions as to the *Barton* plaintiffs no matter where they are located.  *Id.* at 3–4.  DOL says that all four entities are covered by the *Barton* injunction.[4]  *Id.*

Familias moved to hold DOL in civil contempt for violating this Court's July 2, 2024 preliminary injunction.  Dkt. # 103.

### III
### DISCUSSION

Civil contempt is "a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply."  *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (quoting *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)).  A party seeking to hold an alleged contemnor in civil contempt must show by clear and convincing evidence that they violated a court's order.  *Id.*

The Court enjoined DOL from "enforcing 20 C.F.R. § 655.120(c)(2), the One-Year rule, as to prevailing wages for Washington State," and ordered DOL to "REINSTATE and enforce

---

[4] The *Barton* injunction covers the "Workers and Farmer Labor Association," 2024 WL 4886048, at *20, but DOL says that it approved a clearance order for the "Washington Farm Labor Association," Dkt. # 104-6 at 2.  Because the parties do not raise this discrepancy, the Court does not address it.

the 2020-Survey prevailing wage rates, published in January 2022, until judgment is entered in this case." Dkt. # 40 at 21. The injunction does not address DOL's approval of H-2A contracts with AEWR-only offers. And the Court did not consider enjoining DOL from approving such contracts when it issued its injunction. Familias did not ask the Court to do so because, as Familias acknowledges, "there was no reason to." Dkt. # 115 at 6. Before the *Barton* injunction, the Ninth Circuit's *Torres Hernandez* decision made clear that "[w]hen the prevailing wage is a piece-rate, § 655.120(a) requires that an H-2A employer offer it." 2024 WL 2559562, at *1.

Because this Court did not specifically enjoin DOL from approving H-2A contracts with AEWR-only offers, the Court cannot conclude that DOL has violated its injunction. Familias's assertions to the contrary are unpersuasive.

Familias suggests that the Court implicitly enjoined DOL from approving H-2A contracts with AEWR-only offers because DOL did not have a practice of approving such contracts when the Court entered its injunction. Dkt. # 103 at 15. But what prohibited DOL from approving H-2A contracts with AEWR-only offers was the Ninth Circuit's decision in *Torres Hernandez*, not this Court's injunction. To successfully move for civil contempt, Familias must show that DOL disobeyed "a specific and definite court order." *Inst. of Cetacean Rsch.*, 774 F.3d at 945 (citation omitted). That the Court entered its injunction against the backdrop of the Ninth Circuit's decision in *Torres Hernandez* is not specific or definite enough to show that the Court preemptively enjoined DOL from taking actions that might conflict with that decision.

To be sure, allowing DOL to approve H-2A contracts with AEWR-only offers undermines a purpose of this Court's injunction, which enjoined the One-Year rule to ensure that workers are paid prevailing piece-rate wages. Dkt. # 40 at 17–20. But "[i]f an injunction does not clearly describe prohibited or required conduct, it is not enforceable by contempt." *Gates v. Shinn*, 98 F.3d 463, 468 (9th Cir. 1996). Even if DOL's approvals of the challenged clearance

ORDER DENYING PLAINTIFF'S MOTION FOR
ORDER OF CIVIL CONTEMPT - 7

orders might conflict with the Ninth Circuit's decision in *Torres Hernandez*—a possibility that DOL has considered, *see* Dkt. # 112 at 9–11—acting contrary to that decision is different from disobeying this Court's injunction.

Thus, Familias's reliance on the principle that a court's invalidation of a new agency rule reinstates a prior regulation is misplaced. Dkt. # 103 at 17 (citing *Paulsen v. Daniels*, 413 F.3d 999, 1008 (9th Cir. 2005)). Familias asserts that the *Barton* court's enjoining the amended version of § 655.120(a) reinstated the previous version, which the Ninth Circuit interpreted in *Torres Hernandez* to prohibit the approval of H-2A contracts with AEWR-only offers when there are prevailing piece-rate wages.[5] 2024 WL 2559562, at *1. But because this Court did not specifically enjoin DOL from conduct that might conflict with the Ninth Circuit's holding in *Torres Hernandez*, the Court cannot conclude that DOL has violated its injunction.

Familias's contention that DOL's approvals of the challenged clearance orders violates this Court's order that DOL must "REINSTATE *and enforce* the 2020-Survey prevailing wage rates," is unpersuasive. Dkt. # 40 at 21 (emphasis added). A party acting in good faith is not held in civil contempt if its challenged actions were based on a reasonable interpretation of a court order. *See Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982). DOL apparently acted in good faith by attempting to comply with the *Barton* injunction. Although DOL did not inform the *Barton* court of the Ninth Circuit's *Torres Hernandez* decision or of this Court's injunction, this omission does not constitute bad faith because DOL nonetheless opposed the *Barton* injunction. Dkt. # 112 at 4 n.2; *see also* Dkt. # 113-1 at 14–15. And because the Court's injunction is based on Familias's challenge to the One-Year rule, DOL reasonably understood the injunction to mean that the prevailing wages must be "enforced"

---

[5] The parties agree that the *Barton* court, unlike the Ninth Circuit, interprets the previous version of § 655.120(a) as allowing DOL to approve AEWR-only offers. Dkt. ## 103 at 18; 112 at 10.

under § 655.120(a), even if that subsection were interpreted to mean that employers need not offer a prevailing piece-rate wage.

## IV
### CONCLUSION

For these reasons, the Court DENIES Familias's motion for order of civil contempt.

Dated this 14th day of February, 2025.

John H. Chun
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
ORDER OF CIVIL CONTEMPT - 9