1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO, A LABOR ORGANIZATION; | NO.  2:24-cv-00637-JHC |
| 11 | STIPULATED LIMITED PROTECTIVE ORDER |
| 12 | |
| Plaintiff, | |
| 13 | |
| v. | |
| 14 | **NOTE ON MOTION CALENDAR: March 14, 2025** |
| UNITED STATES DEPARTMENT OF LABOR, AND LORI CHAVEZ-DEREMER IN HER OFFICIAL CAPACITY UNITED STATES SECRETARY OF LABOR, | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| Defendants. | |
| 19 | |

20    1.   <u>PURPOSES AND LIMITATIONS</u>

21          This action involves information contained in responses to the 2022 Agricultural Peak

22   Employment Wage and Practices Employer and Worker Surveys. Though Familias and the

23   Employment Security Department (ESD) do not agree as to whether survey responses are

24   confidential as a matter of either state or federal law, ESD asserts that it assures survey

25   respondents that their submissions will remain confidential. Dkt. #84 at 4. Accordingly, the

26

parties hereby stipulate that the information contained therein may warrant special protection and jointly move for entry of the following Stipulated Limited Protective Order. This Limited Order does not confer blanket protection on all disclosures or responses to discovery. Rather, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Order does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" MATERIAL

(a)    "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: sensitive business records, bank account information, and phone records. "Confidential" material may also include information pertaining to a third party that is reasonably believed to be personal or not generally available to the public; information that either party is obligated by contract to protect as confidential; other information that a party in good faith believes to be confidential, proprietary, and/or sensitive, the unauthorized disclosure and use of which could be harmful to the party or a third party.

(b)    "Attorneys' Eyes Only" material and information is extremely sensitive confidential information, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. "Attorneys' Eyes Only" material and information shall include any information that a party is required by state or federal law to protect as confidential.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2)

all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A party receiving confidential material disclosed or produced by another party or by a non-party in connection with this case may use such material only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement. Confidential materials that are also designated as Attorney's Eyes Only shall not become part of the receiving party's case file and, thus, are not the materials of the client.

4.2 Disclosure of "CONFIDENTIAL" Information. Unless otherwise ordered by the Court or authorized in writing by the designating party, a party receiving confidential material may disclose such material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the producing party designates that a particular document or material produced is for Attorney's Eyes Only;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court, court personnel, and court reporters and their staff;

(e) businesses retained by counsel to assist in the copying or imaging of confidential material, provided that counsel for the party retaining the business instructs the business not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Disclosure of "ATTORNEY'S EYES ONLY" Information:</u> Unless otherwise ordered by the Court or permitted in writing by the designated party, a receiving party may disclose Attorneys' Eyes Only material only to:

(a)    internal and external attorneys working on behalf of a party, including paralegals, assistants, and stenographic and clerical employees and contractors working under the direct supervision of such attorneys;

(b)    officers of the Court and supporting personnel, or officers of any appellate court to which an appeal may be taken or in which review is sought, including necessary stenographic, videographers, and clerical personnel;

(c)    stenographic reporters and videographers engaged for depositions or other proceedings necessary for the conduct of this case;

(d)    any person of whom testimony is taken (and their counsel, if any), except that such person may only be shown Attorneys' Eyes Only Material during his or her testimony if it is apparent from the face of the document, or the surrounding circumstances, that the witness authored or had legitimate access to and had previously seen the document, provided that if the disclosure would be based on a party's assertion that the "surrounding circumstances" suggest that the witness authored or had legitimate access to and had previously seen the document, the parties' attorneys will consult in a sidebar, not in the presence of the witness, about that assertion, and attempt to agree, and in the event of a disagreement, the document will not then be shown to the witness, subject to further conferring and motion practice and provided further that the witness may not retain any Attorneys' Eyes Only Material or copies thereof;

(e)    any person who is expressly retained or sought to be retained by a party's attorneys to assist in preparation of this action for trial (including testimonial experts, non-testimonial experts (who are subject to legitimate work product doctrine protections) or other trial related consultants (who are subject to legitimate work product doctrine protections)), with disclosure only to the extent necessary to perform such work; and

(f)    insurers of any party or its counsel of record in this action and agents of said insurers.

1

4.4 <u>Discussion of "Attorneys' Eyes Only" Materials with Parties</u>

2

To the extent necessary to comply with their obligations under the Rules of

3

4

Professional Conduct, in particular the obligations under RPC 1.4, counsel for the receiving

party may verbally apprise the receiving party of the contents of the "Attorney's Eyes Only"

5

6

material, in summary fashion, and of the conclusions drawn by the receiving party's expert(s)

7

from that material.

8

4.5 <u>Filing of "Confidential" or "Attorneys' Eyes Only" Material</u>

9

(a)      Before filing confidential material or discussing or referencing such material in

10

court filings, the filing party shall confer with the designating party to determine whether the

11

12

designating party will remove the "confidential" or "attorneys' eyes only" designation, whether

the document can be redacted, or whether a motion to seal or stipulation and proposed order is

13

14

warranted.

15

(b)      In the absence of consent as provided in Paragraph 4.5(a), a Party seeking to file

16

Confidential Material or Attorneys' Eyes Only Material shall file and/or lodge the material in

17

an envelope or container marked "CONDITIONALLY UNDER SEAL" pending the court's

18

ruling on the designating party's motion to seal the material. The accompanying application

19

20

shall: clearly identify, by Bates stamp number or other reasonable description, the specific

documents that are sought to be filed with the court; state that the information lodged with the

21

22

court and sought to be filed under seal is subject to this Protective Order; indicate that the

23

designating party will file and serve, within 7 days thereafter, a declaration and/or motion

24

establishing that the material is sealable; and state that the designating party will file with the

25

court and serve a narrowly tailored proposed sealing order. If the designating party determines

26

that it needs additional time to prepare such declaration or motion (because, for example, it would otherwise be required to prepare the motion to seal simultaneously with briefing on the underlying motion), such Party shall be entitled to an extension of time to file the motion to seal of at least 7 days, and the other Party shall stipulate upon request to such extension of time.  If the designating party fails to file a motion with the court to seal or protect the record within 14 days, the confidentiality designation shall be deemed removed and the documents publicly filed. Any documents which the court declines to order sealed may then be filed publicly with the tribunal, subject to any further appeal rights.

    5.  <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by redacting and making appropriate markings in the margins or providing an index or privilege log). Confidential materials that are also designated as Attorney's Eyes Only shall be marked "CONFIDENTIAL - Attorney's Eyes Only" to each page with such designation.

(b) <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen (15) days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a

designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1  Timing of Challenges. Any party or non-party may challenge a designation of confidentiality or "attorneys-eyes-only" status at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2  Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet-and-confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3  Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party shall file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. If the parties are unable to resolve a dispute over a confidentiality designation, and the designating party fails to file a motion with the court to seal or protect the record within 21 days of the parties meet and confer, the confidentiality designation shall be deemed removed. Frivolous challenges, and

those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were

made of all the terms of this Order, and (d) request that such person or persons execute the

"Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

9.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, the obligations of the

receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

provision is not intended to modify whatever procedure may be established in an e-discovery

order or agreement that provides for production without prior privilege review. Parties shall

confer on an appropriate non-waiver order under Federal Rule of Evidence 502.

10.  NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving

party must return all confidential material to the producing party, including all copies, extracts

and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

destruction. Notwithstanding this provision, counsel are entitled to retain one archival copy of

all documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

work product, even if such materials contain confidential material. The confidentiality

obligations imposed by this agreement shall remain in effect until a designating party agrees

otherwise in writing, the designation is removed, or a court orders otherwise.

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____

_____, declare under penalty of perjury that I have read in its entirety and understand the

Protective Order that was issued by the United States District Court Western District of

Washington at Seattle on the _____ day of _____, 2025, in the case of *Familias*

*Unidas por la Justicia v. USDOL, et al*, No. 2:24-cv-00637-JHC.  I agree to comply with and

to be bound by all the terms of this Protective Order, and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I

further agree to submit to the jurisdiction of the United States District Court Western District

of Washington for the purpose of enforcing the terms of this Protective Order, even if such

enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 14th day of March, 2025.

ROBERT W. FERGUSON                    COLUMBIA LEGAL SERVICES
Washington State Attorney General

| | |
|---|---|
| /s Marya Colignon | ANDREA SCHMITT, WSBA #39759 |
| | JOACHIM MORRISON, WSBA #23094 |
| MARYA COLIGNON, WSBA # 42225 | BONNIE LINVILLE, WSBA #49361 |
| KATY J. DIXON, WSBA #43469 | *Attorneys for Plaintiff* |
| Assistant Attorneys General | E-Mail: andrea.schmitt@columbialegal.org |
| *Attorneys for Employment Security* | joe.morrison@columbialegal.org |
| *Department* | bonnie.linville@columbialegal.org |
| E-mail: Marya.Colignon@atg.wa.gov | |
| Katy.Dixon@atg.wa.gov | |
| LalSeaEF@atg.wa.gov | |

TEAL LUTHY MILLER                    BARNARD IGLITZIN & LAVITT LLP
United States Attorney

/s Brian Kipnis                      KATHLEEN PHAIR BARNARD
                                     WSBA #17896
BRIAN C. KIPNIS                      *Attorney for Plaintiff*
Assistant United States Attorney     E-mail: barnard@workerlaw.com
*Attorney for Federal Defendants*
E-mail: brian.kipnis@usdoj.gov

                                     FARMWORKER JUSTICE


                                     LORI JOHNSON
                                     North Carolina State Bar Assn. #24227
                                     *Attorney for Plaintiff*
                                     E-mail: ljohnson@farmworkerjustice.org
                                     *Admitted Pro Hac Vice*


                                     EDWARD TUDDENHAM
                                     New York State Bar #2155810
                                     *Attorney for Plaintiff*
                                     E-mail: edwardtuddenham@gmail.com
                                     *Admitted Pro Hac Vice*

## **ORDER**

It is so ORDERED.

DATED this 17th day of March, 2025.

_____
John H. Chun
United States District Judge