UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO, <br><br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR; VINCENT N. MICONE, III, in his official capacity as Acting United States Secretary of Labor,[1]<br><br>Defendants. | CASE NO. 2:24-cv-00637-JHC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL AND SECOND AMENDED COMPLAINT AND MOTION FOR A SECOND PRELIMINARY INJUNCTION |

**I**
**INTRODUCTION**

This matter comes before the Court on Plaintiff Familias Unidas por la Justicia, AFL-CIO's Motion for Leave to File Supplemental and Second Amended Complaint, Dkt. # 130, and Familias's Motion for Preliminary Injunction – AEWR Only Claim, Dkt. # 131. The Court has reviewed the materials filed in support of and in opposition to the motions, the record, and the governing law. Being fully advised, the Court GRANTS the motions.

---

[1] Federal Defendants substituted Vincent N. Micone, III, for Julie Su, former Acting Secretary of Labor. Dkt. # 138 at 1 n.1.

ORDER GRANTING PLAINTIFF'S MOTION TO FILE
SUPPLEMENTAL AND SECOND AMENDED
COMPLAINT AND MOTION FOR A SECOND
PRELIMINARY INJUNCTION - 1

II
BACKGROUND

A.     Wages Under the H-2A Program

Under the H-2A program, employers may bring temporary foreign workers into the United States.  8 U.S.C. § 1188.  Before an employer can obtain a visa for a foreign worker, the employer must apply for a certification from the United States Department of Labor (DOL) that there are not enough workers at the time and place to fulfill the employer's need, and that employment of a foreign worker "will not adversely affect the wages and working conditions of workers in the United States similarly employed."  *Id.* (a)(1)(A)–(B).  DOL regulations require H-2A employers in agriculture to pay a wage that is either the Adverse Effect Wage Rate (AEWR) (a state-specific hourly minimum wage) or a prevailing wage rate.[2]

Because prevailing wages can include piece-rate wages (i.e., pay based on the amount of a crop harvested instead of the number of hours worked) and hourly rates of pay higher than the AEWR, DOL recognizes that prevailing wages "serve as an important protection for workers." 88 Fed. Reg. 12760, 12775 (Feb. 28, 2023).  Although DOL determines the AEWR, 20 C.F.R. § 655.1300, it delegates to state workforce agencies (SWAs) the task of collecting data to calculate prevailing wage rates.  *See* 20 C.F.R. § 655.1300(c).  SWAs follow DOL guidelines for this task and then submit the prevailing wage rates and the survey methods used to DOL for validation.  *See* 20 C.F.R. § 655.120(c); 87 Fed. Reg. 61660, 61679, 61689 (Oct. 12, 2022).

In 2022, DOL issued regulations that changed the way that prevailing wages are calculated, 87 Fed. Reg. 61660, and a rule that prevailing wages expire after one year, 20 C.F.R.

---

[2] Under 20 C.F.R. § 655.120(a), H-2A employers are required to pay a wage that is at least the highest of: (1) the AEWR; (2) a prevailing wage rate; (3) the agreed-upon collective bargaining wage; (4) the Federal minimum wage; or (5) the State minimum wage.  But in agriculture, the AEWR and the prevailing wage are the only relevant wages because federal and state minimum wages are lower and collective bargaining agreements are not common in the industry.  Dkt. # 40 at 2–3.

ORDER GRANTING PLAINTIFF'S MOTION TO FILE
SUPPLEMENTAL AND SECOND AMENDED
COMPLAINT AND MOTION FOR A SECOND
PRELIMINARY INJUNCTION - 2

§ 655.120(c)(2), (One-Year rule).  Relying on these new regulations, Washington's SWA, the Employment Security Department (ESD), conducted and submitted a survey to DOL for review. Dkt. # 34 at 2.  But while DOL was reviewing the submission, the prior prevailing wage rates expired under the One-Year rule.  Without a prevailing wage in effect, there was uncertainty as to the wages that workers would be paid.  *See* Dkt. # 40 at 17–20.  Before DOL published new prevailing wage rates for Washington, Familias sued DOL and the Acting United States Secretary of Labor to "challeng[e] the agency's 2022 prevailing wage rules related to the federal 'H-2A' temporary agricultural visa program as well as certain policies and practices implementing those prevailing wage regulations."  Dkt. # 67 at 1, ¶ 1.

Familias's present motions raise the issue whether allowing Familias to challenge and enjoin DOL's approval of H-2A contracts that only list the AEWR and do not unequivocally offer prevailing piece-rate wages (AEWR-only job orders)[3] will conflict with a preliminary injunction issued in *Barton v. U.S. Dep't of Lab.*, 2024 WL 4886048 (E.D. Ky. Nov. 25, 2024). Because determination of this issue requires familiarity with the Ninth Circuit's holding in *Torres Hernandez v. Su*, 2024 WL 2559562 (9th Cir. May 24, 2024), a prior case between the parties, the Court discusses that decision before turning to this case and the *Barton* preliminary injunction.

B.    The Ninth Circuit's *Torres Hernandez* Decision

In *Torres Hernandez v. U.S. Dep't of Lab.*, Familias (with another plaintiff) claimed that before DOL could certify an employer offering the AEWR, DOL must determine whether the AEWR is higher than an applicable prevailing piece-rate wage.  2023 WL 5662560, at *1 (E.D. Wash. Aug. 31, 2023), *rev'd and remanded sub nom. Torres Hernandez*, 2024 WL 2559562.

---

[3] The Court has also previously referred to these as "AEWR-only job offers."  Dkt. # 129 at 2.

1

2

The district court denied the plaintiffs' motion for a preliminary injunction because "[n]othing in 20 C.F.R. § 655.120 nor § 122(1) requires DOL to check the AEWR against the prevailing wage rate before certification." *Id.* The plaintiffs appealed.

3

4

On May 24, 2024, the Ninth Circuit reversed and remanded for entry of a preliminary injunction. *Torres Hernandez*, 2024 WL 2559562, at *1. Although DOL amended 20 C.F.R. § 655.120(a) in its Final Rule[4] while the appeal was pending, the Ninth Circuit considered the previous version of that subsection, which provided:

5

6

7

8

> (a) Employer obligation. Except for occupations covered by §§ 655.200 through 655.235, to comply with its obligation under § 655.122(l), an employer must offer, advertise in its recruitment, and pay a wage that is at least the highest of:

9

10

> (1) The AEWR;

11

> (2) A prevailing wage rate [subject to certain criteria].[5]

12

*See also* Dkt. # 104-10 at 64 (comparing the previous and amended versions of § 655.120(a)).

13

14

The Ninth Circuit held that when the prevailing wage is a piece-rate, the previous version of § 655.120(a) required an H-2A employer to offer it. *Torres Hernandez*, 2024 WL 2559562, at *1. Because regulations require employers to supplement the wages of piece-rate workers if their earnings fall below the amount that they would have earned under an hourly wage, a prevailing piece-rate wage "is always 'at least the highest of' the listed wages." *Id.* The Ninth Circuit observed that its interpretation of the previous version of § 655.120(a) is consistent with the amended version in the Final Rule, *id.* at *1 n.2, which added subsection (a)(2):

15

16

17

18

19

20

21

22

23

---

[4] *Improving Protections for Workers in Temporary Agricultural Employment in the United States*, 89 Fed. Reg. 33,898 (Apr. 29, 2024).

24

[5] As discussed in footnote 2, 20 C.F.R. § 655.120(a) lists additional wages not at issue here.

(a) Employer obligation.

(1) Except for occupations covered by §§ 655.200 through 655.235, to comply with its obligation under § 655.122(l), an employer must offer, advertise in its recruitment, and pay a wage that is at least the highest of:

(i) The AEWR;

(ii) A prevailing wage rate [subject to certain criteria];

. . .

(2) Where the wage rates set forth in paragraph (a)(1) of this section are expressed in different units of pay (including piece rates or other pay structures), the employer must list the highest applicable wage rate for each unit of pay in its job order and must offer and advertise all of these wage rates in its recruitment. The employer's obligation to pay the highest of these wage rates is set forth at § 655.122(l)(2).

The Ninth Circuit concluded that the amendment to § 655.120(a) did not moot the case because the plaintiffs could still seek "vacatur of improperly approved AEWR-only job orders from the 2023 harvest season and exclusion of wages paid under those orders from future prevailing wage surveys." *Torres Hernandez*, 2024 WL 2559562, at *2. Although the Ninth Circuit mentioned vacatur of improperly approved AEWR-only job orders, it only directed entry of an injunction requiring DOL to exclude from future prevailing wage surveys certain reported wages. *Id.* On remand, the district court issued a permanent injunction:

ESD shall exclude from future prevailing wage survey results any reported wages that (1) exactly match the AEWR; (2) were paid by an employer that had received an AEWR-only job order for the 2023 harvest season; and (3) were paid during the 2023 harvest season for work in an agricultural activity with a piece-rate prevailing wage during that season.

Dkt. # 113-2 at 7. This injunction enjoins only ESD, which has been dismissed from the case before this Court. Dkt. # 117.

C.    This Court's Preliminary Injunction

Before the Ninth Circuit decided the appeal in *Torres Hernandez*, Familias filed the suit before this Court and moved to enjoin, among other policies, the One-Year Rule, (provided in another part of 20 C.F.R. § 655.120, subsection (c)(2)).  Dkt. # 40 at 1.  Familias showed that farmworkers in Washington would suffer irreparable harm without an injunction because "Washington farmworkers earn more wages when working at a piece-rate pay system versus an hourly pay system, and [] these workers rely on these wages to survive."  *Id.* at 18.  This Court reasoned, "While economic harm usually does not rise to the level of irreparable harm, courts have found that decreased wages or loss of a job can be irreparable harm 'when an employee is so poor that if she stopped working, the consequences would be severe.'"  *Id.* at 17 (quoting *Lee v. Christian Coal. of Am., Inc.*, 160 F. Supp. 2d 14, 31 (D.D.C. 2001), and relying on other authorities).  On July 2, 2024, the Court issued a preliminary injunction enjoining DOL from enforcing the One-Year rule in Washington and requiring DOL to reinstate and enforce the 2020 prevailing wage rates, which were published in January 2022.  *Id.* at 21.

D.    The *Barton* Preliminary Injunction

Familias is not the only plaintiff that has challenged DOL's H-2A program regulations.  In *Barton*, seven Kentucky farmers and five association entities sued DOL in the Eastern District of Kentucky.  2024 WL 4886048, at *2.  West Virginia, Alabama, Ohio, and Kentucky intervened as plaintiffs, and the plaintiffs moved for a preliminary injunction.  *Id.*

On November 25, 2024, the court there held that DOL's decision to implement new minimum pay requirements in the amended version of § 655.120(a) is likely arbitrary and capricious.  *Id.* at *13.  Unlike the Ninth Circuit in *Torres Hernandez*, the court held that the previous version of § 655.120(a) allowed an employer to choose whether to pay an hourly or

ORDER GRANTING PLAINTIFF'S MOTION TO FILE
SUPPLEMENTAL AND SECOND AMENDED
COMPLAINT AND MOTION FOR A SECOND
PRELIMINARY INJUNCTION - 6

piece-rate wage "in the manner that best serves their business interest." *Id.* The court held that DOL failed to explain the change between the previous version of § 655.120(a) and the amended version, which imposed new minimum pay requirements. *Id.* The court did not discuss the Ninth Circuit's *Torres Hernandez* decision or this Court's injunction.

The court enjoined DOL from "implementing, enacting, enforcing, or taking any action in any manner to enforce . . . new minimum pay requirements including but not limited to 20 C.F.R. § 655.120(a)." *Id.* at *19. The court's injunction is effective within Kentucky, Alabama, Ohio, and West Virginia, and DOL is enjoined from enforcing the Final Rule against the *Barton* plaintiffs. *Id.* at *20.

E.      DOL's approval of new clearance orders after the *Barton* injunction

After the *Barton* court issued its injunction, DOL approved AEWR-only job orders for Washington farmworker jobs submitted by the Washington Farm Labor Association (WAFLA),[6] Brandon Lewis Orchards, Gebbers Orchards, and ArgiMACS, Inc. Dkt. # 104-6 at 2. On December 9 and 12, 2024, Familias emailed DOL asserting that approval of these clearance orders violated this Court's injunction. Dkt. # 104-5 at 2–3. Also on December 12, 2024, Familias moved to intervene in *Barton*, seeking dissolution of the court's injunction as to § 655.120(a) and either dismissal of a challenge to that subsection or transfer of venue of that claim to this Court. Dkt. # 103 at 12.

On December 13, 2024, DOL responded to Familias's concerns. Dkt. # 104-6 at 2. DOL replied that this Court has not addressed whether DOL's approval of H-2A contracts with AEWR-only job orders violates 20 C.F.R. § 655.120(a). *Id.* at 2–3. Thus, DOL reasoned that

---

[6] WAFLA now styles itself as the "Worker and Farmer Labor Association." Dkt. ## 131 at 8 n.3; 136 at 5 n.5.

ORDER GRANTING PLAINTIFF'S MOTION TO FILE
SUPPLEMENTAL AND SECOND AMENDED
COMPLAINT AND MOTION FOR A SECOND
PRELIMINARY INJUNCTION - 7

this Court's injunction does not prohibit approvals of the challenged clearance orders. *Id.* DOL also noted that the *Barton* injunction compelled approvals of these clearance orders because the injunction encompasses DOL's actions as to the *Barton* plaintiffs no matter where they are located. *Id.* at 3–4. DOL says that all four entities are covered by the *Barton* injunction. *Id.*

F.      Denial of Familias's Motion to Hold DOL in Civil Contempt

Familias moved to hold DOL in civil contempt for violating this Court's July 2, 2024 preliminary injunction. Dkt. # 103. This Court denied the motion because its July 2, 2024 preliminary injunction "does not address DOL's approval of H-2A contracts with AEWR-only offers." Dkt. # 129 at 7. This Court reasoned that "what prohibited DOL from approving H-2A contracts with AEWR-only offers was the Ninth Circuit's decision in *Torres Hernandez*, not this Court's injunction." *Id.* But the Court also observed that "allowing DOL to approve H-2A contracts with AEWR-only offers undermines a purpose of this Court's injunction, which enjoined the One-Year rule to ensure that workers are paid prevailing piece-rate wages." *Id.*

Familias now moves for leave to file a supplemental and second amended complaint, Dkt. # 130, and for a second preliminary injunction "enjoining DOL from approving AEWR-only job orders for crop activities covered by a published 2020 prevailing wage and to rescind and modify any 2025 AEWR-only job orders previously approved," Dkt. # 131 at 2.

### III
### DISCUSSION

A.      Familias's Motion to File Supplemental and Second Amended Complaint

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Under Federal Rule of Civil Procedure 15(d), courts may "permit a

party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

Familias asks the Court for leave to file a supplemental and second amended complaint that removes references to ESD, which has been dismissed from this case, Dkt. # 117, and to include a substantive section of its original complaint that was erroneously omitted from its first amended complaint. Dkt. # 130 at 1–2. Familias also seeks to supplement its complaint to add: (1) "a claim under 5 U.S.C. § 706(1) and 706(2)(A) based on DOL's assertion that it is making no effort to calculate prevailing wage rates based on the 2022 survey,"; and (2) a claim that DOL's approval of AEWR-only job orders "violates DOL's statutory mandate to avoid adverse effects on domestic farmworker wages and working conditions" (AEWR-only claim). Dkt. ## 130 at 2–3; 130-1 at 29, ¶ 163.

Federal Defendants oppose Familias's motion only as to adding its AEWR-only claim. Dkt. # 136 at 3–4. Federal Defendants contend that the AEWR-only claim is a "separate, distinct and new cause of action." *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (citation omitted). But for purposes of Rule 15(d), a new claim can be added if there is "some relationship" between the new claim and the "subject of the original action." *See Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988). Familias's AEWR-only claim relates to this Court's order denying Familias's motion to hold DOL in civil contempt, which observes that DOL's approval of AEWR-only job orders undermines a purpose of this Court's July 2, 2024 preliminary injunction. Dkt. # 129 at 7. Federal Defendants also assert that Familias's AEWR-only claim is futile because granting relief under this claim would violate comity principles by creating a conflict with the *Barton* preliminary injunction. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("An amendment is futile when no set of facts can be proved

under the amendment to the pleadings that would constitute a valid and sufficient claim or

defense." (quotation marks and citation omitted)).  Because this assertion is also the basis for

Federal Defendants' opposition to Familias's motion for a second preliminary injunction, which

the Court grants for the reasons below in Section III.B, the Court concludes that Familias's

AEWR-only claim has merit.

Thus, the Court grants Familias's motion for leave to file a supplemental and second

amended complaint.

B.      Familias's Motion for a Second Preliminary Injunction

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a

clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*,

555 U.S. 7, 23 (2008).  To obtain a preliminary injunction, a plaintiff must show that (1) they are

"likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence

of" a preliminary injunction; (3) "the balance of equities tips in [their] favor"; and (4) a

preliminary injunction "is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127

(9th Cir. 2009) (quoting *Winter,* 555 U.S. at 20).  When the nonmoving party is the government,

the third and fourth *Winter* factors "merge" into a single factor.  *Baird v. Bonta*, 81 F.4th 1036,

1040 (9th Cir. 2023).

DOL "acknowledges that, absent the *Barton* preliminary injunction, it would disapprove

AEWR-only job orders submitted by the *Barton* plaintiffs and beneficiaries in Washington in

accordance with 20 C.F.R. § 655.120(a)(2)."  Dkt. # 138 at 8.  But they contend that this Court

may not order them to act contrary to the *Barton* preliminary injunction because doing so would

ORDER GRANTING PLAINTIFF'S MOTION TO FILE
SUPPLEMENTAL AND SECOND AMENDED
COMPLAINT AND MOTION FOR A SECOND
PRELIMINARY INJUNCTION - 10

violate principles of judicial comity.[7]  Thus, the Court considers together the likelihood of success on the merits, balance of the equities, and public interest factors.  The Court has already concluded in its order issuing its July 2, 2024 preliminary injunction that farmworkers in Washington will suffer irreparable harm if they are paid wages based on the AEWR rather than prevailing rates because reduced wages can severely affect their livelihoods.  Dkt. # 40 at 17–20.

"When an injunction sought in one federal proceeding would interfere with another federal proceeding, considerations of comity require more than the usual measure of restraint, and such injunctions should be granted only in the most unusual cases."  *Bergh v. State of Wash.*, 535 F.2d 505, 507 (9th Cir. 1976).  This is an unusual case.  Before the *Barton* preliminary injunction enjoined Federal Defendants, they were subject to the Ninth Circuit's decision in *Torres Hernandez*, 2024 WL 2559562.  *See* Ninth Circuit Rule 36-3 (unpublished decisions can have preclusive effect as to the parties).  They were also subject to this Court's July 2, 2024 preliminary injunction, which sought to prevent reduction of Washington farmworkers' wages – the same harm that Federal Defendants do not contest results from its approval of AEWR-only job orders under the *Barton* preliminary injunction.  Despite *opposing* the *Barton* preliminary injunction, Federal Defendants apparently did not inform the *Barton* court of either the Ninth Circuit's *Torres Hernandez* decision or this Court's July 2, 2024 preliminary injunction.  Dkt. # 129 at 8.  And the *Barton* court did not address them in enjoining DOL from enforcing § 655.120(a).

---

[7] Familias moved for leave to file a supplemental and second amended complaint and a second preliminary injunction on the same day. Dkt. ## 130; 131. Federal Defendants contend that Familias's motion for a second preliminary injunction should be denied because it is based on Familias's AEWR-only claim, and the Court has not yet granted Familias leave to add this claim. The Court rejects this contention because it grants Familias leave to add the AEWR-only claim.

ORDER GRANTING PLAINTIFF'S MOTION TO FILE
SUPPLEMENTAL AND SECOND AMENDED
COMPLAINT AND MOTION FOR A SECOND
PRELIMINARY INJUNCTION - 11

Federal Defendants suggest that the *Barton* preliminary injunction takes precedence because it was issued first. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) ("[I]t is for the *court of first instance* to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decisions are to be respected.") (citation omitted) (emphasis added). But the Ninth Circuit's decision in *Torres Hernandez*, 2024 WL 2559562, at *1, which held that DOL must reject AEWR-only job orders, preceded the *Barton* preliminary injunction and formed the backdrop for this Court's July 2, 2024 preliminary injunction. *See* Dkt. # 129 at 6–7. Although the injunction issued on remand from the Ninth Circuit's *Torres Hernandez* decision only applies to ESD, not DOL, the Ninth Circuit holding that the amended version of § 655.120(a) is consistent with its previous version still applies. 2024 WL 2559562, at *1 n.2. This is contrary to the *Barton* court's holding that § 655.120(a) is likely arbitrary and capricious because the two versions are different.[8] 2024 WL 4886048, at *13. Because this Court sits in the Ninth Circuit, it must respect the decision in *Torres Hernandez*, even when it "sharply conflicts" with the reasoning of an out-of-circuit district court. *See California ex rel. Lockyer v. U.S. Dep't of Agric.*, 710 F. Supp. 2d 916, 920 (N.D. Cal. 2008).

---

[8] Familias says that enjoining DOL from approving AEWR-only job orders will not conflict with the *Barton* preliminary injunction because that injunction only enjoined the amended version of § 655.120(a), and not the previous version. Familias relies on the principle that a court's invalidation of a new agency rule reinstates the prior regulation. Dkt. # 143 at 11–14 (citing *Paulsen v. Daniels*, 413 F.3d 999, 1008 (9th Cir. 2005)). Thus, Familias contends that in Washington, DOL is subject to the prior version of § 655.120(a), which the Ninth Circuit in *Torres Hernandez* interpreted as prohibiting DOL from approving AEWR-only job orders. Dkt. # 131 at 12–13. But this contention assumes that the interpretation of the prior version of § 655.120(a) by the Ninth Circuit, rather than that by the *Barton* court, applies when the *Barton* plaintiffs seek approval of job orders in Washington. The Court need not reach this issue because it concludes that relief is warranted even if there is a conflict between Familias's requested relief and the *Barton* preliminary injunction.

ORDER GRANTING PLAINTIFF'S MOTION TO FILE
SUPPLEMENTAL AND SECOND AMENDED
COMPLAINT AND MOTION FOR A SECOND
PRELIMINARY INJUNCTION - 12

1    Federal Defendants assert that it would be "untenable" for this Court to order DOL to

2    violate the *Barton* preliminary injunction.  Dkt. # 138 at 8 (quoting *Religious Sisters of Mercy v.*

3    *Azar*, 513 F. Supp. 3d 1113, 1144 (D.N.D. 2021)).  But it is also untenable to require DOL to

4    contravene the Ninth Circuit's decision in *Torres Hernandez*.  Federal Defendants analogize this

5    case to *Common Cause v. Jud. Ethics Comm.*, 473 F. Supp. 1251 (D.D.C. 1979), *Feller v. Brock*,

6    802 F.2d 722 (4th Cir. 1986), and *Religious Sisters of Mercy*, 513 F. Supp. 3d at 1144.  But these

7    cases merely stand for the general proposition that the decision of the first court to reach an issue

8    should be respected.  Granting Familias relief would support, rather than undermine, orderly

9    administration of law because the Ninth Circuit issued its decision in *Torres Hernandez* first.[9]

10    *See W. Gulf Mar. Ass'n*, 751 F.2d at 731–32 (when a court assumes jurisdiction over an issue

11    and the plaintiff then moves for preliminary injunction in a different court regarding the same

12    issue, "[c]onsiderable authority supports" the defendant's motion for an injunction in the first

13    court to prohibit the plaintiff from proceeding with their motion in the second court).  And as an

14    equitable matter, the irreparable injury that Washington farmworkers will suffer without a

15    second preliminary injunction weighs strongly in favor of making an exception to the usual rule

16    that courts should not subject a defendant to conflicting orders.

---

[9] Federal Defendants say that courts of "coordinate jurisdiction" should not issue conflicting injunctions.  But they rely on cases emphasizing that courts should avoid issuing conflicting injunctions when the district courts' decisions are reviewed by the same Court of Appeals.  Dkt. # 138 at 9–10 (citing *Bergh*, 535 F.2d at 507; *Brittingham v. U.S. Comm'r of Internal Revenue*, 451 F.2d 315, 318 (5th Cir. 1971)).  Where, as here, the conflict is between district courts in different circuits, there is less concern for maintaining uniformity.  *See Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1124 (7th Cir. 1987) (even if a defendant would be placed under inconsistent obligations, district judges need not treat decisions by district judges in "other circuits, as controlling").  And although Federal Defendants also assert that "[c]onsiderations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously," *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985) (citation omitted), this Court is not hearing the same claim for the first time but is rather enforcing the Ninth Circuit's prior decision in *Torres Hernandez*.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

There are also reasons to believe that the *Barton* court did not intend to require DOL to approve AEWR-only job orders in Washington. Again, the *Barton* court did not address the Ninth Circuit's *Torres Hernandez* decision or this Court's July 2, 2024 preliminary injunction. *Cf. W. Gulf Mar. Ass'n*, 751 F.2d at 730 (a district court "should have stayed dismissed, or transferred [the plaintiff's] action" because the defendants advised the district court of an action pending in a different court that involved the same "core issue"). And the *Barton* court declined to issue a nationwide injunction because "issuing preliminary relief any broader than to the parties currently before it (or who may be joined subsequently) is unnecessary and runs afoul of our federal system." 2024 WL 4886048, at *19. The *Barton* preliminary injunction is effective within Kentucky, Alabama, Ohio, and West Virginia; it gives rise to the present motion only because it also applies to the *Barton* plaintiffs, no matter where they reside. *Id.* at *20. Because Washington is the only state with published prevailing piece-rate wages, Dkt. # 143 at 9, it is the only state in which enforcement of § 655.120(a) would require H-2A employers to pay piece rate wages. The *Barton* court's concern for comity suggests that it did not intend, without consideration, to allow for the reduction of Washington farmworkers' wages in a manner that could severely affect their livelihoods.

Thus, the Court grants Familias's motion for a second preliminary injunction.[10] To minimize conflict with the *Barton* preliminary injunction, the Court enjoins DOL as to its

---

[10] The Court concludes that, as with its first preliminary injunction, Dkt. # 40 at 12, this second preliminary injunction is a prohibitory, rather than mandatory, because it helps return to the status quo before the issuance of the *Barton* preliminary injunction. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878–79 (9th Cir. 2009) ("A prohibitory injunction prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits. A mandatory injunction orders a responsible party to take action.") (cleaned up). But in any event, the Court recognized in granting its first preliminary injunction that the "very serious damage [that] will result" to Washington farmworkers satisfies the higher standard for a mandatory injunction. *Doe v. Snyder*, 28 F.4th 103, 106 (9th Cir. 2022) (citation omitted); Dkt. # 40 at 20 n.4.

approval of AEWR-only job orders only for jobs in Washington since the issuance of the *Barton* preliminary injunction.  *See California ex rel. Lockyer*, 710 F. Supp. 2d at 920–21, 924 (partially staying an injunction only as to states outside the Ninth Circuit in the interest of comity but enforcing the injunction within the Ninth Circuit).  The Court also orders the parties to keep the Court appraised of significant developments in *Barton*.  Because Federal Defendants do not respond to Familias's contention that it should not be required to post a bond, the Court does not require Familias to post a bond.

## IV
### CONCLUSION

For these reasons, the Court GRANTS Familias's motion for leave to file a supplemental and second amended complaint.  The Court ORDERS that:

- Federal Defendants have 30 days from responding to Familias's second amended complaint to file a new or amended administrative record.  Federal Defendants' deadline to respond to the second amended complaint is governed by the Federal Rules of Civil Procedure.

- The May 16, 2025 deadline for filing of dispositive motions, Dkt. # 133, is VACATED and the parties shall submit a joint status report proposing a new dispositive motions deadline and any other pretrial deadlines by April 4, 2025.

The Court also GRANTS Familias's motion for a second preliminary injunction.  The Court ORDERS DOL to:

- Immediately rescind and modify all AEWR-only job orders approved for beneficiaries of the *Barton* preliminary injunction located in Washington since November 25, 2024;

ORDER GRANTING PLAINTIFF'S MOTION TO FILE
SUPPLEMENTAL AND SECOND AMENDED
COMPLAINT AND MOTION FOR A SECOND
PRELIMINARY INJUNCTION - 15

- Inform all relevant employers in Washington that to continue to employ H-2A workers, they must unequivocally offer and pay the conforming prevailing piece rate wage under the 2020-Survey prevailing wage rates in compliance with the Ninth Circuit's conclusion on the application of 20 C.F.R. §§ 655.120(a) and 655.122(l) in *Torres Hernandez v. Su*, 2024 WL 2559562, at *1 (9th Cir. May 24, 2024);

- Inform all relevant employers in Washington that they must expeditiously disclose updated terms and conditions of work to their employees; and

- Take immediate action to ensure that all current and future proposed job orders for the 2025 season are reviewed for compliance consistent with this Order.

And the Court ORDERS the parties to promptly file joint status reports for relevant developments in *Barton v. United States Dep't of Lab.*, No. CV 5:24-249-DCR, (E.D. Ky.).

Dated this 28th day of March, 2025.

John H. Chun
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO FILE
SUPPLEMENTAL AND SECOND AMENDED
COMPLAINT AND MOTION FOR A SECOND
PRELIMINARY INJUNCTION - 16