UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR; VINCENT N. MICONE, III, in his official capacity as Acting United States Secretary of Labor,<br><br>Defendants. | CASE NO. 2:24-cv-00637-JHC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO CLARIFY PRELIMINARY INJUNCTION ORDER |

This matter comes before the Court on Plaintiff Familias Unidas por la Justicia, AFL-CIO's Motion to Clarify Preliminary Injunction Order.  Dkt. # 128.  Familias asks this Court to "1) clarify that nothing in the Court's July 2, 2024 preliminary injunction prevents [Defendant United States Department of Labor (DOL)] from carrying out its statutory duty to protect the wages and working conditions of farmworkers; and 2) require DOL to take action on the Washington prevailing wage survey." *Id.* at 1.  For the reasons below, the Court GRANTS in part and DENIES in part the motion.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO CLARIFY PRELIMINARY INJUNCTION ORDER - 1

On July 2, 2024, the Court granted in part Familias's motion for a preliminary injunction. Dkt. # 40. The Court enjoined DOL from enforcing 20 C.F.R. § 655.120(c)(2) (One-Year rule) because, by providing that prevailing wages expire after one year, DOL made it so that there was no prevailing wage in effect. Dkt. # 40 at 4. The Court concluded that without an effective prevailing wage, Washington farmworkers would face irreparable harm because reduced wages could severely affect their livelihoods. *Id.* at 17–20. Thus, the Court ordered DOL "to REINSTATE and enforce the 2020-Survey prevailing wage rates, published in January 2022, until judgment is entered in this case." *Id.* at 21.

The Court clarifies that this language does not mean that DOL cannot publish and enforce new prevailing wage rates for Washington. *See Safari Club Int'l v. Bonta*, 2024 WL 4682396, *2 (E.D. Cal. Nov. 5, 2024) ("A district court has discretion to clarify or modify the scope of an injunction."). This language only means that DOL must, at minimum, reinstate and enforce the 2020-Survey prevailing wage rates. This is consistent with the purpose of the July 2, 2024 preliminary injunction, which is to ensure that Washington farmworkers are paid prevailing wages while the Court adjudicates the validity of the One-Year rule. The preliminary injunction does not lock in a particular set of prevailing wages.

Although the Court clarifies that DOL is allowed to publish and enforce new prevailing wage rates for Washington, the Court declines to compel DOL to do so. The Court granted Familias leave to file a supplemental complaint adding "a claim under 5 U.S.C. § 706(1) and 706(2)(A) based on DOL's assertion that it is making no effort to calculate prevailing wage rates based on the 2022 survey." Dkt. # 145 at 9 (citing Dkt. # 130 at 2–3). In asking this Court to compel DOL to publish and enforce new prevailing wage rates for Washington, Familias requests a mandatory injunction. *Doe v. Snyder*, 28 F.4th 103, 111 (9th Cir. 2022) ("[A] mandatory injunction [is] one that goes beyond simply maintaining the status quo and orders the

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO CLARIFY PRELIMINARY INJUNCTION ORDER - 2

responsible party to take action pending the determination of the case on its merits."). Even if Familias's motion to clarify a preliminary injunction were construed as a motion for additional injunctive relief, the Court concludes that Familias does not meet the standard for a mandatory injunction. Mandatory injunctions are generally not granted "unless extreme or very serious damage will result." *Id.* at 111 (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)). To be sure, the Court has concluded that the the lack of prevailing wages satisfies this standard because it severely affects the livelihoods of Washington farmworkers by reducing their wages. Dkt. # 145 at 14 n.10 (citing Dkt. # 40 at 20 n.4). But the 2020-Survey prevailing wage rates are now in place, and Familias does not show that Washington farmworkers would suffer extreme harm if they do not receive additional wages from prevailing wage rates based on more recent surveys.

Thus, the Court GRANTS in part Familias's motion to clarify the July 2, 2024 preliminary injunction order and revises its second paragraph, Dkt. # 40 at 21, to provide as follows:

2. DOL is ORDERED to REINSTATE and enforce the 2020-Survey prevailing wage rates, published in January 2022, until judgment is entered in this case. DOL may replace the 2020-Survey prevailing wage rates with subsequently published prevailing wage rates.

The Court DENIES Familias's motion in part as to its request for an order compelling DOL to act on the 2022-Survey results for Washington.

Dated this 31st day of March, 2025.

John H. Chun
United States District Judge