Judge Chun

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FAMILIAS UNIDAS POR LA
JUSTICIA, AFL-CIO, a labor
organization,

                    Plaintiff,

      v.

UNITED STATES DEPARTMENT OF
LABOR, and LORI CHAVEZ-
DeREMER, in her official capacity as
United States Secretary of Labor,

                Defendants.

CASE NO.  C24-0637JHC

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL AND THIRD AMENDED COMPLAINT**

     Plaintiff asks the Court to allow it to file a supplemental complaint seeking to enjoin the new set of prevailing wages (the 2022-survey wages) the Department of Labor issued last month. This Court should not allow Plaintiff's supplemental complaint for five reasons: (1) Plaintiff should not be allowed to file claims seeking to enjoin the same wages that Plaintiff previously demanded the Department issue; (2) this case is nearly over, and the case deadlines do not allow amendment at this late stage; (3) Rule 15(d) does not allow supplemental complaints that allege new causes of action, as Plaintiff's does here; (4) while all the claims Plaintiff seeks to bring were

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED COMPLAINT. - 1
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

previously dismissed on summary judgment, the reasoning dismissing the claims relating to Washington's Employment Security Department (ESD) continues to apply even since the 2022-survey wages were issued; and (5) supplementation would be redundant and waste resources because if the Court were to agree with Plaintiff that the Department's regulations at issue are arbitrary and capricious, the Court would remand the regulations to the agency for rulemaking anyway.

First, the prevailing wages Plaintiff seeks leave to challenge are the exact prevailing wages that Plaintiff previously asked this Court to order the Department to issue. Because the Court ordered in July 2024 that the 2020-survey wages would remain in effect until final judgment, the Department had no plans to issue the 2022-survey wages during this litigation. Had Plaintiff left the Court's preliminary injunction order undisturbed, the 2020-survey wages would be in effect today. Instead, Plaintiff asked the Court to modify the injunction to allow the 2022-survey wages to issue—and even requested the Court order they be issued. Plaintiff made these requests with full knowledge of what it views as deficiencies in the 2022-survey wages. Now that those wages have issued—as Plaintiff demanded—Plaintiff should not be allowed to file new claims seeking to enjoin them. The issuance of the 2022-survey wages is a problem of Plaintiff's own making.

Second, Plaintiff's proposed complaint is improper because of the late stage of this litigation. This case is nearly at its end. The parties have pending cross-motions for summary judgment that would resolve this case in its entirety. All the case deadlines have passed, except for limited carve-outs relating only to Plaintiff's non-response bias claim. The Court should not allow this case to proceed indefinitely.

Third, Rule 15(d) does not allow Plaintiff to use the supplemental complaint process to raise entirely new causes of action that were previously dismissed on summary judgment. Instead, those should be pursued, if at all, in a new lawsuit. That Plaintiff previously alleged the 2022-survey wages were unlawful is of no moment because the Court lacked jurisdiction over those claims.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED COMPLAINT. - 2
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

Fourth, though the issuance of the 2022-survey wages does not justify reviving any of Plaintiff's previously dismissed claims, it certainly does not support reviving the claims relating to ESD. For those claims, the issuance of the 2022-survey wages is irrelevant. The new wages do not affect the Court's reasoning in dismissing Plaintiff's claims challenging the Department's alleged failure to require verification of employer survey responses and the Department's alleged approval of ESD's population-estimate survey method remains. Their dismissal remains the law of the case, and Plaintiff makes no effort to argue otherwise.

And finally, Plaintiff's proposed new claims are a waste of the Court's and the parties' resources. The pending summary-judgment motions concern facial attacks on the Department's regulations, including the 25% Rule that Plaintiff seeks to challenge once again as to the 2022-survey wages. So long as this case remains pending, the Department will continue to issue new prevailing wage rates based on new surveys under the Court's amended preliminary injunction. Plaintiff would have this Court rule on each newly issued set of prevailing wages in a piecemeal fashion rather than allow this case to proceed in an orderly way. If the Court invalidates the regulations at issue, the remedy would be to remand to the agency for new rulemaking. It is nonsensical to ask the Court to remand the same rules to the same agency multiple times. The pending summary-judgment motions can and should resolve this case.

## PROCEDURAL HISTORY

On July 2, 2024, at Plaintiff's request, the Court preliminarily enjoined the Department to "REINSTATE and enforce the 2020-Survey prevailing wage rates, published in January 2022, until judgment is entered in this case." Dkt. 40 at 21. Before it was later modified at Plaintiff's request, the order effectively preempted the Department's authority to issue new prevailing wage rates during the lawsuit and,

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED COMPLAINT. - 3
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

accordingly, the Department took no action on the findings of a survey conducted by ESD in 2022. Dkt. 89 at 5–6; Dkt. 91 ¶ 6.[1]

The preliminary injunction in its original form ultimately proved frustrating to Plaintiff because it prevented the Department from acting on ESD's 2022 survey findings. This absence of any final agency action, and the resulting lack of subject matter jurisdiction, led the Court to grant the Department's motion for partial summary judgment on Plaintiff's claims asserting that the Department's regulations were arbitrary and capricious in their application. Dkt. 127 at 23. In response, claiming that the Department was using the Court's July 2024 preliminary injunction as "an excuse to fail to complete its review of the 2022 prevailing wage survey," Plaintiff asked the Court to modify the preliminary injunction and to compel the Department to take action on those survey findings. Dkt. 128 at 10.[2]

The Court granted Plaintiff's motion in part, lifting the preliminary injunction insofar as it prevented the Department from issuing new wage rates while the lawsuit was pending and instead permitted the Department to "replace the 2020-Survey prevailing wage rates with subsequently published prevailing wage rates." Dkt. 146 at 3. However, the Court denied Plaintiff's request that it compel the Department to take any action. *Id.* Thereafter, with the Court's permission, Plaintiff filed the operative complaint in this case, which includes a claim to compel the Department to act on ESD's 2022 survey findings. Dkt. 147 ¶¶ 164–65. Also, Plaintiff filed a motion for partial summary judgment requesting, among other things, that the Court both invalidate the 25% Rule and compel the Department to issue new wage rates based on

---

[1]  In support of its first preliminary injunction motion, Plaintiff argued the 25% Rule was arbitrary and capricious in its application because ESD was unable to find prevailing wage rates for a number of harvest activities in its 2022 survey, which Plaintiff attributed to the 25% Rule. Dkt. 9 at 24–30. The Court did not accept Plaintiff's argument. Dkt. 40 at 16–17.

[2]  In fact, Plaintiff has requested an order from this Court compelling the Department to act on ESD's 2022 survey findings no fewer than three times. Dkt. 106 at 18:14–19:5; Dkt. 128 at 8:23–9:13; Dkt. 165 at 27–35.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED COMPLAINT. - 4
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

ESD's 2022 survey findings. Dkt. 167 at 15–25, 29–33. Defendants have cross-moved for summary judgment, and the noting date for both motions is July 18. Dkt. 173.

The non-dispositive motion cut-off date in this case expired on May 14, 2025. Dkt. 133. Acting on a stipulation of the parties, the Court recently ordered that the non-dispositive motion cut-off date in the case would be extended until September 25, 2025, "for the limited purpose of permitting Plaintiff to move to supplement the record to permit the addition of a report of an opinion by Plaintiff's expert witness in support of its non-response bias claim." Dkt. 173 at 2 ¶ 2.

On June 19, 2025, the Department issued new prevailing wage rates for the H-2A program based on ESD's 2022 survey. Dkt. 186. Shortly after, Plaintiff filed the present motion to allow it to file a supplemental complaint asserting that the Department's certification of ESD's 2022 survey was a new, arbitrary and capricious final agency action and asking for the Court to issue an injunction enjoining the new wage rates and reinstating (again) the 2020-survey prevailing wage rates.

## STANDARD

The basis for Plaintiff's motion is Federal Rule of Civil Procedure 15(d). That rule provides court discretion to allow supplemental pleadings to raise events that occurred after the date of the pleading to be supplemented. *See* Fed. R. Civ. P 15(d). The Court's discretion to deny a motion under Rule 15(d) is "particularly broad" where—as here—a plaintiff has previously filed amended and supplemental complaints. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *see also Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.,* 2023 WL 8188844, at *2 (N.D. Cal. Nov. 27, 2023) (noting that Rule 15(d) gives district courts "broad discretion" to permit or deny supplemental pleadings). Additionally, the Ninth Circuit holds that supplemental pleadings "cannot be used to introduce a separate, distinct, and new cause of action." *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (quotation omitted).

## ARGUMENT

### I.        The Court should not allow Plaintiff's gamesmanship.

Plaintiff is asking the Court to allow it to bring claims that directly contradict its current allegations and arguments in this case. Either under the broad discretion Federal Rule of Civil Procedure 15(d) affords this Court, or under the doctrine of judicial estoppel, Plaintiff should not be allowed to supplement its complaint to add the new claims that contradict its current claims. The Court has broad discretion to disallow a supplemental complaint, particularly here where Plaintiff has amended and supplemented its complaint before. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Or it may determine Plaintiff's claims are estopped by its earlier position. The factors for judicial estoppel are flexible and may include the following:

(1) whether a party's later position is clearly inconsistent with its earlier position;

(2) whether the party succeeded in persuading a court to accept its earlier position; and

(3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*New Hampshire v. Maine*, 532 U.S. 742, 751 (2001). *See also* 18 Moore's Federal Practice § 134.30 at 134–62 (3d ed. 2000) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding"); 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4477 at 782 (1981) ("absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory").

Each of these factors is met here. First, the operative complaint alleges it is illegal for the Department *not* to issue the 2022-survey wages. Dkt. 147 ¶ 165, § VI ¶ 6. Now, Plaintiff wants to change its complaint to claim *issuing* the 2022-survey

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED COMPLAINT. - 6
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

wages is actually what is illegal. Plaintiff's new complaint also contradicts its prior effort to have the Court modify the preliminary injunction to allow the 2022-survey wages to issue. The Court should not allow this have-your-cake-and-eat-it-too strategy. Second, Plaintiff succeeded in its request to have the preliminary injunction modified to allow the 2022-survey wages to issue. And third, Plaintiff would derive an unfair advantage if not estopped; this case needs to come to an end, and Plaintiff will keep the Department in perpetual litigation if the Court allows it to.

Presently before the Court are cross-motions for summary judgment, not yet fully briefed, in which Plaintiff asks the Court to (among other things): (1) invalidate as arbitrary and capricious one of the Department's criteria for validating prevailing wage surveys conducted by State Workforce Agencies (SWAs), specifically, the "25% Rule;" and (2) compel the Department to issue the 2022-survey wages, which the Department has now done. Normally when an agency takes the *very action* that a plaintiff is seeking to judicially compel, that is the end of the matter.

Not so here. Here, Plaintiff seeks leave to file a supplemental complaint to add an entirely new claim whose purpose is to enjoin these newly issued wage rates alleging that the Department's action—which Plaintiff demanded—"will result in immediate and irreparable injury to Washington State harvest workers." Dkt. 176 at 10–11. Whatever alleged harm will result to Washington State harvest workers, Plaintiff knew about it when it demanded the Department issue the 2022-survey wages. Indeed, Plaintiff has alleged from the outset of this case that the effect of the 25% Rule on ESD's 2022 survey was to prevent ESD from finding prevailing wage rates for harvest of some 15 major Washington fruit varieties or variety groups, and the Department's certification of these wage rates would "result in direct harm to Washington farmworkers." Dkt. 1 ¶¶ 55, 64.

The Court should not countenance Plaintiff's gamesmanship by granting this motion. Any harm that Plaintiff's members will experience because of these new wage rates is a direct result of Plaintiff's own actions in (1) obtaining an order from

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED COMPLAINT. - 7
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

this Court modifying the preliminary injunction to restore the Department's previously enjoined authority to establish new prevailing wage rates for Washington and (2) seeking to compel the Department to issue the 2022-survey wages when Plaintiff has maintained all along that the Department's adoption of those new wage rates would be harmful to its members. In other words, the change in the status quo that is the impetus for Plaintiff's new proposed claim is Plaintiff's own doing, and the resulting irreparable injury about which Plaintiff complains and as to which it seeks immediate relief is entirely of its own making. Had Plaintiff left alone the preexisting status quo under the Court's original preliminary injunction, this motion and the emergency relief that Plaintiff is asking the Court to grant it would have been entirely unnecessary. The 2020-survey wages would be in effect today.

## II.    Plaintiff's motion for leave violates the case scheduling orders.

Plaintiff's motion for leave also runs afoul of the case schedule. Under the Court's scheduling orders, non-dispositive motions were due March 14, 2025, discovery motions were due May 15, 2025, and dispositive motions were due June 30, 2025. Dkts. 133, 149. On June 10, 2025, the parties filed a stipulated motion seeking to extend the motions deadlines—specifically only as to Plaintiff's non-response bias claim. Dkt. 172 at 2. The Court's order granting the motion provides:

(1) "The non-dispositive motion cut-off date shall be continued to September 30, 2025, for the limited purpose of permitting Plaintiff to move to supplement the record to permit the addition of a report of an opinion by Plaintiff's expert witness in support of its non-response bias claim."

(2) "The dispositive motion cut-off date shall be continued to November 30, 2025, to allow Plaintiff to move for summary judgment on its non-response bias claim."

Dkt. 173 at 2. Limited motions relating to the non-response bias claim are the only motions the Court permitted. *Id.* The Court's order does not allow further

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED COMPLAINT. - 8
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

supplementations or amendments to the complaint or any other motion practice this late in the case. *See id.*

In violation of the case schedule, Plaintiff has filed a motion for leave to file a supplemental complaint raising new claims. Dkt. 175. Plaintiff filed this motion:

- Three months after the non-dispositive motion deadline (Dkt. 133),
- Seven days before the dispositive motion deadline (Dkt. 149),
- Twelve days after the Court's order extending the case deadlines for only Plaintiff's non-response bias claim (Dkt. 173), and
- While cross-motions for summary judgment are being briefed (*id.*).

Plaintiff's filing directly violates the Court's scheduling orders, and it may be denied on that basis alone. *See Lewis v. Wengerd*, 2006 WL 548438, at *2 (E.D. Cal. Mar. 6, 2006).

### III.    Plaintiff's proposed complaint violates Rule 15(d) because it raises entirely new claims.

Plaintiff's motion seeks to interject not just a new cause of action but an entirely new and separate lawsuit into the existing one. Supplemental pleadings "cannot be used to introduce a separate, distinct, and new cause of action." *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (quotation omitted). This case, as narrowed through law and motion practice, primarily concerns the facial legality of the Department's regulations, particularly the 25% Rule. Plaintiff now proposes to challenge the Department's regulations, including the 25% Rule, as applied by ESD in reaching its 2022 survey findings. This claim is the basis of an entirely new lawsuit.

That Plaintiff has previously alleged claims against the Department based on ESD's 2022 survey findings is of no moment. On the date this lawsuit was filed, subject matter jurisdiction to challenge the Department's validation of ESD's 2022 survey results did not exist. A right of action under the Administrative Procedure Act first accrues on the date of final agency action. *Sendra Corp. v. Magaw*, 111 F.3d 162,

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED COMPLAINT. - 9
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

165 (D.C. Cir. 1997). As set forth in *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004), "[i]t has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Id.* at 570 (internal citation omitted); *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380–81 (9th Cir. 1988). Thus, until the Department validated and published new prevailing wage rates based on the ESD survey findings, no final agency action had occurred, and no jurisdictional basis for an action challenging them under the APA existed.

The agency's taking of a final agency action after a lawsuit is filed purporting to challenge that final agency action does not cure the jurisdictional defect. *See W. Union Tel. Co. v. F.C.C.*, 773 F.2d 375, 378, 380 (D.C. Cir. 1985) (holding that the court lacked jurisdiction over a challenge to a now-final agency action that was filed before the agency action became final). This Court previously granted summary judgment on the claims that Plaintiff seeks to assert with its supplement complaint for just this reason. *See* Dkt 127 at 13. Plaintiff's motion to supplement is an effort to reassert in this lawsuit claims as to which summary judgment has already been granted to Defendants, and Plaintiff should not be allowed to assert these new claims in a supplemental complaint.

## IV. Plaintiff offers no reason why this Court should allow it to revive foreclosed claims relating to ESD.

While the issuance of the 2022-survey wages does not justify any supplementation here, it certainly does not justify adding the previously dismissed claims relating to ESD. The only supposed good cause Plaintiff cites is the Department's issuance of the 2022-survey wages. Dkt. 175 at 2–3. But Plaintiff attempts to revive previously dismissed claims are not related to the issuance of the 2022-survey wages. Plaintiff offers no argument why the Court should allow these claims that it previously dismissed. Unlike the as-applied challenge to the 2022-survey wages, these claims' dismissal did not hinge on the fact that the 2022-survey

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL AND THIRD AMENDED COMPLAINT. - 10 (Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

wages had not issued. Rather, they are foreclosed by the Court's earlier partial summary-judgment ruling.

In its February 2025 order granting partial summary judgment, the Court dismissed claims challenging the Department's alleged failure to require verification of employer survey responses and the Department's alleged approval of ESD's population-estimate survey method. Dkt. 127 at 14, 16. In arguing against dismissal of those claims, Plaintiff contended the Department took final agency action by allegedly having a policy not to require SWAs to verify survey responses and by emailing ESD allegedly to approve its use of its population-estimate method. *Id.* at 13. The Court held those items were not final agency actions supporting claims under the APA.

The question before the Court was not whether the Department had taken final agency action *yet*. Instead, the question was whether the alleged actions Plaintiff identified amounted to final agency actions at all. The Court held they did not, and that ruling remains undisturbed by the issuance of 2022-survey wages. The fact remains that the Department's alleged policy of not requiring SWAs to verify employer survey responses is not a discrete agency action that could form the basis of an APA claim. Dkt. 127 at 14. Likewise, the Department's emails to ESD regarding ESD's population estimate methodology still do not amount to "anything more than the type of workaday advice letter that agencies prepare countless times per year in dealing with the regulated community." *Id.* at 16 (quotation omitted).

These rulings are the law of the case, and these dismissed claims have no further role in this lawsuit. *United States v. Park Place Assoc.*, 563 F.3d 907, 925 (9th Cir. 2009); *and see Neo4j, Inc. v. PureThink, LLC*, 2023 WL 7093805, at *13 (N.D. Cal. Oct. 25, 2023) (ruling in a prior summary judgment motion against a party will ordinarily bar that party from raising that argument again in the same case). Plaintiff makes no argument to the contrary, and it should not be allowed to raise any arguments for the first time on reply. Instead, the Court should reject Plaintiff's

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED COMPLAINT. - 11
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

proposed complaint seeking to revive these claims that are foreclosed by the Court's earlier ruling.

## V.    Plaintiff's redundant claims do not promote efficiency.

Even if the Court determines Plaintiff otherwise should be allowed to file a new complaint, doing so would not make sense here. Plaintiff's proposed complaint would waste the Court's and the parties' resources. "Rule 15(d) is not an open invitation to make supplemental filings that subject defendants to a moving target of litigation" or "bombard the [Court] with filing upon filing." *Thomas v. Spaulding*, 2021 WL 3516474, at *5 (D. Mass. Aug. 10, 2021) (internal quotations omitted); *Solutions for Utilities Inc. v. Cal. Pub. Utilities Comm'n,* 2022 WL 3575307, at *3 (C.D. Cal. July 5, 2022) (same). As the lawsuit has been narrowed, Plaintiff's remaining claims primarily assert facial challenges to two regulations related to the Department's role in establishing prevailing wage rates for the H-2A program—specifically the "One-Year Rule" and the "25% Rule." The validity of those rules is presently being briefed. *See* Dkts. 165, 185. The final agency action attacked by those claims is the promulgation of the regulations themselves. *See* Dkt. 147 ¶ 1.

If Plaintiff's summary-judgment motion is successful, the Court will presumably require that the adoption of those regulations be vacated and remanded to the Department. *See Calcutt v. Fed. Deposit Ins. Corp.*, 598 U.S. 623, 629 (2023) (describing "ordinary remand rule" in APA cases). The ruling would also likely invalidate the 2022-survey wages (and the 2023-survey wages, if issued by then). If the Department is successful, the regulations and wages will remain in place. Either way, the case will be at an end.

It does not make sense from the standpoint of judicial efficiency to tack new claims onto the lawsuit at this stage when the case is finally before the Court for an adjudication on the merits and the result may well be identical to the relief sought by Plaintiff's proposed supplemental complaint. In its pending motion for partial summary judgment, Plaintiff requests that the Court vacate the 25 % Rule on the

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL AND THIRD AMENDED COMPLAINT. - 12 (Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

grounds that it is arbitrary and contrary to law. Dkt. 165 at 34. The proposed complaint and preliminary injunction motion would obtain substantially the same relief. Rather than permit Plaintiff to duplicate its claims, the Court should allow this lawsuit to run its course.

Plaintiff apparently views this case playing out as a never-ending progression of preliminary injunction motions in which Plaintiff adjusts its operative complaint (now in its third iteration) to encompass the latest developments to stop any effort by the Department to establish wage rates in Washington for the H-2A program. Notably, as Plaintiff seems to indicate, it has yet another future preliminary injunction in mind for the purpose of enjoining prevailing wage rates based on ESD's 2023 survey, the findings from which the Department only recently received. *See* Dkt. 175 at 2:1–3 ("Plaintiff also added facts to indicate that ESD submitted its 2023 Survey Results to DOL on June 13, 2025."). However, at some point, litigation must end. *See Fed. Trade Comm'n v. Minneapolis-Honeywell Regul. Co.*, 344 U.S. 206, 213 (1952). Plaintiff may not use motions for leave as a means to keep this case alive indefinitely. *See Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991), *overruled on other grounds*, *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 692–93 (9th Cir. 2001) (en banc) ("A motion for leave to amend is not a vehicle to circumvent summary judgment.").[3]

## CONCLUSION

The Department respectfully requests that the Court deny Plaintiff's motion for leave to file a supplemental complaint. Alternatively, the Department requests the Court hold the motion (and the accompanying preliminary injunction motion) in abeyance pending ruling on the parties' cross-motions for summary judgment.

---

[3] If the Court allows Plaintiff's new complaint, Defendant asks that it exercise its discretion under Rule 15(d) to require Plaintiff to file a supplement that simply adds the new allegations (rather than re-writing the existing complaint to require Defendant to answer each allegation, once again), or forgo a response from Defendants. *See* Fed. R. Civ. P. 15(d) ("The court *may* order that the opposing party plead to the supplemental pleading within a specified time.") (emphasis added).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED COMPLAINT. - 13
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

**CERTIFICATION**

I certify that this memorandum contains 4,200 words, in compliance with Local Civil Rule 7(e)(3).


DATED this 8th day of July 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney


*/s/ Brian C. Kipnis*
BRIAN C. KIPNIS
ANNALISA L. CRAVENS
Assistant United States Attorneys
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: (206) 553-7970
e-mail: brian.kipnis@usdoj.gov
e-mail: annalisa.cravens@usdoj.gov

Attorneys for Defendants

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL AND THIRD AMENDED COMPLAINT. - 14
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970