UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR; LORI CHAVEZ-DeREMER in her official capacity as United States Secretary of Labor,<br><br>Defendants. | CASE NO. 2:24-cv-00637-JHC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL AND THIRD AMENDED COMPLAINT |

# I
### INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to File Supplemental and Third Amended Complaint. Dkt. # 175. The Court has reviewed the materials filed in support of and in opposition to the motion, the record, and the governing law. Being fully advised, and for the reasons below, the Court GRANTS the motion.

# II
# BACKGROUND

A.   Wages Under the H-2A Program

Under the H-2A program, employers may bring temporary foreign workers into the United States. 8 U.S.C. § 1188. Before an employer can obtain a visa for a foreign worker, the employer must apply for a certification from the United States Department of Labor (DOL) that there are not enough workers at the time and place to fulfill the employer's need, and that employment of a foreign worker "will not adversely affect the wages and working conditions of workers in the United States similarly employed." *Id.* (a)(1)(A)–(B). DOL regulations require H-2A employers in agriculture to pay a wage that is either the Adverse Effect Wage Rate (AEWR) (a state-specific hourly minimum wage) or a prevailing wage rate.[1]

Because prevailing wages can include piece-rate wages (i.e., pay based on the amount of a crop harvested instead of the number of hours worked) and hourly rates of pay higher than the AEWR, DOL recognizes that prevailing wages "serve as an important protection for workers." 88 Fed. Reg. 12760, 12775 (Feb. 28, 2023). Although DOL determines the AEWR, 20 C.F.R. § 655.1300, it delegates to state workforce agencies (SWAs) the task of collecting data to calculate prevailing wage rates, *see* 20 C.F.R. § 655.1300(c). SWAs follow DOL guidelines for this task and then submit the prevailing wage rates and the survey methods used to DOL for validation. *See* 20 C.F.R. § 655.120(c); 87 Fed. Reg. 61660, 61679, 61689 (Oct. 12, 2022).

In 2022, DOL issued regulations that changed the way that prevailing wages are calculated, 87 Fed. Reg. 61660, and a rule that prevailing wages expire after one year, 20 C.F.R.

---

[1] Under 20 C.F.R. § 655.120(a), H-2A employers are required to pay a wage that is at least the highest of: (1) the AEWR; (2) a prevailing wage rate; (3) the agreed-upon collective bargaining wage; (4) the Federal minimum wage; or (5) the State minimum wage. But generally in agriculture, the AEWR and the prevailing wage are the only relevant wages because federal and state minimum wages are lower and collective bargaining agreements are not common in the industry. Dkt. # 40 at 2–3.

ORDER GRANTING PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED
COMPLAINT - 2

§ 655.120(c)(2), (One-Year rule). Relying on these new regulations, Washington's SWA, the Employment Security Department (ESD), conducted and submitted a survey to DOL for review. Dkt. # 34 at 2. But while DOL was reviewing the submission, the prior prevailing wage rates expired under the One-Year rule. Without a prevailing wage in effect, there was uncertainty as to the wages that workers would be paid. *See* Dkt. # 40 at 17–20.

B.  This Court's First Preliminary Injunction[2]

Before DOL published new prevailing wage rates for Washington, Plaintiff Familias sued DOL and the Acting United States Secretary of Labor to "challeng[e] the agency's 2022 prevailing wage rules related to the federal 'H-2A' temporary agricultural visa program as well as certain policies and practices implementing those prevailing wage regulations." Dkt. # 67 at 1, ¶ 1. Familias filed a Motion for Preliminary Injunction, Dkt. # 9, to (i) enjoin the One-Year rule; (ii) enjoin the 25% rule, 20 C.F.R. § 655.120(c)(1)(ix),[3] a rule that Familias alleges contributed to ESD's 2022 survey finding of almost no prevailing piece-rate wages, Dkt. # 67 at 11, ¶ 50; and (iii) rescind DOL's approval of ESD's population estimate survey method and direct ESD to conduct its survey with a different method.

On July 2, 2024, the Court enjoined the One-Year rule and ordered DOL to "REINSTATE and enforce the 2020-Survey prevailing wage rates, published in January 2022, until judgment is entered in this case." Dkt. # 40 at 21–22. The Court denied Familias's motion as to the 25% rule and DOL's approval of ESD's population estimate survey method because Familias did not provide enough information about DOL's decision-making process. *Id.* at 16.

---

[2] The Court issued a second preliminary injunction, Dkt. # 145, but it is not pertinent here.
[3] The 25% rule requires the Office of Foreign Labor Certification (OFLC) administrator to issue a prevailing wage if, in addition to other requirements, "the estimated universe of employers is at least 4" and "the wages paid by a single employer represent no more than 25 percent of the sampled wages in the unit of pay used to compensate the largest number of U.S. workers whose wages are reported in the survey."

ORDER GRANTING PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED
COMPLAINT - 3

C.      Federal Defendants' Motion for Partial Summary Judgment

Federal Defendants moved for partial summary judgment on all claims requiring judicial review of their actions "relating to ESD's 2022 prevailing wage survey findings," because DOL "did not take final agency action on ESD's 2022 prevailing wage survey findings." Dkt. # 89 at 3–4. The Court granted this motion in part and dismissed some of Familias's claims "insofar as they allege that DOL approved ESD's 2022 survey method." Dkt. # 127 at 23.

D.      Familias's Motion to Clarify the First Preliminary Injunction and for Leave to File Supplemental and Second Amended Complaint

In what Federal Defendants characterize as an attempt to revive its dismissed claims, Dkt. # 134 at 3, Familias moved to clarify this Court's first preliminary injunction and to compel DOL to approve the 2022-survey wages. Dkt. # 128. The Court granted Familias's motion in part and clarified the first preliminary injunction:

> DOL is ORDERED to REINSTATE and enforce the 2020-Survey prevailing wage rates, published in January 2022, until judgment is entered in this case. *DOL may replace the 2020-Survey prevailing wage rates with subsequently published prevailing wage rates.*

Dkt. # 146 at 3 (emphasis added). The Court denied the motion in part as to its request for the Court to compel DOL to approve the 2022-survey wages. *Id.*

Familias also moved for leave to file a supplemental and second amended complaint adding, among other things, a claim that DOL was unlawfully withholding or unreasonably delaying agency action by not calculating prevailing wages based on the 2022 survey. Dkt. # 130 at 2–3. The Court granted this motion. Dkt. # 145.

E.      The Parties' Cross-Motions for Partial and Full Summary Judgment and DOL's Publication of the 2022-Survey Wages

Familias moved for partial summary judgment, contending that (1) the One-Year Rule is arbitrary and contrary to law; (2) the 25% Rule is arbitrary and contrary to law; (3) DOL's

approval of AEWR-only job orders[4] is contrary to law; and (4) DOL unlawfully failed to act on ESD's 2022 survey findings. Dkt. # 165. The parties stipulated to, and the Court ordered, a briefing schedule considering Federal Defendants' intent to cross-move for full summary judgment. Dkt. ## 172; 173.

But on June 19, 2025, before Federal Defendants filed their cross-motion for summary judgment, Dkt. # 185, DOL published the 2022-survey wages. Dkt. # 176 at 8. The 2022-survey wages approved four new prevailing wage findings (for dark red cherries, bing cherries, bartlett pear, and general pear) and made "no finding" for all other crop activities (e.g., apples and berries). *Id.* at 8–9. Familias knew that this would happen. From the outset of this case, Familias recognized that because of the 25% Rule, allowing DOL to issue the 2022-survey wages "results in direct harm to Washington farmworkers as prevailing piece rate wages are discarded and a 'no finding' allows agricultural employers to pay lower, minimum hourly wage AEWR rates instead of higher piece-rate wages." Dkt. # 1 at 11, 13, ¶¶ 53, 64. Similarly, Familias said in a previous motion that the 2022-survey wages only included "four prevailing piece-rates for Washington fruit harvest: two for cherry, two for pear, and none for apples or berries." Dkt. # 85 at 4. Familias explained, "But for this Court's [first] preliminary injunction order . . . directing DOL to re-publish prevailing wage rates derived from ESD's 2020 Wage Survey—DOL would have published the flawed 2022-survey findings, and farmworker harvest wages would have been paid at only the AEWR minimum hourly wage." *Id.*

---

[4] This refers to DOL's approval of H-2A contracts that only list the AEWR and do not unequivocally offer prevailing piece-rate wages. For further discussion, see Dkt. # 145 at 3.

ORDER GRANTING PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED
COMPLAINT - 5

F.  Familias's Motions for Leave to File Supplemental and Third Amended Complaint and for Third Preliminary Injunction

Four days later, Familias filed the present motion for leave to file a supplemental and third amended complaint to allege that DOL's publication of the 2022-survey wages constituted final agency action and to include the fact that ESD submitted its 2023 survey results to DOL on June 13, 2025. Dkt. # 175 at 1–2. Familias also moved for a third preliminary injunction based on its new claims, seeking an order that generally (1) enjoins DOL from enforcing the "no finding" results in the 2022-survey wages and requires it to reinstate the 2020 wages for all crop activities with a "no finding" result; and (2) enjoins DOL from using particular methodologies (e.g., the 25% Rule) to calculate prevailing wage rates. See Dkt. # 176 at 35–36.

### III
### DISCUSSION

A.  Federal Rule of Civil Procedure 16

Familias's motion for leave to amend its complaint does not address the case schedule, which provides that the deadline for non-dispositive motions is March 14, 2025, and the deadline for dispositive motions is June 30, 2025. Dkt. ## 133; 149. The parties stipulated to extensions of these deadlines solely for motions relating to Familias's non-response bias claim. Dkt. # 173 at 2. Although the Court considers Familias's contentions—raised for the first time in reply—as to why it should be granted relief from the non-dispositive motions deadline, it emphasizes the importance of abiding by the case schedule and moving to amend it when necessary. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–609 (9th Cir. 1992) (suggesting that courts should not consider a motion to amend the complaint as a motion to amend the scheduling order); *but see Williams v. Perdue,* 2020 WL 5893408, at *1 (W.D. Wash. Oct. 5, 2020) (*Johnson* allows, but does not require, courts to deny untimely motions to amend).

ORDER GRANTING PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED
COMPLAINT - 6

Familias contends that relief from the non-dispositive motions deadline is warranted because Federal Rule of Civil Procedure 16(b)(4)[5] and Local Civil Rule 16(b)(6)[6] allow the Court to modify a case schedule for good cause.  Because Familias filed its motion after the non-dispositive motions deadline, it "must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, [it] must demonstrate that amendment was proper under Rule 15." *Johnson*, 975 F.2d at 607–08 (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609.  The Court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quotation marks and citations omitted).  Familias moves for leave to add or renew claims based on DOL's publication of the 2022-survey wages on June 19, 2025.  Familias filed its motion four days later.  Dkt. # 175.  Because Familias promptly moved for leave to amend, it was diligent in seeking an extension.[7]  *See Upper Missouri Waterkeeper v. United States Env't Prot. Agency*, 2018 WL 11418417, at *2 (D. Mont. Feb. 2, 2018) (finding good cause where "final agency action occurred nearly a year after the deadline had passed to amend the pleadings").

Thus, the Court concludes that there is good cause to modify the case schedule.

B.   Federal Rule of Civil Procedure 15

Because Familias meets the good cause standard for modification of the case schedule, the Court turns to the requirements of Rule 15.  "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party,

---

[5] "A schedule may be modified only for good cause and with the judge's consent."
[6] Familias mistakenly cites LCR 16(b)(1). Dkt. # 190 at 2. LCR 16(b)(6) provides, "The parties are bound by the dates specified in the scheduling order.  A schedule may be modified only for good cause and with the judge's consent.  Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance."
[7] Federal Defendants do not address the good cause standard in its response brief and did not move to file a surreply.

ORDER GRANTING PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED
COMPLAINT - 7

futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Under Rule 15(d), courts may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

Federal Defendants say that a supplemental complaint "cannot be used to introduce a separate, distinct, and new cause of action." *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (quotation marks and citation omitted). But for purposes of Rule 15(d), a new claim can be added if there is "some relationship" between the new claim and the "subject of the original action." *See Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988). Federal Defendants acknowledge that this case "primarily concerns the facial legality of the Department's regulations, particularly the 25% Rule" and that Familias "now proposes to challenge the Department's regulations, including the 25% Rule, as applied by ESD in reaching its 2022 survey findings." Dkt. # 189 at 9. They cite no authority for the proposition that facial and as-applied challenges to the same regulations are unrelated for purposes of Rule 15(d). Instead, they contend that Familias cannot raise these new claims in a supplemental complaint because it must do so in a new lawsuit.

Federal Defendants assert that if a plaintiff files a lawsuit before an agency takes a final agency action, a court lacks jurisdiction to later consider claims based on that final agency action even if it is taken during the litigation of other related claims. They cite *Sendra Corp. v. Magaw*, 111 F.3d 162, 165 (D.C. Cir. 1997), for the proposition that a "right of action first accrues on the date of final agency action" and attempt to tie it to the principle that "the jurisdiction of the court depends upon the state of things at the time of the action brought," quoting *Grupo Dataflux v.*

ORDER GRANTING PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED
COMPLAINT - 8

*Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (citation omitted).[8] But these authorities are not on point. The cited part of *Sendra Corp.* discusses the accrual date of a right of action in the context of a limitations period for judicial review of an agency action, which is not relevant here. And the quote from *Grupo Dataflux* is a general statement about subject matter jurisdiction made in a case in which the Supreme Court held that the absence of diversity jurisdiction at the outset of a case cannot be cured by creating diversity later in the case. 541 U.S. at 574–75.

Granted, Familias could not challenge the 2022-survey wages until DOL published them. But it does not follow that the Court lacks jurisdiction over such a claim now that DOL has published the 2022-survey wages. Unlike the district court in *Grupo Dataflux*, the Court has had subject matter jurisdiction since the outset of this case, and Federal Defendants acknowledge that the Court has had subject matter jurisdiction over Familias's facial challenges to the One-Year and 25% Rules (for which the final agency action "is the promulgation of the regulations themselves"). *See* Dkt. # 189 at 12. Courts have also held that a plaintiff can amend a complaint to add claims based on agency action that is taken after a lawsuit is filed.[9]

Federal Defendants rely on *W. Union Tel. Co. v. F.C.C.*, 773 F.2d 375, 378, 380 (D.C. Cir. 1985), but it involved a petition for review of an order of the Federal Communications Commission under 28 U.S.C. § 2344, which governs the jurisdiction of a court of appeals to review such a petition. The case observes that "a challenge to now-final agency action that was filed before it became final must be dismissed" in the context of petitions for review of agency action. *Id.* at 378 (citing cases also considering petitions for review of agency action by a court

---

[8] Federal Defendants also cite part of *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380–81 (9th Cir. 1988), which merely reiterates that "Subject matter jurisdiction must exist as of the time the action is commenced."

[9] *See, e.g.*, *Upper Missouri Waterkeeper*, 2018 WL 11418417, at *2–3; *Tsi Akim Maidu of Taylorsville Rancheria v. United States Dep't of the Interior*, 2021 WL 4147310, at *1–2 (E.D. Cal. Sept. 13, 2021); *Nat'l Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, 2001 WL 34045735, at *1 (D. Or. Aug. 21, 2001).

ORDER GRANTING PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED
COMPLAINT - 9

of appeals). It does not address whether a plaintiff can amend its complaint to allege a new final agency action when a court has subject matter jurisdiction over other related claims brought under the Administrative Procedure Act.

Having addressed Federal Defendants' jurisdictional objection, the Court turns to the five factors, which weigh in favor of granting Familias leave to amend. Because Familias's supplemental complaint was promptly filed after DOL's publication of the 2022-survey wages, the Court finds that Familias acted in good faith and without undue delay. *See Upper Missouri Waterkeeper*, 2018 WL 11418417, at *3 (finding good faith and no undue delay where the plaintiff promptly sought leave to amend after a new agency action). And although Familias has previously amended its complaint, it did so before DOL's publication of the 2022-survey wages. The Court addresses the remaining factors in greater depth.

1. Futility

Federal Defendants assert that Familias should not be allowed to add its previously dismissed claims challenging (i) "the Department's alleged approval of ESD's population-estimate survey method" and (ii) "the Department's alleged failure to require verification of employer survey responses."[10] Dkt. # 189 at 11. They refer to claims based on facts alleged under headings (1) and (6) respectively in the operative complaint at the time of the Court's partial summary judgment ruling:

---

[10] Federal Defendants also assert that "the issuance of the 2022-survey wages does not justify reviving any of Plaintiff's previously dismissed claims" but cites no authority to support this proposition. Dkt. # 189 at 3. The Ninth Circuit's decision in *San Francisco Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564 (9th Cir. 2019), supports Familias's ability to revive its claims. There, the plaintiff challenging an agency action lost on the merits at summary judgment. *Id.* at 571. The plaintiff appealed and the defendant asserted for the first time that the plaintiff had not identified a final agency action. *Id.* The Ninth Circuit agreed and vacated the district court's judgment on the merits. *Id.* at 571–72. On remand, the district court allowed the plaintiff to move for leave to file a second amended complaint identifying a final agency action. *Id.* at 572. On a second appeal of the district court's denial of the plaintiff's motion for leave to amend, the Ninth Circuit concluded that its "prior opinion did not prevent [the plaintiff] from seeking leave to re-plead." *Id.* at 574.

ORDER GRANTING PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED
COMPLAINT - 10

> (1) "DOL Permits ESD to Use an Unnecessary and Overly Complex Methodology to Estimate Whether There Are At Least 5 Employers and 30 Workers in a Crop Activity." Dkt. # 67 at 12–14, ¶¶ 58–69. . .
>
> (6) "DOL's Methodology Arbitrarily Fails to Verify the Accuracy of Employer Survey Responses." *Id.* at 22–23, ¶¶ 121–26.

Dkt. # 127 at 7–8. These claims appear under headings (3) and (8), respectively, in the proposed supplemental and third amended complaint. Dkt. # 175-2 at 15, 25.

Although it acknowledged that DOL did not approve the 2022-survey wages, Familias asserted that DOL still took final agency action as to these two claims by (i) "emailing ESD to approve its use of its population-estimate method"; and (ii) "having 'a clear policy' of not requiring SWAs to verify employer survey responses." Dkt. # 127 at 13. The Court rejected these assertions and concluded that Familias identified no final agency action. *Id.* at 13–16.

Federal Defendants contend that because the Court rejected these assertions, Familias cannot revive these two claims. But for the law-of-the-case doctrine to apply, "the issue in question must have been decided explicitly or by necessary implication in the previous disposition." *San Francisco Herring Ass'n*, 946 F.3d at 575 (quoting *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007)). Granted, Familias cannot relitigate its contention that DOL's emails about ESD's use of a population-estimate method are final agency actions because the Court specifically rejected this contention in its partial summary judgment order. Dkt. # 127 at 14–16. But because Familias did not identify any final agency action to support its contention that DOL has a "clear policy" of not requiring SWAs to verify employer survey responses, the Court did not specifically reject an alleged final agency action as to this contention. Dkt. # 127 at 13–14. And the Court did not reach the issue whether publication of the 2022-survey wages is a final agency action for purposes of these claims because DOL had not yet published them.

Thus, Familias's proposed amendment would not be futile.

ORDER GRANTING PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED
COMPLAINT - 11

2.  Prejudice

Nor does granting Familias leave to amend prejudice Federal Defendants. Federal Defendants contend that they would be prejudiced because granting Familias leave to amend would be inefficient and because Familias should be judicially estopped from taking inconsistent positions.[11] Neither contention is persuasive.

a.  Efficiency

Federal Defendants assert that granting Familias leave to amend would be inefficient because ruling on Familias's pending motion for partial summary judgment, Dkt. # 165, and Federal Defendants' cross-motion for summary judgment, Dkt. # 185, will resolve this case. They explain:

> If Plaintiff's summary-judgment motion is successful, the Court will presumably require that the adoption of those regulations be vacated and remanded to the Department. . . The ruling would also likely invalidate the 2022-survey wages (and the 2023-survey wages, if issued by then). If the Department is successful, the regulations and wages will remain in place. Either way, the case will be at an end.

Dkt. # 189 at 12.

Familias disagrees:

> If Plaintiff's current summary judgment motion is successful the Court will vacate (1) the One Year rule, (2) the 25% Rule, and (3) DOL's policy of approving AEWR-only job orders. But the remainder of the current prevailing wage regulations will remain in effect and the challenged sub-regulatory policies implementing those regulations will also remain in effect. Moreover, if Plaintiff's current summary judgment motion is not granted, a justiciable controversy will still exist with respect to the lawfulness of the 2022 wages which are based on the remaining regulatory and sub-regulatory policies that Plaintiff contends are arbitrary and unlawful.

Dkt. # 190 at 9 (internal citation omitted).

---

[11] Although judicial estoppel can be assessed independently from Rule 15, the Court considers it here because judicial estoppel, like Rule 15, requires consideration of prejudice to the opposing party.

ORDER GRANTING PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED
COMPLAINT - 12

Based on these positions, the effect of resolving the cross-motions for summary judgment is unclear. If Familias's partial summary judgment motion is granted, Federal Defendants suggest that the 2022-survey wages will be invalidated. Familias, on the other hand, suggests that even if they prevail on their partial summary judgment motion, they will nonetheless challenge other regulations. And if Federal Defendants' summary judgment motion is granted, Federal Defendants suggest that the case will be over because all claims will be dismissed. But as discussed above, Federal Defendants acknowledge that Familias could pursue claims based on DOL's publication of the 2022-survey wages in a new lawsuit.

Although the precise effect of ruling on the parties' pending summary judgment motions is unclear, it is likely that the issues raised in this case will not be fully resolved: if Familias's partial summary judgment motion is granted, it will still pursue its remaining claims; and if Federal Defendants' summary judgment motion is granted, Familias might file a new lawsuit. And if the Court denies Familias leave to amend before ruling on the summary judgment motions, Familias may file a new lawsuit before this current case is resolved. If Familias does so, it would be inefficient because the new lawsuit would likely be assigned to the undersigned as related to this case. *See Yurok Tribe v. U.S. Bureau of Reclamation*, 2023 WL 3395125, at *1–2 (N.D. Cal. Feb. 27, 2023). In sum, efficiency concerns weigh in favor of granting Familias leave to amend.

        b.    Judicial estoppel

Judicial estoppel is an equitable doctrine that prohibits a party from taking inconsistent positions in the same litigation. *Consumer Fin. Prot. Bureau v. CashCall, Inc.*, 135 F.4th 683, 692 (9th Cir. 2025). Courts generally assess three factors in applying this doctrine: (1) whether the party's position is "clearly inconsistent" with its earlier position; (2) whether the party persuaded a court to accept that party's earlier position such that "judicial acceptance of an

inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) whether allowing the party to assert an inconsistent position would prejudice the opposing party. *Id.* (quotation marks and citation omitted). Federal Defendants do not show that these factors are met.

Federal Defendants say that Familias's previous claim that it is illegal for DOL to withhold issuance of the 2022-survey wages is inconsistent with its proposed claim that it is illegal for DOL to issue the 2022-survey wages. But they cite no authority for the proposition that a claim that an agency is unlawfully withholding agency action is inconsistent with a claim that the final agency action, when issued, is nonetheless unlawful. These claims are assessed under different legal standards. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 65 (2004) (distinguishing a claim of "unlawfully withheld" agency action under 5 U.S.C. § 706(1) from a claim of agency action "not in accordance with law" under 5 U.S.C. § 706(2)).

Federal Defendants' broader concern pertains to how Familias has litigated this case. To reiterate, Familias believed that the 2022-survey wages were flawed from the outset of this case. *See supra* Section II.E. But after this Court dismissed some of its claims for lack of a final agency action because DOL had not yet approved the 2022-survey wages, Familias moved to clarify the first preliminary injunction to allow DOL to publish new prevailing wages and asked the Court to compel DOL to publish the 2022-survey wages. The Court granted Familias's motion in part and clarified the first preliminary injunction but denied it in part as to its request for the Court to compel DOL to publish the 2022-survey wages. After DOL published the 2022-survey wages on what appears to be of its own accord, Familias filed the present motion for leave to file a supplemental and third amended complaint that includes, among other things, allegations that the 2022-survey wages now constitute a final agency action. *See* Dkt. # 175-2.

ORDER GRANTING PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED
COMPLAINT - 14

Granted, Familias's previous position that the Court should clarify its first preliminary injunction and compel DOL to publish the 2022-survey wages is in tension with its current position that publishing the 2022-survey wages is unlawful. Familias's need for a final agency action to pursue some of its claims is at odds with its allegation that publication of the 2022-survey wages harms farmworkers' wages. Federal Defendants describe Familias's attempt to have a final agency action and avoid its consequences as a "have-your-cake-and-eat-it-too strategy." Dkt. # 189 at 7.

But even if these positions were clearly inconsistent, Federal Defendants do not show that Familias managed to persuade the Court to accept Familias's previous position. "Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations and thus poses little threat to judicial integrity." *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001) (quotation marks and citation omitted). To be sure, the Court granted Familias's motion to clarify the first preliminary injunction, which allowed DOL to publish new prevailing wages. The Court, however, denied the motion in part as to its request that the Court compel DOL to publish the 2022-survey wages. Federal Defendants do not explain how the Court's clarification of the first preliminary injunction would be inconsistent with allowing Familias to amend its complaint to bring claims based on the publication of the 2022-survey wages or otherwise pose a threat to judicial integrity.

Most importantly, Federal Defendants caused the harm that they seek to avoid. The only harm they identify is that allowing Familias to amend its complaint would keep them in "perpetual litigation." Dkt. # 189 at 7. But in opposing Familias's request for the Court to compel DOL to publish the 2022-survey wages, Federal Defendants explained:

> [Familias] envisions that the Department should be compelled, in violation of its internal processes, and for no practical reason, to engage in the busy work of validating survey findings that are outdated . . . The only apparent purpose to be

>served by this proposed wasteful expenditure of Government resources is to try to force Federal Defendants to take a final agency action so that Plaintiff can pursue its vain hope of somehow resurrecting claims as to which the Department has already been granted summary judgment.

Dkt. # 134 at 3. Despite being aware of and opposing Familias's litigation strategy, Federal Defendants published the 2022-survey wages. The Court did not compel Federal Defendants to publish these wages, and they do not contend that a different authority compelled them to do so. Because Federal Defendants also appear to be engaged in a "have-your-cake-and-eat-it-too strategy" of publishing the 2022-survey wages and seeking to avoid the immediate litigation consequences of its conduct, the Court cannot conclude that allowing Familias to amend its complaint would "impose an unfair detriment." *New Hampshire*, 532 U.S. at 751.

Thus, the Court grants Familias leave to amend. And the Court denies Federal Defendants' request to modify the manner of responding to the supplemental and third amended complaint. Dkt. # 189 at 13 n.3.

C.   Pending Cross-Motions for Summary Judgment

When a party files a new complaint while a summary judgment motion is pending, a court can deny the motion as moot. *See Griffin v. White*, 2018 WL 4084943, at *1 (W.D. Wash. Aug. 9, 2018) (collecting cases). But a court can also direct a party to amend or supplement their summary judgment motion after the filing of an amended complaint. *See e.g.*, *Gunn v. Tilton*, 2010 WL 3744610, at *5 (E.D. Cal. Sept. 21, 2010). The Court takes the latter approach. As discussed above in Section III.B.2.a, Federal Defendants assert that resolving the cross-motions for summary judgment will dispose of this case. And Familias says that the Court could rule on the cross-motions for summary judgment before ruling on its present motion for leave to amend. Dkt. # 190 at 9 n.2; *but see* Dkt. # 187 at 2–3 ("[T]his Court should not grant summary judgment as to any claims not expressly addressed in this briefing until it resolves Familias's motion to

supplement the complaint."). Because the parties might agree that granting Familias leave to amend should not affect the pending cross-motions for summary judgment, the Court allows the parties to either amend or supplement their cross-motions for summary judgment or inform the Court that it can rule on these motions as currently briefed.

# IV
## Conclusion

For these reasons, the Court GRANTS Familias leave to file its supplemental and third amended complaint. And the Court sets these deadlines:

- The parties may **amend or supplement** their cross-motions for summary judgment, Dkt. ## 165; 185, within **30 days** of the filing date of Familias's supplemental and third amended complaint. If the parties do not wish to amend or supplement their cross-motions for summary judgment, they must file **a notice of their intention not to amend or supplement** within **14 days** of the filing date of Familias's supplemental and third amended complaint.[12]
- If a party amends or supplements one of these summary judgment motions, the parties must file a joint status report setting forth a proposed briefing schedule within **14 days** of the filing of the amended or supplemental summary judgment motion.

The Court VACATES the deadlines for non-dispositive and dispositive motions and directs the parties to propose any new deadlines in a joint status report by **August 11, 2025**.

Dated this 28th day of July, 2025.

John H. Chun
United States District Judge

---

[12] Because the parties refer to their briefing on the cross-motions for summary judgment in their briefing on Familias's motion for a third preliminary injunction, Dkt. ## 176 at 19; 192 at 7, the parties may propose that the Court consolidate part of the motion for a third preliminary injunction with consideration on the merits. *See, e.g., Slidewaters LLC v. Washington State Dep't of Lab. & Indus.*, 4 F.4th 747, 759 (9th Cir. 2021) (citing Fed. R. Civ. P. 65(a)(2)).

ORDER GRANTING PLAINTIFF'S MOTION TO
FILE SUPPLEMENTAL AND THIRD AMENDED
COMPLAINT - 17