# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO, A LABOR ORGANIZATION;<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR, AND LORI CHAVEZ-DEREMER IN HER OFFICIAL CAPACITY UNITED STATES SECRETARY OF LABOR,<br><br>Defendants. | NO. 2:24-cv-00637-JHC<br><br>JOINT STIPULATION & ORDER RE: PERMITTING FILING UNDER SEAL<br><br>Note on Motion Calendar: September 30, 2025 |

Pursuant to Local Civil Rule 5(g) Parties, through counsel, respectfully submit this Stipulation for Order Permitting Filing Under Seal, requesting that the Court enter an order to file the following document under seal in conjunction with Plaintiff's motion to supplement the administrative record: all individual survey responses from the 2022 Survey, as provided to Plaintiff's counsel by the Employment Security Department on July 31, 2025 (filename Familias_Data_Discovery_w_ReferenceProportions_Normalized_CONFIDENTI

AL.xlsx) to be filed in Microsoft Excel format; Report of Zachariah Rutledge, PhD, with reference to the data contained in the above file; portions of Plaintiff's motion to supplement the administrative record referencing the same. .

On March 17, 2025, this Court entered a Stipulated Limited Protection Order ("Protective Order") regarding documents produced by the Washington State Employment Security Department ("ESD").  Dkt. #142.  The above enumerated documents have been designated "attorney's eyes only" by ESD pursuant to § 2(b) of the Protective Order. ESD asserts the documents contain information that ESD claims is private and confidential under the applicable law because (1) it was collected to analyze prevailing wages, and (2) it consists of sensitive business information.  Dkt. #84 at 4-5.  Further, ESD asserts this data must be protected because it was collected with assurances to respondents that the information contained therein would remain confidential.  *Id*.  Plaintiff does not concede that every aspect of the documents are confidential/attorneys-eyes-only, but Plaintiff does not contest that designation for the purposes of this motion.

Counsel for Plaintiff conferred by telephone on September 22, 2025 with counsel for ESD, pursuant to LCR 5(g) and Protective Order §4.5(a), regarding the filing of documents produced by ESD. ESD did not consent to a removal of

the designation or that the documents could be redacted. ESD did agree to the filing of the documents under seal and stipulated to the present motion. Counsel for Plaintiff conferred by email with counsel for DOL on September 24 and 25, 2025, and DOL agreed to the sealing of the documents, if they are to be filed at all.  To be clear, DOL does not agree to their filing in general, as the administrative record is meant to consist of records relied on and then provided by the federal agency that took the challenged administrative action. It is not intended to include records provided by plaintiffs in litigation or a litigant's expert witness report.

Determining whether to seal a document requires the court to balance the competing interests of the public and those who benefit by keeping the document private.  *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Compelling interests sufficient to justify sealing court records exist when the records "'might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  The primary purpose of ESD's designation of confidentiality is to avoid public access to information through which individual survey respondents may be identified and their business or personal interests may

be compromised. The individual responses include sensitive information from employers about their business practices. This information may provide businesses with competitors' seasonal schedules, wages, workforce sizes, and investments in particular commodity activities. This information is not generally known by or available to competitor businesses and is voluntarily provided to ESD with the understanding that it will be kept confidential.

The parties agree that redaction is not a viable alternative to sealing in the case of the data (a large, Excel-format spreadsheet) and Dr. Rutledge's report, which is devoted entirely to analyzing the data. As to the motion to supplement the administrative record, Plaintiff cannot make its argument without reference to data available only in the spreadsheet sought to be sealed, but it can redact only certain sentences in the motion and file the remainder publicly.

Through their respective counsel of record, the ESD and the parties to this case do hereby stipulate and agree that the Court may make and enter the following order:

IT IS ORDERED that the following documents shall be filed under seal in conjunction with Plaintiff's motion to supplement the administrative record:
- all individual survey responses from the 2022 Survey, as provided to Plaintiff's counsel by the Employment Security Department on July 31, 2025 (filename Familias_Data_Discovery_w_ReferenceProportions_Normalized_CONFIDENTIAL.xlsx) to be filed in Microsoft Excel format;

- Report of Zachariah Rutledge, PhD, with reference to the data contained in the above file;
- portions of Plaintiff's motion to supplement the administrative record referencing the same.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 30th day of September, 2025.

ROBERT W. FERGUSON
Washington State Attorney General

/s Marya Colignon
MARYA COLIGNON, WSBA #42225
KATY J. DIXON, WSBA #43469
Assistant Attorneys General
*Attorneys for Employment Security Department*
E-mail:
Marya.Colignon@atg.wa.gov
Katy.Dixon@atg.wa.gov
LalSeaEF@atg.wa.gov


TEAL LUTHY MILLER
United States Attorney

/s Annalisa L. Cravens

ANNALISA L. CRAVENS
Assistant United States Attorney
*Attorney for Federal Defendants*
E-mail: annalisa.cravens@usdoj.gov

COLUMBIA LEGAL SERVICES

s/ Andrea Schmitt
ANDREA SCHMITT, WSBA #39759
JOACHIM MORRISON, WSBA #23094
BONNIE LINVILLE, WSBA #49361
*Attorneys for Plaintiff*
E-Mail:
andrea.schmitt@columbialegal.org

joe.morrison@columbialegal.org

bonnie.linville@columbialegal.org


BARNARD IGLITZIN & LAVITT LLP

s/ Kathleen Barnard
KATHLEEN PHAIR BARNARD
WSBA #17896
*Attorney for Plaintiff*
E-mail: barnard@workerlaw.com


FARMWORKER JUSTICE

s/ Lori Johnson
LORI JOHNSON
North Carolina State Bar Assn. #24227
*Attorney for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

E-mail:
ljohnson@farmworkerjustice.org
*Admitted Pro Hac Vice*

EDWARD TUDDENHAM
s/ Edward Tuddenham
New York State Bar #2155810
*Attorney for Plaintiff*
E-mail:
edwardtuddenham@gmail.com
*Admitted Pro Hac Vice*

**ORDER BELOW**

//

//

//

//

//

//

//

//

# ORDER

Upon consideration of the Parties' Stipulation for Order Permitting Filing Under Seal, and based upon the representations and agreements therein, the Court is fully informed and grants the motion.

IT IS HEREBY ORDERED that the Stipulated Motion to Seal is GRANTED.

IT IS FURTHER ORDERED that the following documents shall be filed under seal as attachments to Plaintiff's motion to supplement the administrative record:

- all individual survey responses from the 2022 Survey, as provided to Plaintiff's counsel by the Employment Security Department on July 31, 2025 (filename Familias Data Discovery w ReferenceProportions Normalized CONFIDENTIAL.xlsx) to be filed in Microsoft Excel format;
- Report of Zachariah Rutledge, PhD, with reference to the data contained in the above file;
- portions of Plaintiff's motion to supplement the administrative record referencing the same.

The Court will separately consider whether to allow these sealed records to form part of the administrative record.

DATED this 30th day of September, 2025.

John H. Chun
United States District Judge