IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR and SECRETARY LORI CHAVEZ-DeREMER,<br><br>Defendants. | CASE NO.  2:24-cv-00637-JHC<br><br>**STIPULATED MOTION & ORDER TO STAY PROCEEDINGS DUE TO LAPSE IN APPROPRIATIONS**<br><br>Noted: October 1, 2025 |

    Plaintiff Familias Unidas por la Justicia and Defendants U.S. Department of Labor and the Secretary of Labor hereby stipulate to stay these proceedings due to the lapse of appropriations to the Department of Justice (DOJ) and the Department of Labor.  Good cause exists for staying the proceedings, and the interests of justice and judicial economy will be served by granting this motion.

    On September 30, 2025, funding to the Departments expired, and their appropriations lapsed. The Departments do not know when Congress will restore funding.  Absent an appropriation, certain DOJ attorneys and employees of the federal government are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.  The term "'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the

STIPULATED MOTION & ORDER TO STAY PROCEEDINGS
DUE TO LAPSE IN APPROPRIATIONS - 1
(Case No. 2:24-cv-00637-JHC)

protection of property." *Id*. Therefore, the lapse in appropriations requires a reduction in the workforce of the United States Attorney's Office, particularly with respect to defense of civil cases.

District courts have inherent power to stay proceedings. *Oregon Mut. Ins. Co. v. Ham & Rye, LLC*, 2010 WL 2787852, at *3 (W.D. Wash. July 14, 2010). The "power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Id.* (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). When deciding whether to issue a stay, courts weigh the "competing interests which will be effected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 254).

These factors weigh in favor of a stay. The Assistant United States Attorneys on this case and relevant support staff are furloughed for the duration of the lapse in appropriations and are unable to perform critical case work. Moreover, many of the personnel at the Department of Labor who provide essential assistance in this case are furloughed. This includes the Center Director for the Department of Labor's National Wages and Productivity Commission, who has served as a declarant in this case. *See* Dkt. ## 34, 52, 91, 186, 193. Defendants are unable to respond to motions and litigate this case with these critical personnel furloughed.

For these reasons, the parties request that the Court stay this case for the duration of the current lapse of appropriations. The parties further request that the stay be lifted automatically as soon as the lapse of appropriations to the agencies has ended, and that the clock begin to run on Defendants' deadline to respond to motions only once the stay is lifted. Plaintiff's position is that a lengthy stay would cause irreparable harm to Plaintiff and Washington farmworkers in the form of loss of ability to meet basic needs, and that an "emergency" may exist if the furlough becomes protracted.

Dated October 1, 2025.

Respectfully submitted,

| | |
|---|---|
| COLUMBIA LEGAL SERVICES<br><br>s/ Andrea Schmitt<br>ANDREA SCHMITT, WSBA #39759<br>JOACHIM MORRISON, WSBA #23094<br>BONNIE LINVILLE, WSBA #49361<br>E-Mail: andrea.schmitt@columbialegal.org<br>    joe.morrison@columbialegal.org<br>    bonnie.linville@columbialegal.org<br><br>BARNARD IGLITZIN & LAVITT LLP<br><br>s/ Kathleen Barnard<br>KATHLEEN PHAIR BARNARD<br>WSBA #17896<br>E-mail: barnard@workerlaw.com<br><br>FARMWORKER JUSTICE<br><br>s/ Lori Johnson<br>LORI JOHNSON<br>North Carolina State Bar Assn. #24227<br>E-mail: ljohnson@farmworkerjustice.org<br>*Admitted Pro Hac Vice*<br><br>EDWARD TUDDENHAM<br>s/ Edward Tuddenham<br>New York State Bar #2155810<br>E-mail: edwardtuddenham@gmail.com<br>*Admitted Pro Hac Vice*<br><br>*Counsel for Plaintiffs* | REBECCA S. COHEN<br>Acting United States Attorney<br><br>*s/ Annalisa L. Cravens*<br>Assistant United States Attorney<br>Western District of Washington<br>700 Stewart Street, Suite 5220<br>Seattle, Washington 98101-1271<br>Phone: (206) 553-7970<br>Email: annalisa.cravens@usdoj.gov<br><br>*Counsel for Defendants*<br><br>I certify this document contains 574 words, in compliance with the Local Civil Rules. |

**ORDER**

This case is stayed so long as the lapse in appropriations continues for the U.S. Departments of Justice or Labor. When funding resumes for both agencies, this stay automatically lifts. Within seven days of the lifting of the stay, the parties shall jointly propose a schedule to the Court regarding any pending motions.

It is so ORDERED.

Dated this 1st day of October, 2025.

_____
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE