Judge Chun

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO, a labor organization,<br><br>       Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF LABOR, and LORI CHAVEZ-DeREMER, in her official capacity as United States Secretary of Labor,<br><br>       Defendants. | CASE NO. C24-0637JHC<br><br>SIXTH DECLARATION OF LINDSEY BALDWIN |

  I, Lindsey Baldwin, make the following Declaration pursuant to 28 U.S.C. § 1746. I am over the age of 18 and at all times competent to testify as to the contents of this declaration. I am aware that this declaration will be filed with the United States District Court for the Western District of Washington and that it is the legal equivalent of a statement under oath.

  1.  I am employed with the United States Department of Labor's (Department) Employment and Training Administration's Office of Foreign Labor Certification (OFLC) as the Center Director of the National Prevailing Wage Center (the Center). I have served in this position since June 20, 2021. The Center is the component of OFLC that reviews prevailing wage surveys submitted by State Workforce Agencies (SWAs) and validates prevailing wage

SIXTH DECLARATION OF LINDSEY BALDWIN
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

findings for use in the H-2A program and Wagner-Peyser Act Employment Services system if applicable requirements and conditions are met. As the Center Director, part of my role is to make the final official determination on behalf of the Department as to the validation of prevailing wage rates that will be effective for the H-2A program based on the findings of prevailing wage surveys submitted by SWAs nationwide.

2. I have personal knowledge of the facts in this declaration.

3. On December 18, 2025, before signing this declaration, I was asked to examine a copy of a letter dated July 13, 2023, from Mr. Joachim Morrison (Morrison Letter) and the documents attached to said letter (Morrison Attachments). The only time I saw this letter was when I was preparing my Third Declaration for this case,[1] in which I stated that I had not seen the e-mail sent by Cheli Bueno transmitting the letter, nor had I seen the Morrison Letter before then.

4. I did not consider the Morrison Letter in making the decision to issue prevailing wage findings on the basis of the Washington's Employment Security Department's (ESD) 2022 wage survey.

5. I did consider Morrison Attachment Number 15 in the Index (Dkt. #86-1, at 9) only because that document was separately submitted to the Department by the Washington ESD in relationship to the 2022 wage survey.[2]

6. The Morrison Letter and Attachments, except the one that was separately submitted to the Department by the Washington ESD in connection to the 2022 wage survey, were never received nor considered, directly or indirectly, by me or anyone on my staff in relationship to the 2022 wage survey.

---

[1] Dkt. #91.
[2] The Morrison Attachment Number 15 is located at Dkt. 76-3, pages 1210-1215.

SIXTH DECLARATION OF LINDSEY BALDWIN
(Case No. C24-0637JHC)

7. Decisions to validate prevailing wage surveys are made internally based on the Department's review of the surveys to ensure conformity with the survey requirements set forth in the Department regulations.

8. SWAs are required to submit Form ETA-232, Domestic Agricultural In-Season Wage Report, with each completed survey. This form requires the SWA to report information about its survey methodology, which the Department uses to ensure that the SWA made a reasonable, good faith effort to contact all employers employing workers in the surveyed activity, or a randomized sample of such employers. Specifically, SWAs must explain how they determined the scope of the geographic area to survey, describe the source they used to identify surveyed employers, confirm how many employers were contacted, and confirm that the survey was independently conducted. In addition, SWAs are required to submit a copy of the survey instrument used, provide a summary of the data collected in the survey, and explain how employers were contacted.

9. After verifying that the SWA has submitted a compliant survey, the Department validates the data submitted by the SWA. The Department reviews the totality of the information submitted by the SWA, as described in paragraph 8 of this declaration to verify that the surveyor conducted the survey in good faith as required under 20 C.F.R. § 655.120(c)(1)(iv) and that the other methodological requirements are met under § 655.120(c)(1).

10. In the event that review of the submitted documents reveals incomplete or inconsistent information submitted by the SWA, the Department will contact the SWA to request additional clarifying information to ensure that the survey should be validated.

11. In fact, with regard to the 2022 wage survey submitted by the Washington ESD, the Department reached out to the Washington ESD for clarifying information. On May 7, 2024, the Department requested clarifying information via email about how the geographic area survey

SIXTH DECLARATION OF LINDSEY BALDWIN
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

was determined. The request also asked for information about specific surveys where the methodology was not clear, specifically with respect to how the predominant unit of pay was determined for the Apples, Fuji, Harvesting and Apples, Granny Smith, Harvesting surveys. Finally, the request asked for clarification on the submitted Form ETA-232 for Cherries, Red, Pruning, which reported a different predominant unit of pay than the unit of pay demonstrated by the submitted data from the survey. The Department also held a call with Washington ESD on June 6, 2024, to discuss these items and obtain the necessary clarification to validate the surveys.

12. If the data meets minimum requirements outlined at 20 C.F.R. § 655.120(c)(1)(vii)-(ix) based on the estimated universe of employers and workers covered by the survey, the Department publishes a prevailing wage rate. If the data does not meet the minimum requirements, the Department publishes a "No Finding" result.

13. Based on the Department's review of ESD's 2022 survey results as described above, it was my conclusion that the survey met the minimum requirements of the regulations and that ESD's conclusions were reliable. Accordingly, the decision was made to validate ESD's 2022 survey findings.

14. The Department neither solicits public comment nor considers public input in making prevailing wage validation decisions. To make its decisions, the Department only considers documentation and information submitted by the SWAs.

15. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 19th day of December, 2025, at Washington, D.C.

_____
LINDSEY BALDWIN
Center Director
National Prevailing Wage Center
Office of Foreign Labor Certification
Employment and Training Administration
United States Department of Labor

SIXTH DECLARATION OF LINDSEY BALDWIN
(Case No. C24-0637JHC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970