UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR; LORI CHAVEZ-DeREMER in her official capacity as United States Secretary of Labor,<br><br>Defendant. | CASE NO. 2:24-cv-00637-JHC<br><br>ORDER RE: PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD AND ADMIT EXTRA-RECORD EVIDENCE |

**I**

**INTRODUCTION**

This matter comes before the Court on Plaintiff Familias Unidas por la Justicia, AFL-CIO's Motion to Supplement the Administrative Record and Admit Extra-Record Evidence. Dkt. # 208. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. For the reasons below, the Court GRANTS the motion in part and DENIES it in part.

ORDER RE: PLAINTIFF'S MOTION TO
SUPPLEMENT THE RECORD AND ADMIT EXTRA-
RECORD EVIDENCE - 1

## II

### BACKGROUND

Under the H-2A agricultural visa program, employers may temporarily bring foreign workers into the United States.  8 U.S.C. § 1188.  Before an employer can obtain an H-2A visa for a foreign worker, the employer must apply for a certification from the U.S. Department of Labor (DOL) that there are not enough workers at the time and place to fulfill the employer's need, and that employment of a foreign worker "will not adversely affect the wages and working conditions of workers in the United States similarly employed."  *Id*. (a)(1)(A)-(B).  DOL regulations require H-2A employers to pay a wage that is either the Adverse Effect Wage Rate (AEWR) (a state-specific hourly minimum wage) or a prevailing wage rate.  20 C.F.R. § 655.120(a); 20 C.F.R. § 655.1300.

Because prevailing wages can include piece-rate wages (i.e., pay based on the amount of a crop harvested instead of the number of hours worked) and higher hourly rates of pay, DOL recognizes that prevailing wages "serve as an important protection for workers."  88 Fed. Reg. 12760, 12775 (Feb. 28, 2023).  Although DOL determines the AEWR, 20 C.F.R. § 655.1300, it delegates to state workforce agencies (SWAs)—in Washington this is done by the Employment Security Department (ESD)—the task of collecting data to calculate prevailing wage rates.  *See* 20 C.F.R. § 655.1300(c); Dkt. # 201 at 2.  SWAs follow DOL guidelines for this task and then submit the prevailing wage rates and the survey methods used to DOL for validation.  *See* 20 C.F.R. § 655.120(c); 87 Fed. Reg. 61660, 61679, 61689 (Oct. 12, 2022); Dkt. # 40 at 17-20.  DOL then issues new prevailing wage rates based on the SWAs surveys.  20 C.F.R. § 655.120(c).

Plaintiff is challenging, under the Administrative Procedure Act (APA), DOL's 2022 prevailing wage rules related to the H-2A program and the DOL's implementation of those rules

ORDER RE: PLAINTIFF'S MOTION TO
SUPPLEMENT THE RECORD AND ADMIT EXTRA-
RECORD EVIDENCE - 2

and regulations as they relate to the 2022 prevailing wage findings. Dkt. # 197. This case has a long procedural history. Of pertinence here, Plaintiff alleges DOL failed "to control for non-response bias in its employer survey data." Dkt. # 197 at 26. Plaintiff alleges that growers who employ agricultural workers through the H-2A program "are more likely to respond to the employer survey than non-H-2A employers" and "H-2A employers are likely to give statistically significantly different responses to the survey from the responses given by non-H-2A employers." *Id*. Plaintiff says that "DOL does not require ESD to control for this or any other form of non-response bias in its employer survey data." *Id*. Plaintiff claims that DOL's actions are arbitrary and capricious and contrary to law because it fails in its duty to prevent adverse effects on local wages, as required by 8 U.S.C. § 1188. See Dkt. # 197 at 36-37.

To prove these claims, Plaintiff brings the present motion (1) to supplement the administrative record, with a letter and its attachments sent July 13, 2023, via email by Joachim Morrison an attorney for Columbia Legal Group (Morrison Letter), (Dkt. # 71-2 at 1-6); and (2) to admit extra-record evidence in the form of the raw response data underlying the ESD survey and a report analyzing that data. *See* Dkt. # 208 at 1-2.

## III

### DISCUSSION

Under the APA, a court must invalidate "agency action, findings, and conclusions" that are "arbitrary, capricious . . . or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The Ninth Circuit has said,

> Review under the arbitrary and capricious standard "is narrow, and [the Court does] not substitute [its] judgment for that of the agency." Rather, [the Court] will reverse a decision as arbitrary and capricious only if the agency relied on factors Congress did not intend it to consider, "entirely failed to consider an important aspect of the problem," or offered an explanation that "runs counter to the evidence before the agency or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."

ORDER RE: PLAINTIFF'S MOTION TO
SUPPLEMENT THE RECORD AND ADMIT EXTRA-
RECORD EVIDENCE - 3

*Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc) (*quoting Earth Island Inst. v. U.S. Forest Serv.*, 442 F.3d 1147, 1156-57 (9th Cir. 2006)).  Review under the APA is generally limited to the administrative record.  *Lands Council v. Powell*, 395 F.3d 1019, 1029 (9th Cir. 2005).  When appropriate, the Court may supplement the administrative record or admit extra-record evidence; here, Plaintiff requests both.  *Id.* at 1029-30; s*ee* Dkt. # 208.

A.      Supplementing the Record: Morrison Letter

The APA requires the Court to "review the whole record," which means "all documents and materials directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the agency's position."  *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989) (emphasis in original).  "[B]arring 'clear evidence to the contrary,' [the Court] 'presume[s] that an agency properly designated the Administrative Record.'"  *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (quoting *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021)).

One way a moving party may overcome this presumption is by presenting "clear evidence" that the agency considered materials not included in the record.  *Goffney*, 995 F.3d at 748; *Portland Audubon Soc. v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993) (holding "supplementation" of the record proper where "the material the [moving parties] seek to have included in the record is material that allegedly was before the agency"); *see also In re United States*, 875 F.3d 1200, 1211-12 (9th Cir. 2017) (Watford, J., dissenting) (discussing circumstances justifying expansion of the administrative record, including where "there is evidence that the agency cherry-picked the materials it included by omitting factual information undermining the conclusions it reached"), *vacated on other grounds*, 583 U.S. 29 (2017).

Plaintiff says the Morrison letter and its attachments were considered by the agency because DOL had the letter before it published the wage rates on June 19, 2025.  Dkt. # 208 at 6-

ORDER RE: PLAINTIFF'S MOTION TO
SUPPLEMENT THE RECORD AND ADMIT EXTRA-
RECORD EVIDENCE - 4

7; *see* Dkt. # 201 at 5.  They also argue that because, during this litigation, one of DOL's primary decisionmakers, Lindsey Baldwin, testified to being aware of the letter and examining it on November 19, 2024—seven months before DOL published the wage rates—that DOL considered the letter.  *Id.*

Defendant responds that the letters were never considered by the agency, relying mostly on Baldwin's declarations saying such.  Dkt. # 7; *see* Dkt. # 227 at 2-3.  Defendant seeks to limit the definition of "consider" to "directly consider," but because the record must also include materials "indirectly considered" as well, "the critical inquiry is whether these letters were before the [agency] at the time of the decision."  *Thompson*, 885 F.2d at 555-56.

While the letter was neither addressed nor sent to Baldwin, it was addressed to the Office of Foreign Labor Certification (OFLC), which contains the center Baldwin directs.  Dkt. # 71-2 at 1; Dkt. # 227 at 1.  Also, in addition to others at DOL, it was directly addressed to Brian Pasternak who is "responsible for policy and regulatory oversight of OFLC's adjudication of applications for labor certification required for temporary and permanent employment-based immigration."  Dkt. # 21-2 at 1; Dkt. ## 36, 90.  Parties contest whether the letter made it to his inbox.  *Compare* Dkt. # 90 *with* Dkt. # 107.  Because the letter was sent before litigation, and DOL learned about the letter in this litigation but before it published the prevailing wage rates, it should have been included in the administrative record.

The Court heeds Defendant's warning that there is a risk of encouraging "artificially stock[ing]" the administrative record, but that is not what occurred here.  Dkt. # 226 at 8.  The letter was sent on July 12, 2023, nearly a year before litigation was brought.  *See* Dkt. # 1 (filed May 7, 2024).  The Court does not find that because Plaintiff ultimately brought litigation the materials that they presented to the agency *before* that litigation began should not appear in the record.  Such a failure to meaningfully consider materials presented is one of the reasons why

administrative decisions are reviewed by the court.  *See Portland Audubon Soc*, 984 F.2d at 1548 ("Indeed, where the so-called 'record' looks complete on its face and appears to support the decision of the agency but there is a subsequent showing of impropriety in the process, that impropriety creates an appearance of irregularity which the agency must then show to be harmless.").

The letter was sent to the Department responsible for the agency decision and directly to at least one decisionmaker on July 13, 2023.  DOL learned of the letter at the latest on November 19, 2024, during this litigation but still before publishing the prevailing wage rates.  This suffices to conclude the letter was "indirectly considered" by the agency and thus must be part of the administrative record.  *See Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) ("If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision. . . . To review less than the full administrative record might allow a party to withhold evidence unfavorable to its case, and so the APA requires review of 'the whole record.'") (collecting legislative history).  The request to supplement the administrative record with the Morrison letter and its attachments is granted.

B.    Extra-Record Evidence: Raw Data & Rutledge Report

"In limited circumstances, district courts are permitted to admit extra-record evidence"; the exception Plaintiff seeks to invoke is that the "admission is necessary to determine 'whether the agency has considered all relevant factors and has explained its decision.'"  *Lands Council v. Powell*, 395 F.3d at 1030 (*quoting Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir.1996)).  "[E]xceptions are narrowly construed and applied."  395 F.3d at 1030.  The moving party bears the burden to show why the extra-record evidence is necessary. *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010).

Early in this litigation, the Court allowed Plaintiff to engage in limited discovery of the raw, disaggregated survey response data to help determine whether DOL "considered all relevant factors" in its prevailing wage findings. *See* Dkt. # 88. Plaintiff now asks the Court to admit the data originally allowed discoverable and an accompanying report by Dr. Zachariah Rutledge (Rutledge Report), who examined this data and makes findings about its reliability. Dkt. # 208 at 8.

Defendants make no argument against admitting the raw response data (*see* Dkt. # 226 at 2, 8-12), and thus, for the reasons explained in the Court's previous order, the Court grants Plaintiff's request to admit the raw data for the limited purpose of determining whether DOL considered all relevant factors. Dkt. # 88 at 3-6.

That said, the Rutledge Report goes beyond what is "necessary to determine 'whether the agency has considered all relevant factors'" and instead seeks to re-analyze the data from Plaintiff's perspective. Contrary to Plaintiff's suggestion, this "context" is unnecessary for them to rely on the raw data if they seek to use it to show the agency did not consider all relevant factors. Dkt. # 208 at 12; *see Lands Council v. Powell*, 395 F.3d at 1030 ("Were the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that the federal courts would be proceeding, in effect, de novo rather than with the proper deference to agency processes, expertise, and decision-making."). Nor is the data so complex that it needs an expert to understand, if anything, the Rutledge Report introduces unnecessary complexity. *See* Dkt. # 208-1; Dkt. # 208-4. Plaintiff has not overcome the "heavy burden" of admitting extra-record materials as to the Rutledge Report. *See Fence Creek Cattle Co..*, 602 F.3d 1125, 1131 (9th Cir. 2010); *see* Dkt. # 201 at 27.

For this reason, the Court grants the request to admit extra-record evidence as to the raw data but denies the request as to the Rutledge Report.

## IV

### CONCLUSION

For these reasons, the Court GRANTS the motion in part and DENIES it in part. The Court grants the request to supplement the record with the Morrison letter and grants the request to admit extra-record evidence as to the raw response data contained in Dkt. # 208-1 for the limited purpose of determining whether DOL considered all relevant factors. But the Court denies the request as to the Rutledge Report.

Given the timing of this order, either or both parties may move for an extension of the March 1, 2026 dispositive motion deadline at Dkt. # 225 at 2.

Dated this 19th day of February, 2026.

John H. Chun
United States District Judge

ORDER RE: PLAINTIFF'S MOTION TO
SUPPLEMENT THE RECORD AND ADMIT EXTRA-
RECORD EVIDENCE - 8