UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO, a labor organization;<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF LABOR, and LORI CHAVEZ-DeREMER in her official capacity as United States Secretary of Labor,<br><br>Defendants. | No. 2:24-cv-00637-JHC<br><br>UNOPPOSED MOTION FOR ORDER PERMITTING FILING UNDER SEAL & ORDER<br><br>Note on Motion Calendar: November 20, 2026 |

Pursuant to Local Civil Rule 5(g) Familias submits this Unopposed Motion for Order Permitting Filing Under Seal, requesting that the Court enter an order to file the portions of Plaintiff's motion for reconsideration referencing the Report of Zachariah Rutledge, PhD (filed under seal at Dkt. #209-4) that also contain reference to the raw data filed under seal at Dkt. #209-1.

On March 17, 2025, this Court entered a Stipulated Limited Protection Order ("Protective Order") regarding documents produced by the Washington State Employment Security Department ("ESD"). Dkt. #142. The data previously filed under seal at Dkt. #209-1 were designated "attorney's eyes only" by ESD pursuant to § 2(b) of the Protective Order. In the previous stipulated motion to seal at Dkt #204, ESD stated that the documents contain information that ESD claims is private and confidential under the applicable law because (1) it was collected to analyze prevailing wages, and (2) it consists of sensitive business information. Dkt. #84 at 4-5. Further, ESD asserted this data must be protected because it was collected with assurances to respondents that the information contained therein would remain confidential. *Id*. Plaintiff did not concede that every aspect of the documents are confidential/attorneys-eyes-only, but Plaintiff did not contest that designation for the purposes of that motion.

Plaintiff now wishes to file under seal portions of its motion for reconsideration that explicitly reference data in previously sealed documents. Counsel for Plaintiff conferred by email with counsel for DOL on November 17 and 19, 2026, and DOL agreed to the sealing of portions of the motion.

Determining whether to seal a document requires the court to balance the competing interests of the public and those who benefit by keeping the document

private. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Compelling interests sufficient to justify sealing court records exist when the records "'might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The primary purpose of ESD's designation of confidentiality is to avoid public access to information through which individual survey respondents may be identified and their business or personal interests may be compromised. The individual responses include sensitive information from employers about their business practices. This information may provide businesses with competitors' seasonal schedules, wages, workforce sizes, and investments in particular commodity activities. This information is not generally known by or available to competitor businesses and is voluntarily provided to ESD with the understanding that it will be kept confidential.

Plaintiff cannot make its argument in the motion for reconsideration without reference to data available only in the previously sealed spreadsheet sealed, but it can redact only certain sentences in the motion and file the remainder publicly.

Counsel for the Defendants does not oppose this motion and agrees that the Court may make and enter the following order:

IT IS ORDERED that the portions of Plaintiff's motion for reconsideration that discuss data and report previously filed under seal at Dkt. ##209-1 and 209-4 shall be filed under seal.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 20th day of November, 2026.

CHARLES NEIL FLOYD
Acting United States Attorney

/s Brian Kipnis

BRIAN KIPNIS
Assistant United States Attorney
*Attorney for Federal Defendants*
E-mail: annalisa.cravens@usdoj.gov

COLUMBIA LEGAL SERVICES

s/ Andrea Schmitt
ANDREA SCHMITT, WSBA #39759
JOACHIM MORRISON, WSBA #23094
BONNIE LINVILLE, WSBA #49361
*Attorneys for Plaintiff*
E-Mail:
andrea.schmitt@columbialegal.org

joe.morrison@columbialegal.org

bonnie.linville@columbialegal.org

BARNARD IGLITZIN & LAVITT LLP

s/ Kathleen Barnard
KATHLEEN PHAIR BARNARD
WSBA #17896
*Attorney for Plaintiff*
E-mail: barnard@workerlaw.com

FARMWORKER JUSTICE

s/ Lori Johnson
LORI JOHNSON

North Carolina State Bar Assn. #24227
*Attorney for Plaintiff*
E-mail: ljohnson@farmworkerjustice.org
*Admitted Pro Hac Vice*

EDWARD TUDDENHAM
s/ Edward Tuddenham
New York State Bar #2155810
*Attorney for Plaintiff*
E-mail: edwardtuddenham@gmail.com
*Admitted Pro Hac Vice*

**ORDER BELOW**

//

//

//

//

//

//

//

//

**ORDER**

Upon consideration of the Plaintiffs' Unopposed Motion for Order Permitting Filing Under Seal, and based upon the representations and agreements therein, the Court is fully informed and grants the motion.

IT IS ORDERED that the portions of Plaintiff's motion for reconsideration that discuss data and report previously filed under seal at Dkt. ##209-1 and 209-4 shall be filed under seal.

DATED this 23rd day of November, 2026.

John H. Chun

John H. Chun
United States District Judge