UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAMILIAS UNIDAS POR LA JUSTICIA, AFL-CIO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR; KEITH E. SONDERLING in his official capacity as United States Secretary of Labor,<br><br>Defendants. | CASE NO. 2:24-cv-00637-JHC<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion to Reconsider Order on Motion for Summary Judgment. Dkt. 251. The Court has considered the motion, the rest of the file, and the governing law. For the reasons below, the Court DENIES the motion. Dkt. 251.

"Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1).

Plaintiff says the Court committed clear error in two ways. Dkt. 251 at 3 (citing *School Dist. No. 1J, Multnomah County, Or. V. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). It says the Court "(1) failed to rule on Familias's claim that DOL acted contrary to law when it approved H-2A contracts offering only the AEWR for harvest work protected by a prevailing wage; and (2) ruled that DOL did not act arbitrarily, capriciously, or contrary to law when it certified prevailing wage rates and 'no findings' based on surveys tainted with unlawful submarket-wage data." Dkt. 251 at 1-2. The Court considers both.

First, the Court did not fail to consider Plaintiff's challenge to the approval of AEWR-only job orders. The Court questioned if Plaintiff had abandoned this claim based on the briefing before it, but separately found, "Plaintiff lacks standing to seek declaratory relief that 'seeks not remediation of its own injury . . . but vindication of the rule of law.'" Dkt. 249 at 31, n.18 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 106-07 (1998)); *see also* Dkt. 165 at 34 (requesting relief from the Court to "declare that DOL's approval of job orders that failed to unequivocally offer the applicable prevailing piece rates for 2025 harvest activities covered by a prevailing piece rate ('AEWR-only' job orders) violated 20 CFR § 655.120(a) (2024) and § 655.120(a) (2010) as interpreted by the Ninth Circuit in *Torres Hernandez*.").[1]

Second, Plaintiff essentially asks the Court to reconsider its AEWR finding related to DOL's approval of "no findings" in the 2022-survey results. Dkt. 251 at 6-9. Plaintiff purports to see a conflict between the Court's determination on the merits that Plaintiff "has not provided

---

[1] Plaintiff says the Court "incorrectly concluded that Familias abandoned its challenge to the approval of AEWR-only job orders in 2024 and 2025." Dkt. 251 at 4 (italics omitted). In taking this position, Plaintiff seeks to re-write its original brief, which states only that DOL "acted contrary to law (8 U.S.C. § 1188) when it approved AEWR-only job orders for the 2025 harvest season" and later seeks relief only related to the 2025 job orders. Dkt. 165 at 27, 34. Plaintiff's first round of briefing, which they now say brought a challenge to the approval of AEWR-only job orders in 2024 and 2025, makes no mention of the 2024 job orders. See Dkt. 165 at 25-27; Dkt. 187 at 18-20. The Court cannot fail to consider what is not before it.

sufficient support" for its AEWR-only position, Dkt. 249 at 33-34, with the Court's previous order denying in part Plaintiff's Motion to Supplement the Administrative Record with the Rutledge Report, Dkt. 231 at 6-7. Dkt. 251 at 8. But there is no error in requiring Plaintiff to support its position with a showing in the administrative record. *See Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cit. 2005) ("Were the federal courts routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that the federal courts would be proceeding, in effect, de novo rather than with the proper deference to agency processes, expertise, and decision-making."). In considering the Motion to Supplement the Administrative Record, the Court allowed the raw response data but found that "the Rutledge Report goes beyond what is 'necessary to determine "whether the agency has considered all relevant factors"' and instead seeks to re-analyze the data from Plaintiff's perspective." Dkt. 231 at 7 (quoting *Lands Council*, 395 F.3d at 1030). In the summary judgment briefing, with the full administrative record and the raw response data, Plaintiff had a chance to make a showing to the Court; Plaintiff's failure to make that showing is not error on the Court's part.

For these reasons, the Court DENIES Plaintiff's Motion for Reconsideration. Dkt. 251.

Dated this 24th day of November, 2026.

John H. Chun

John H. Chun
United States District Judge